UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JENIECE ILKOWITZ and ADAM ILKOWITZ,

      Plaintiffs,

-against-

MICHAEL DURAND, MARLENE ZARFES a/k/a MARLENE DURAND, ALAN C. PILLA, HOULIHAN LAWRENCE, INC., JANE H. CARMODY, THE JUDICIAL TITLE INSURANCE AGENCY LLC, and ENCO HOME INSPECTIONS LLC.

      Defendants.

-----------------------------------------------------------------------X

ECF Case

Civil Action No.: 1:17-cv-773

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Jeniece Ilkowitz and Adam Ilkowitz (together "Plaintiffs"), for their Complaint against Michael Durand, Marlene Zarfes a/k/a Marlene Durand, Alan C. Pilla, Houlihan Lawrence, Inc., Jane H. Carmody, the Judicial Title Insurance Agency LLC, and ENCO Home Inspections LLC (together "Defendants") allege as follows:

## NATURE OF THE ACTION

1.     This is an action for violations of the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq.*, fraudulent and negligent misrepresentation, concealment, and inducement, negligence, and breach of contract.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as said action is one arising under a violation of 42 U.S.C. § 4852d.

{02194110 / 3}

1

3. Supplemental jurisdiction of all other claims asserted in the instant action is conferred on this Court pursuant to 28 U.S.C. § 1367 as said claims are so related to the claim for which this Court has original jurisdiction they form part of the same case and/or controversy.

4. Venue is proper case pursuant to 28 U.S.C. § 1391 as said action has been filed in the same judicial district where Plaintiffs and a Defendant resides, where the property that is the subject of the action is situated and where the events and/or omissions giving rise to said action occurred.

**PARTIES**

5. Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz, husband and wife, are citizens and residents of New York residing at 498 Manor Lane, Pelham, New York 10803.

6. Upon information and belief, Defendants Michael Durand and Marlene Zarfes a/k/a Marlene Durand (together "Durand Defendants"), husband and wife, are citizens and residents of New York residing at 16 Terrace Park Lane, New Rochelle, New York 10805.

7. Upon information and belief, Defendant Houlihan Lawrence, Inc. is a New York domestic corporation, with a principal place of business in the State of New York. Defendant Houlihan Lawrence, Inc. was an agent of the Durand Defendants as defined under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq.*, and subsequent regulations under 24 C.F.R. § 35.

8. Upon information and belief, Defendant Jane H. Carmody is an associate real estate broker for the real estate brokerage firm and Defendant Houlihan Lawrence, Inc., with a place of business located at 1 Pelhamwood Avenue, Pelham, New York 10803. Defendant Jane H. Carmody and Houlihan Lawrence, Inc. was an agent of the Durand Defendants as defined under

the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq*, and subsequent regulations under 24 C.F.R. § 35.

9.      Upon information and belief, defendant Alan C. Pilla is an attorney licensed to practice in the State of New York with a principal place of business located at 107 Lake Avenue, Tuckahoe, New York 10707.  Defendant Alan C. Pilla was an agent of the Durand Defendants as defined under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq*, and subsequent regulations under 24 C.F.R. § 35.

10.     Upon information and belief, Defendant the Judicial Title Insurance Agency LLC is a New York domestic limited liability company, with a principal place of business located at 800 Westchester Avenue, Suite 340, Rye Brook, New York, 10574.

11.     Upon information and belief, Defendant ENCO Home Inspections LLC is a New York domestic limited liability company, with a principal place of business located at 127 South Broadway, Nyack, New York 10960 and New York Department of State process address of c/o McCarthy & Kelly LLP, 350 Broadway, New York, New York 10007.

## FACTS

12.     On March 9, 2015, Plaintiffs, as purchasers, entered into a residential contract of sale with Durand Defendants, as sellers, and Defendants Alan C. Pilla, Jane H. Carmody and Houlihan Lawrence, Inc. as agents of the Durand Defendants, for the purchase of a residential home located at 498 Manor Lane, Pelham, New York 10803 (the "Property").  As part of the contract of sale and closing, Defendant Judicial Title Insurance Agency LLC performed a title search of the Property and Defendant ENCO Home Inspections LLC performed an environmental inspection of the Property.  No specific history or presence of lead in the Property was found.

{02194110 / 3}

13. Unknown to Plaintiffs, at the time of the residential contract of sale, the Property had been cited on more than one occasion for lead contamination by the Westchester County Department of Health (the "Westchester DOH"). On March 30, 2001, the Westchester DOH cited the Property in a letter addressed to the Durand Defendants for lead contamination and levels exceeding the Westchester DOH's guidelines, a violation of Westchester DOH's environmental regulations. In follow-up inspections, and in direct communications to the Durand Defendants, the Westchester DOH found that the Property was not in compliance with residential lead contamination laws and regulations. The Westchester DOH memorialized these finding in letters and reports addressed directly to the Durand Defendants. These letters and reports are public records and are available to the public through standard public records requests. The letters and reports, as received directly from the Westchester DOH, are attached hereto as **Exhibit A**.

14. As such, Defendants had actual knowledge, or reasonably should have known, of the past and present presence of lead in the Property prior to, and at the time of, the residential contract of sale for the Property.

15. On or about March 6, 2015, the Durand Defendants signed and certified the Disclosure of Information on Lead-Based Paint and/or Lead-Based Pain Hazards form as part of the residential contract of sale for the Property. Specifically, the Durand Defendants certified to Plaintiffs that they have "no knowledge of lead-based paint and/or lead-based paint hazards in the [Property]" and that "[the Durand Defendants have] no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the [Property]." On March 6, 2015, the Durand Defendants signed the form's Certification of Accuracy, as part of the contract of sale for the Property, stating that they "have reviewed the information above and certify, to the best of their knowledge, that the information they have provided is true and accurate."

16. In addition, as agents of the Durand Defendants, Defendants Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, were required to initial and acknowledge on the form that "[they] [have] informed the seller of the seller's obligations under 42 U.S.C. § 4852(d) and [are] aware of [their] responsibility to ensure compliance." Upon information and belief, Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla, as the Durand Defendants' agents, did not initial or make the required acknowledgement.

17. The Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards form, as included in, and a part of, the contract of sale, is attached hereto as **Exhibit B**.

18. As evidenced by the specific lead contamination findings and reports addressed directly to the Durand Defendants and attached hereto, the Durand Defendants knowingly failed to disclose as part of the contract of sale the fact that the Property had been cited for and/or currently contained dangerous amounts of lead.

19. Plaintiffs did not know of the fact that the Property had been cited for and/or currently contained dangerous amounts of lead until after the purchase of the Property. This fact was material, as had Defendants disclosed the fact that the Property had been cited for and/or currently contained lead and lead hazards, the Plaintiffs would not have purchased the Property from the Durand Defendants pursuant to contract of sale.

20. Following discovery of the Property's lead contamination, and concerned about the very wellbeing, health, and safety of their family, Plaintiffs had their infant child, Rena Ilkowitz, born October 6, 2014, tested for the presence of lead in her blood. Rena tested positive for lead.

21.     Soon thereafter, in the interest of their family's health, Plaintiffs began taking steps to remediate the lead in the Property, including but not limited to, costly repairs and maintenance to the Property.

**FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C. § 4852d)**
**(Durand Defendants, Alan C. Pilla, Houlihan Lawrence, Inc., and Jane H. Carmody)**

22.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 21, as if fully set forth herein.

23.     The Property was constructed and erected before 1978 and is a target housing as defined under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq*, and subsequent regulations under 24 C.F.R. § 35.

24.     The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, knew the Property was constructed before 1978.

25.     At all times mentioned herein, Defendants Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla were agents of the Durand Defendants for the purchase of the Property as defined under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq*, and subsequent regulations under 24 C.F.R. § 35.

26.     The disclosure of information concerning lead upon transfer of residential property, 42 U.S.C. § 4852d, and subsequent obligations under 24 C.F.R. § 35.94, required Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, to "ensure compliance" with requirements of 42 U.S.C. § 4852d and the regulations promulgated thereto.

27.     The disclosure of information concerning lead upon transfer of residential property, 42 U.S.C. § 4852d, and subsequent obligations under 24 C.F.R. § 35, subjected the Durand

Defendants, as sellers, and Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, to make specific lead disclosure requirements for the Property.

28.     Moreover, 42 U.S.C. § 4852d, and subsequent obligations under 24 C.F.R. § 35.92(a)(3) required the Durand Defendants must disclose to the Plaintiffs in the contract of sale "[a] list of any records or reports available to the seller pertaining to lead-based paint and/or lead-based paint hazards in the housing that have been provided to the purchaser."

29.     The Durand Defendants, as sellers, and Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, knew or should have known of the presence of any lead-based paint, or any lead-based paint hazards in the Property.

30.     The Durand Defendants, as sellers, and Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, failed to make the required disclosures for the Property under 42 U.S.C. § 4852d, specifically failing to "disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards, in such housing and provide the purchaser or lessee any lead hazard evaluation report available to the seller or lesser" and provide any and all "reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing" in direct violation of 42 U.S.C. § 4852d.

31.     During the process of the Durand Defendants' sale of the Property, Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, failed to ensure that the Durand Defendants made the required disclosures for the Property under 42 U.S.C. § 4852d, specifically failing to "disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards, in such housing and provide the purchaser or lessee any lead hazard evaluation report available to the seller or lesser" and provide any and all

"reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing" in direct violation of 42 U.S.C. § 4852d.

32. The Durand Defendants, as sellers, and Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, failure to make the disclosures of known lead-based paint, or any known lead-based paint hazards to the Property was a direct violation of 42 U.S.C. § 4852d.

33. Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla as the Durand Defendants' agents, failure to ensure the Durand Defendants' compliance with requirements of 42 U.S.C. § 4852d and the regulations promulgated thereto, was also a direct violation of 42 U.S.C. § 4852d.

34. As a direct and proximate result of the failure of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, to ensure compliance and disclose the presence of any lead-based paint, or any lead-based paint hazards in the Property, Plaintiffs suffered damages for past and future costly remediation costs to remove and replace lead-based paint and lead contamination from the Property, as well as other associated property maintenance and repairs, medical expenses, greater property, mortgage recording, and title insurance taxes, mortgage overpayment, and the difference in value of the property as represented and what it actually was worth, among other damages, in amounts to be proven at trial.

35. WHEREFORE, Plaintiffs ask this Honorable Court to grant judgment to them and against the Durand Defendants, Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla in an amount to be determined at trial, plus treble damages pursuant to 42 U.S.C. § 4852d(b)(3), plus statutory costs, including but not limited to attorneys' fees, pursuant to 42 U.S.C. § 4852d(b)(4).

**SECOND CAUSE OF ACTION**
(Negligent Misrepresentation or Concealment)
(Durand Defendants, Alan C. Pilla, Houlihan Lawrence, Inc., and Jane H. Carmody)

36.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35, as if fully set forth herein.

37.     In inducing Plaintiffs to execute the contract of sale to purchase the Property, and to proceed to closing on the contract of sale, the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, made misrepresentations of material facts and/or engaged in the concealment or nondisclosure of material facts necessary for their statements not to be false or misleading, in concealing from Plaintiffs any known lead-based paint, or any known lead-based paint hazards in the Property, and specifically certifying that they have "no knowledge of lead-based paint and/or lead-based paint hazards in the [Property]" and that "[the Durand Defendants have] no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the [Property]."

38.     The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, failed to exercise reasonable care in making these misrepresentations and/or engaging in these concealments or nondisclosure, in view of the fact that Plaintiffs were unaware of any known lead-based paint, or any known lead-based paint hazards in the Property, which was not readily observable or apparent to Plaintiffs.

39.     The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, knew or in the exercise of reasonable care should have

known, presence of any known lead-based paint, or any known lead-based paint hazards in the Property.

40. The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, knew or in the exercise of reasonable care should have known, that Plaintiffs were unaware of the presence of any known lead-based paint, or any known lead-based paint hazards in the Property, and that Plaintiffs would reasonably rely upon these misrepresentations and/or concealments or nondisclosures in executing the contract of sale to purchase the Property and to proceed to closing on the Property.

41. The misrepresentations and/or concealments or nondisclosures of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, concerned presently existing facts which were material to the decisions of Plaintiffs to execute the contract of sale to purchase the Property and to proceed to closing on the Property.

42. The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, had a duty to disclose the existence of the presence of any known lead-based paint, or any known lead-based paint hazards in the Property to Plaintiffs.

43. In violation of their aforesaid duty, the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, carelessly and negligently failed to disclose the presence of any known lead-based paint, or any known lead-based paint

hazards in the Property to Plaintiffs, and induced Plaintiffs to execute the contract of sale to purchase the Property and to proceed to closing on the Property.

44.     Plaintiffs justifiably relied upon the misrepresentations and/or concealments or nondisclosures of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, in concluding that there was no known lead-based paint, or any known lead-based paint hazards in the Property and, therefore, executed the contract of sale to purchase the Property and to proceed to closing on the Property.

45.     As a direct and proximate result of the misrepresentations and/or concealments or nondisclosures of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, regarding the presence of any lead-based paint, or any lead-based paint hazards in the Property, Plaintiffs have been injured in that they purchased a home materially different from that which was represented to them, to wit, a property containing lead which poses a significant risk to the health of Plaintiff and Plaintiff's family.  Moreover, Plaintiffs suffered damages for past and future costly remediation costs to remove and replace lead-based paint and lead contamination from the Property, as well as other associated property maintenance and repairs, medical expenses, greater property, mortgage recording, and title insurance taxes, mortgage overpayment, and the difference in value of the property as represented and what it actually was worth, among other damages, in amounts to be proven at trial.

46.     WHEREFORE, Plaintiffs ask this Honorable Court to grant judgment to them and against the Durand Defendants, Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla in an amount to be determined at trial, plus costs.

{02194110 / 3}

## THIRD CAUSE OF ACTION
### (Fraudulent Misrepresentation, Concealment, and Inducement)
### (Durand Defendants, Alan C. Pilla, Houlihan Lawrence, Inc., and Jane H. Carmody)

47. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41, as if fully set forth herein.

48. In inducing Plaintiffs to execute an agreement of sale to purchase the Property and proceed to closing on said agreement, the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, made misrepresentations of material facts and/or engaged in the deliberate concealment or nondisclosure of material facts necessary for their statements not to be false or misleading, in concealing their knowledge of lead and/or lead hazards in the property and the actual or potential problems posed to residents of the property.

49. The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, made these representations and/or engaged in these concealments or nondisclosures, knowing that Plaintiffs were unaware of the environmental, healthy, and safety hazards associated with the lead contamination and not even aware of its existence, and that the lead contamination and associated risks were not readily observable by Plaintiffs. The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, acted with the intention that Plaintiffs would rely upon these misrepresentations and/or concealments or nondisclosures in executing an agreement of sale to purchase the Property and in proceeding to closing on this agreement.

50. The misrepresentations and/or concealments or nondisclosures of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, concerned presently existing facts which were material to the decisions of Plaintiffs to execute an agreement of sale to purchase the Property and to proceed to closing on said agreement.

51. The Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, by their intentional misrepresentations and/or deliberate and fraudulent concealments or nondisclosures, jointly and severally, induced Plaintiffs to execute an agreement of sale to purchase the Property, to proceed to closing on said agreement, and/or lulled Plaintiffs into the said agreement.

52. Plaintiffs justifiably relied upon the misrepresentations and/or concealment or nondisclosures of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, in concluding that there were no health, environmental hazards, and/or property value issues in executing the agreement of sale and proceeding to closing on said agreement.

53. As a direct and proximate result of the fraudulent misrepresentations and/or concealments or nondisclosures of the Durand Defendants, as sellers, and Houlihan Lawrence, Inc. and Jane H. Carmody, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, of the presence of any lead-based paint, or any lead-based paint hazards in the Property, Plaintiffs suffered damages for past and future costly

remediation costs to remove and replace lead-based paint and lead contamination from the Property, as well as other associated property maintenance and repairs, medical expenses, greater property, mortgage recording, and title insurance taxes, mortgage overpayment, and the difference in value of the property as represented and what it actually was worth, among other damages, in amounts to be proven at trial.

54. WHEREFORE, Plaintiffs ask this Honorable Court to grant judgment to them and against the Durand Defendants, Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla in an amount to be determined at trial, plus costs.

### FOURTH CAUSE OF ACTION
**(Breach of Contract)**
**(Durand Defendants)**

55. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49, as if fully set forth herein.

56. On March 9, 2015, Plaintiffs, as purchasers, entered into a residential contract of sale with Durand Defendants, as sellers, for the Property.

57. The Durand Defendants agreed to execute and deliver good and sufficient deed of general warranty plus marketable title and sell the Property to the Plaintiffs pursuant to the contract of sale, and disclose and produce all information and documents on the Property, including the information and documents concerning knowledge of the presence of lead, pursuant to the terms of the contract of sale.

58. Plaintiffs have fulfilled and satisfied all conditions of the contract of sale.

59. The Durand Defendants breached the contract of sale, including, but not limited to, failing to disclose material facts of the Property prior to the execution of the contract of sale per the specific terms and assurances of the contract of sale. Specifically, the Durand Defendants

breached the contract of sale by failing to disclose all information and reports concerning the presence of lead in the Property.

60. As a direct and proximate result of the Durand Defendant's breach of the contract of sale, Plaintiffs suffered damages for past and future remediation costs to remove and replace lead-based paint and lead contamination from the Property, as well as other associated property maintenance and repairs, medical expenses, greater property, mortgage recording, and title insurance taxes, mortgage overpayment, and the difference in value of the property as represented and what it actually was worth, among other damages, in amounts to be proven at trial.

61. WHEREFORE, Plaintiffs ask this Honorable Court to grant judgment to them and against the Durand Defendants, Houlihan Lawrence, Inc., Jane H. Carmody, and Alan C. Pilla in an amount to be determined at trial, plus costs.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
**(All Defendants)**

62. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49, as if fully set forth herein.

63. Defendants, individually or by and through their agents, servants, and/or employees, were charged with the duty of ensuring the Property adhered to the contract of sale and was not in defective or hazardous condition, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards in the Property, which they inspected, performed contracted title and background searches, made warranties regarding the Property as part of the sale of the Property, or participated in the sale of the Property.

64. Defendants had sufficient time and notice to detect said defective or hazardous conditions, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards in the Property and neglected to do so.

65. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered damages for past and future costly remediation costs to remove and replace lead-based paint and lead contamination from the Property, as well as other associated property maintenance and repairs, medical expenses, greater property, mortgage recording, and title insurance taxes, mortgage overpayment, and the difference in value of the property as represented and what it actually was worth, among other damages, in amounts to be proven at trial.

66. The aforesaid occurrence was caused solely and wholly by reason of the negligence of Defendants, and each of them, and by and through their agents, servants, and/or employees, in the ownership, operations, control, care, custody, charge, supervisions, management, reporting, and inspection of the Property; in causing, creating, permitting, and/or allowing a dangerous, hazardous, defective, and unlawful condition to be, continue, and remain in the Property without disclosure; in failing to give Plaintiffs herein any notice, warning, or mandated disclosure of the dangerous conditions or past or current presence of dangerous conditions as set forth herein, in failing to reasonably inspect the Property as to ascertain the herein above referenced conditions, and in failing to reasonably search and find above referenced conditions and documents concerning the Property and title; in violating the applicable and pertinent rules, regulations, statutes, and/or codes of the Residential Lead-Based Paint Hazard Reduction Act; in causing, creating and allowing a dangerous condition to exist in the Property; in failing and neglecting to take the necessary and requisite steps to disclose or prevent this foreseeable occurrence, although

Defendants, and each of them, knew or reasonably should have known of the conditions complained herein.

67. WHEREFORE, Plaintiffs ask this Honorable Court to grant judgment to them and against Defendants in an amount to be determined at trial, plus costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment in his favor and against Defendants, jointly and severally, as follows:

a. Compensatory damages against all Defendants, jointly and severally, including but not limited to remediation costs, property maintenance and repairs, medical expenses, greater property, mortgage recording, and title insurance taxes, mortgage overpayment, and the difference in value of the property as represented and what it actually was worth;

b. Statutory damages, including treble damages pursuant to 42 U.S.C. § 4852d(b)(3);

c. Costs, expenses, attorneys' fees, expert fees, and interest pursuant to 42 U.S.C. § 4852d(b)(4);

d. Injunctive relief as the Court may approve; and

e. Any other appropriate relief in law or equity as the law may allow.


Dated: New York, New York
       February 1, 2017

                                    MESSNER REEVES LLP

                              By:   __/s/ Benjamin S. Lowenthal___
                                    Jean-Claude Mazzola
                                    Benjamin S. Lowenthal
                                    *Attorneys for Plaintiffs*
                                    805 Third Avenue, 18th Floor

{02194110 / 3}

                New York, New York 10022
                Tel.:   (646) 663-1860
                Fax:   (646) 663-1895
                blowenthal@messner.com

{02194110 / 3}