UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENIECE ILKOWITZ and ADAM ILKOWITZ,

Plaintiffs,

-against-

MICHAEL DURAND, MARLENE ZARFES a/k/a MARLENE DURAND, ALAN C. PILLA, HOULIHAN LAWRENCE, INC., JANE H. CARMODY, THE JUDICIAL TITLE INSURANCE AGENCY LLC, and ENCO HOME INSPECTIONS LLC,

Defendants.

Civil Action No.
1:17-cv-773-PGG

**MEMORANDUM OF LAW IN SUPPORT OF JUDICIAL TITLE'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**ADAM LEITMAN BAILEY, P.C.**
*Attorneys for Defendant The Judicial Title Insurance Agency LLC*
One Battery Park Plaza, 18th Floor
New York, New York 10271
Tel: 212.825.036

# TABLE OF CONTENTS

**Page**

Table of Authorities ..... ii

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 3

Plaintiffs' Allegations Regarding the Purchase of the Property ..... 3

The Title Search and Title Policy ..... 4

ARGUMENT ..... 7

I. Plaintiffs' Complaint Must Be Dismissed Against Judicial Title For Failure To State A Claim For Relief ..... 7

A. Standard of Review ..... 7

B. Plaintiffs' Claim For Negligence Against Judicial Title Is Barred Because the Certificate of Title Merged With the Policy ..... 9

C. Plaintiffs' Negligence Claim Fails as a Matter of Law Because Judicial Title Did Not Owe Plaintiffs Any Duty to Search For Lead-Based Paint ..... 10

II. The Co-Defendants' Cross-Claims Must Be Dismissed for Failure to State a Claim for Relief ..... 11

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 7, 8

*BNP Paribas Mortgage Co. v. Bank of America, N.A.*, 866 F. Supp. 2d 257 (S.D.N.Y. 2012) .......... 12

*Brucha Mortgage Bankers Corp. v. Nations Title Insurance of New York, Inc.*, 275 A.D.2d 337 (2d Dep't 2000) .......... 10

*Charlery v. Department of Education of the City of New York*, 2017 WL 2124447 (S.D.N.Y. May 15, 2017) .......... 8

*Citibank, N.A. v. Chicago Title Insurance Company*, 214 A.D.2d 212 (1st Dep't 1995) .......... 9, 11

*Harris v. Mills,* 572 F.3d 66 (2d Cir. 2009) .......... 7, 8

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) .......... 8

*Hernandez v. Coffey*, 582 F.3d 303 (2d Cir. 2009) .......... 8

*L. Smirlock Realty Corp. v. Title Guarantee Co.*, 70 A.D.2d 455 (2d Dep't 1979), *affirmed on other grounds*, 52 N.Y.2d 179 (1981) .......... 9

*Luina v. Katharine Gibbs School New York, Inc.*, 37 A.D.3d 555 (2d Dep't 2007) .......... 10

*In re Thakur*, 498 B.R. 410 (S.D.N.Y. 2013) .......... 9

*TIMAC Realty v. G & E Tremont LLC*, 121 A.D.3d 457 (1st Dep't 2014) .......... 9, 11

**Statutes and Court Rules**

42 U.S.C. § 4851 *et seq.* .......... 1

Fed. R. Civ. P. 12(b)(6) .......... 7

Fed. R. Civ. P. 12(d) .......... 3, 8

Fed. R. Civ. P. 56 .......... 3

N.Y. Insurance Law § 6401 .......... 10

## PRELIMINARY STATEMENT

According to the Complaint, Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz ("Plaintiffs") purchased a property located at 498 Manor Lane, Pelham, New York 10803 (the "Property") from Defendants Michael Durand and Marlene Zarfes (the "Durand Defendants"). *See* Compl. ¶ 12.[1] As alleged in the Complaint, the Durand Defendants, together with various parties who are alleged to be "agents" of the Durand Defendants, are liable under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4851 *et seq.*, because they did not disclose that the Property had previously been cited for lead contamination by the Westchester County Department of Health. *See* Compl. ¶ 13. As against Defendant The Judicial Title Insurance Agency LLC ("Judicial Title"), the Complaint asserts a single cause of action for negligence based on allegations that a title search did not reveal a specific history or presence of lead at the Property. *See* Compl. ¶¶ 12, 13 62-67.

Judicial Title issued a policy of title insurance to Plaintiffs (the "Policy") as agent for First American Title Insurance Company. Before issuing the Policy, Judicial Title performed a title search that was provided to Plaintiffs. "Schedule B" to the title search listed matters that would be exceptions from coverage unless disposed of to Judicial Title's satisfaction prior to the closing or delivery of the Policy. Schedule B expressly stated that "[a]ll municipal departmental searches are not insurable items and [Judicial Title] assumes no liability for the accuracy." In addition, the accompanying title search results expressly disclosed that (1) municipal health department records were not searched; (2) the subject property had no Building Department or Fire Department violations; and (3) "This report is submitted for information purposes only.

[1] A copy of Plaintiffs' Complaint filed on February 1, 2017 ("Compl."), is annexed as Exhibit 1 to the accompanying Declaration of Vincent Morano dated June 1, 2017, and also as Exhibit 1 to the accompanying Declaration of Scott J. Pashman dated June 1, 2017.

There are no intended third party beneficiaries. No liability is assumed."

Prior to closing, Judicial Title certified to Plaintiffs that the Durand Defendants may convey good and marketable title to the subject property. It is undisputed that Plaintiffs received good and marketable title to the Property. The Certificate of Title expressly provided that (1) "Any claim arising by reason of the issuance hereof shall be restricted to the terms and conditions of the standard form of title insurance policy"; (2) "This certificate is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall be issued by this company"; and (3) "When municipal department searches are requested or required, the accuracy of the returns therein are not guaranteed nor are such searches continued beyond the date of the original search."

Plaintiffs' negligence claim against Judicial Title must be dismissed because under New York law, when a title policy has issued, there can be no liability for the search, whether asserted in tort or contract. Where, as here, the certificate of title has merged in the subsequently issued title insurance policy, any action for damages arising out of the search whether sounding in tort or contract is foreclosed. Furthermore, no duty of care to home purchasers arises from the title search.

In addition, lead-based paint claims are not a covered risk under the Policy. In the history of New York law, there has been no case where a title insurer, title agent, or title abstractor was held liable for negligence as a result of a title search failing to reveal lead-based paint. In addition, there is no statute or regulation that requires a title insurer to search for or insure against a lead-based claim.

For these reasons, Plaintiffs' purported negligence claim against Judicial Title fails and must be dismissed. The Court should also dismiss the cross-claims asserted by the Durand Defendants and Defendants Houlihan Lawrence Inc. ("Houlihan Lawrence") and Jane H. Carmody ("Carmody") for indemnification and/or contribution. Judicial Title had no contractual privity with those parties; did not certify title to those parties; and expressly disclaimed any liability to third party beneficiaries arising from municipal search results contained in the title report.

Because this motion by Judicial Title refers to matters outside the pleadings, we respectfully request that the motion be treated as a motion for summary judgment in accordance with Fed. R. Civ. P. 12(d) and 56.

## STATEMENT OF FACTS

### Plaintiffs' Allegations Regarding the Purchase of the Property

The Complaint alleges that on March 9, 2015, Plaintiffs entered into a residential contract of sale with the Durand Defendants, and Defendants Alan C. Pilla, Carmody and Houlihan as agents of the Durand Defendants, to purchase the Property. *See* Compl. ¶ 12. The Complaint further alleges that Judicial Title performed a title search of property as part of the contract of sale and closing. *See* Compl. ¶ 12.

According to the Complaint, on or about March 6, 2015, the Durand Defendants signed and certified the Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards form – indicating that they had no knowledge of any lead-based paint and/or lead-based paint hazards in the Property – as part of the residential contract of sale for the Property. *See* Compl. ¶ 15. The Houlihan Defendants, as the Durand Defendants' real estate broker agents, and Alan C. Pilla as the Durand Defendants' real estate attorney and agent, did not initial or

acknowledge on the Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards form. See Compl. ¶ 16.

Plaintiffs allege that "the Durand Defendants knowingly failed to disclose as part of the contract of sale the fact that the Property had been cited for and/or currently contained dangerous amounts of lead." *See* Compl. ¶ 18. Moreover, Plaintiffs claim that they would not have purchased the Property had they known that the Property was cited for and/or currently contained lead and lead hazards. *See* Compl. ¶ 19.

According to the Complaint, the subject property had been cited for lead contamination by the Westchester County Department of Health (the "DOH") and the DOH memorialized those findings in letters and reports that were addressed to the Durand Defendants. Compl. ¶ 13. Plaintiffs allege that "these letters and reports are public records and are available to the public through standard public records requests." Compl. ¶ 12. As against Judicial Title, the Complaint asserts a single cause of action for negligence based on a title search that did not reveal a specific history or presence of lead at the subject property. Compl. ¶¶ 12, 13, 62-67.

**The Title Search and Title Policy**[2]

In connection with the purchase of the Property, Judicial Title performed a title search of the Property prior to the closing. Rule 56.1 Statement at ¶ 1. As part of the title search, Plaintiffs were provided with "Schedule B," a list of matters and items that would appear as exceptions from coverage unless disposed of to Judicial Title's satisfaction prior to the closing or delivery of the title insurance policy. Rule 56.1 Statement at ¶ 2.

---

2 The factual statements made in this section of the Statement of Facts are also set forth with supporting citations in the accompanying Statement of Material Facts Pursuant to Local Rule 56.1 ("Rule 56.1 Statement").

Schedule B, which was provided to Plaintiffs prior to closing, expressly states that: "all municipal departmental searches are not insurable items and this company assumes no liability for the accuracy." Rule 56.1 Statement at ¶ 3.

The title search also contained the results of a municipal data search setting forth the unpaid taxes, water rates, assessments, and indexed liens existing as of the search date. Rule 56.1 Statement at ¶ 4. The search results expressly stated that: "our policy does not insure against such items which have not become a lien up to the date of the policy or installments due after the date of the policy." Rule 56.1 Statement at ¶ 5.

In addition, the title search provided to Plaintiffs included the results of Departmental Searches. Rule 56.1 Statement at ¶ 6. The first page thereof specifically stated that "any searches or returns reported herein are furnished FOR INFORMATION ONLY. They will not be insured and the Company assumes no liability for the accuracy thereof." Rule 56.1 Statement at ¶ 7. The same page lists the departments that were and were not searched and expressly states that Health Department records were "N/A." Rule 56.1 Statement at ¶ 8. Subsequent pages state that the subject property had no Building Department violations and no Fire Department violations. Rule 56.1 Statement at ¶ 9. Both of those pages expressly stated that: "This report is submitted for information purposes only. There are no intended third party beneficiaries. No liability is assumed." Rule 56.1 Statement at ¶ 10.

Effective on January 1, 2015, and re-dated at the time of closing on June 19, 2015, Judicial Title certified to Plaintiffs "that a good and marketable title to [Property], subject to the liens, encumbrances and other matters, if any, set forth in this certificate may be conveyed and/or mortgaged by: Michael Durand and Marlene Zarfes, Husband and Wife, as Tenants by the Entirety." Rule 56.1 Statement at ¶ 11.

The Certificate of Title expressly states that: "Any claim arising by reason of the issuance hereof shall be restricted to the terms and conditions of the standard form of title insurance policy." Rule 56.1 Statement at ¶ 12.

The Certificate of Title also includes twelve (12) Conditions and Stipulations, two of which are relevant to the instant dispute. First, Condition and Stipulation # 2 provides:

> This certificate is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall be issued by this company.

Rule 56.1 Statement at ¶ 13.

Second, Condition and Stipulation # 10 provides in relevant part that: "When municipal department searches are requested or required, the accuracy of the returns therein are not guaranteed nor are such searches continued beyond the date of the original search." Rule 56.1 Statement at ¶ 14.

Judicial Title issued a policy of title insurance to Plaintiffs as agent for First American Title Insurance Company under the TIRSA Owner's Extended Protection Policy No. 50068360005402, Title No. 119778FA-W, Policy Amount $922,500.00 (the "Policy") on the closing date of June 19, 2015. Rule 56.1 Statement at ¶ 15. As stated in the Owner's Coverage Statement, the Policy covers the insureds' "actual loss from any risk described under Covered Risks if the event creating the risk exists on the Policy Date or, to the extent expressly stated, after the Policy Date." Rule 56.1 Statement at ¶ 16.

As set forth in the Policy Exclusions, Plaintiffs are not insured against loss, costs, attorney's fees, and expenses resulting from the existence or violation of any government laws or regulations unless such violations appear in the "Public Records" on the Policy Date. Rule 56.1

Statement at ¶ 17. "Public Records" are defined as "records that give constructive notice of matters affecting your Title, according to New York State law. With respect to Section 1.f. of the Exclusions, 'public records' shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the Land is located." Rule 56.1 Statement at ¶ 18. "Title" is defined as "the ownership of the interest in the Land, as shown in Schedule A." Rule 56.1 Statement at ¶ 19.

The Policy contains twelve (12) Conditions, of which No. 9 provides in relevant part that: "Any claim You make against Us must be made under this Policy and is subject to its terms." Rule 56.1 Statement at ¶ 20.

Plaintiffs have not made any claim under the Policy (Rule 56.1 Statement at ¶ 21), and no claim has been asserted in this or any other action or proceeding that Plaintiffs did not receive good and marketable title to the subject Property (Rule 56.1 Statement at ¶ 22).

## ARGUMENT

### I. PLAINTIFFS' COMPLAINT MUST BE DISMISSED AGAINST JUDICIAL TITLE FOR FAILURE TO STATE A CLAIM FOR RELIEF

#### A. Standard of Review

On a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a district court must follow a two-pronged approach to evaluate the sufficiency of a complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-563 (2007). "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, "a court should determine whether

the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010), quoting *Iqbal*, 556 U.S. at 678. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris*, 572 F.3d at 72.

Pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." While Rule 12(d) requires that all parties be given a "reasonable opportunity to present all the material that is pertinent to the motion," "formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." *Hernandez v. Coffey*, 582 F.3d 303, 302 (2d Cir. 2009) (internal quotations and citations omitted).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence." *Charlery v. Department of Education of the City of New York*, 2017 WL 2124447, at *2 (S.D.N.Y. May 15, 2017) (converting Rule 12 dismissal motion to motion for summary judgment and granting defendant's motion for summary judgment) (internal quotation and citation omitted).

**B. Plaintiffs' Claim For Negligence Against Judicial Title Is Barred Because the Certificate of Title Merged With the Policy**

When a title policy has issued, there can be no liability for the search, whether asserted in tort or contract. *TIMAC Realty v. G & E Tremont LLC*, 121 A.D.3d 457, 458 (1st Dep't 2014) ("Plaintiff's claim that defendants breached their contractual obligations under the title report by providing a negligent survey is conclusively refuted by the title report, which states, 'This certificate shall be null and void . . . upon the delivery of the policy"); *In re Thakur*, 498 B.R. 410, 424 (S.D.N.Y. 2013); *Citibank, N.A. v. Chicago Title Insurance Company*, 214 A.D.2d 212, 216-219 (1st Dep't 1995). "Where, as here, the certificate of title has merged in the subsequently issued title insurance policy, any action for damages arising out of the search whether sounding in tort or contract is foreclosed." *L. Smirlock Realty Corp. v. Title Guarantee Co.*, 70 A.D.2d 455, 465 (2d Dep't 1979), *affirmed on other grounds*, 52 N.Y.2d 179 (1981).

In this case, the Certificate of Title conclusively refutes Plaintiffs' negligence claim because it expressly states in its disclaimers, Conditions, and Stipulations that (1) any future claim is restricted to the terms and conditions of the forthcoming Policy and (2) all liability and obligations under the Certificate of Title shall cease when the Policy shall be issued.

The Policy issued, and all potential liability of Judicial Title ceased, on June 19, 2015. In addition, the merger clause of the Policy (Condition No. 9) makes clear that any claim by Plaintiffs must be made under the Policy and is subject to its terms. Accordingly, Plaintiffs' purported negligence claim against Judicial Title is foreclosed based on the merger of the Certificate of Title with the Policy.

### C. Plaintiffs' Negligence Claim Fails as a Matter of Law Because Judicial Title Did Not Owe Plaintiffs Any Duty to Search For Lead-Based Paint

"To prevail on a negligence claim, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. The existence of a legal duty presents a question of law for the court." *Luina v. Katharine Gibbs School New York, Inc.*, 37 A.D.3d 555, 556 (2d Dep't 2007). Here, Plaintiffs' negligence claim fails because Judicial Title owed no duty to search for lead-based paint as a matter of law.

In the history of New York law, there has been no case where a title insurer, title agent, or title abstractor was held liable for negligence as a result of a title search failing to reveal lead-based paint. In addition, there is no statute or regulation that requires a title insurer, agent, or abstractor to search for or insure against a lead-based paint claim.

Under New York law, a title insurer's only duty is contractual in nature, is defined by the title insurance policy itself, and applies only to a loss in value of the title resulting from defects in title against which the policy insures. *See* New York Insurance Law § 6401; *Brucha Mortgage Bankers Corp. v. Nations Title Insurance of New York, Inc.*, 275 A.D.2d 337, 338 (2d Dep't 2000) (defendant title insurance company satisfied its obligations under the policy inasmuch as a valid title was transferred and plaintiff received a valid and enforceable first mortgage lien on the property).

In this case, it is undisputed that the Plaintiffs acquired valid title to the Property. Neither Plaintiffs nor any other party contend otherwise. Plaintiffs have not claimed, and could not claim under the Policy itself in this matter because lead-based paint claims are not a "Covered Risk" under the Policy.

To the extent that Plaintiffs seek to contend that any duty arose from the title search, they are mistaken. No duty of care to home purchasers arises from the title search. "[T]itle reports function to apprise title insurers of defects in title; they do not serve to warn prospective purchasers of every risk facing the property." *TIMAC Realty*, 121 A.D.3d at 458 (citing *Citibank, N.A.*, 214 A.D.2d at 219).

In that regard, Judicial Title gave Plaintiffs ample notice that it was not searching for the presence of lead-based paint. To review, Schedule B to the Title Report expressly stated that municipal departmental searches are not insurable items and Judicial Title "assumes no liability for the accuracy." Rule 56.1 Statement at ¶ 3. Judicial Title expressly disclosed that it had not searched municipal health records. Rule 56.1 Statement at ¶ 8. And in the Certificate of Title itself, Judicial Title disclosed that "[w]hen municipal department searches are requested or required, the accuracy of the returns therein are not guaranteed . . . ." Rule 56.1 Statement at ¶ 14.

Thus, in addition to being legally barred from suing for negligence based on the title search following the merger of the Certificate of Title into the Policy (see Point 1(B) above), Plaintiffs' claim for negligence fails as a matter of law because Judicial Title was under no duty to search for lead-based paint.

## II. THE CO-DEFENDANTS' CROSS-CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF

The cross-claims for common law contribution and/or indemnification by the Durand Defendants, Houlihan Lawrence, and Carmody are utterly baseless. Judicial Title expressly disclaimed any liability arising from the accuracy of municipal searches, and specifically declared that there "are no intended third party beneficiaries." Rule 56.1 Statement at ¶ 10.

Such disclaimers are enforceable. *BNP Paribas Mortgage Co. v. Bank of America, N.A.*, 866 F. Supp. 2d 257, 268 (S.D.N.Y. 2012) (citing cases).

With respect to co-defendants the Durands, Houlihan Lawrence, and Carmody, Judicial Title had no contractual privity whatsoever with any of those parties. Judicial Title did not certify title to any of those parties. And, as noted, Judicial Title expressly disclaimed any liability to Plaintiffs or any third parties who might claim to be third party beneficiaries arising from municipal search results.

Accordingly, the cross-claims fail as a matter of law and must be dismissed.

## CONCLUSION

For the reasons set forth above and in the accompanying moving papers, Defendant The Judicial Title Insurance Agency LLC respectfully requests that the Court grant the motion and dismiss Plaintiffs' Complaint and all cross-claims as against The Judicial Title Insurance Agency LLC, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 1, 2017

Respectfully submitted,

ADAM LEITMAN BAILEY, P.C.
*Attorneys for Defendant Judicial Title*

By: Scott J. Pashman
Adam Leitman Bailey
Scott J. Pashman
Danny Ramrattan

One Battery Park Plaza, 18th Floor
New York, New York 10004
(212) 825-0365
Email 1: alb@alblawfirm.com
Email 2: spashman@alblawfirm.com
Email 3: dramrattan@alblawfirm.com