UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENIECE ILKOWITZ and ADAM ILKOWITZ,

          Plaintiffs,

-against-

MICHAEL DURAND, MARLENE ZARFES a/k/a
MARLENE DURAND, ALAN C. PILLA, HOULIHAN
LAWRENCE, INC., JANE H. CARMODY, THE
JUDICIAL TITLE INSURANCE AGENCY LLC and
ENCO HOME INSPECTIONS, LLC,

          Defendants.
-----------------------------------------------------------------X

Civil Action No.:
1:17-CV-00773 (PGG)

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JUDICIAL TITLE INSURANCE AGENCY LLC'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

MCGIVNEY, KLUGER & COOK, P.C.
Attorneys for Defendants
**MICHAEL DURAND AND MARLENE
ZARFES A/K/A MARLENE DURAND**
80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 3 |
| STANDARD OF REVIEW | 4 |
|    I. Standard of Review Under a Rule 12(b)(6) Motion to Dismiss: | 4 |
|    III. Standard of Review Under a F.C.R.P. Rule 56: | 5 |
| STATEMENT OF FACTS | 6 |
| ARGUMENT | 6 |
| A. Defendant Judicial Title's Motion Does Not Satisfy Their Summary Judgment Burden | 6 |
| B. Plaintiffs Assert Claims of Negligence against Judicial Title as the Title Agent or Title Abstractor, not First American Insurance | 8 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**

Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424
   N.E.2d 531 (1981) .............................................................................................. 7

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ............................................................. 4

Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983) ......................... 5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ............................................. 4

Cantrell v. Igie, 2016 WL 7168220, at *2 (S.D.N.Y. Dec. 8, 2016) .......................... 6

Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 428 (2d Cir. 2013) ................... 7

Castro v. Metro. Transp. Auth., 2006 WL 1418585, at *2 (S.D.N.Y. May 23,
   2006) ................................................................................................................... 6

Chambers v. Time Warners, Inc., 282 F.3d 147, 153 (2d. Cir. 2002) ....................... 5

F.D.I.C. v. Hodge, 50 F. Supp. 3d 327, 334 (E.D.N.Y. 2014) ................................... 7

Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1994) ..... 6

Halebian v. Berv, 644 F.3d 122, 131 n.7 (2d Cir. 2011) ........................................... 5

Hernandez v. Coffey, 582 F.3d 303, 307-08 (2d Cir. 2009) ...................................... 5

Hester-Bey v. Donaruma, 2017 WL 1148613, at *2 (E.D.N.Y. Mar. 24, 2017) ....... 5

ICP Strategic Credit Income Fund Ltd., 2017 WL 1929546, at *7 .......................... 4

Jiminez v. Shahid, 83 A.D.3d 900, 922 N.Y.S.2d 123, 124 (2011) ........................... 7

Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) ............... 4

L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011) ................... 4

Stewart Title Ins. Co. v. Equitable Land Servs., Inc., 207 A.D.2d 880, 616
   N.Y.S.2d 650 (1994) ........................................................................................... 9

Uwakwe v. Bridging Access to Care, Inc., 2017 WL 1048070, at *3 (E.D.N.Y.
   Mar. 16, 2017) .................................................................................................... 5

World Trade Ctr. Lower Manhattan Disaster Site Litig., 758 F.3d 202, 210 (2d
   Cir. 2014) ............................................................................................................ 7

Yanuck v. Simon Paston & Sons Agency, Inc., 209 A.D.2d 207, 208, 618 N.Y.S.2d
   295, 296 (1994) ................................................................................................... 9

**Rules**

F.C.R.P. 56 ................................................................................................................ 5
12(b)(6) .................................................................................................................. 5, 8
F.C.R.P. 56(c) ........................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiffs, Jeneice Ilkowitz and Adam Ilkowitz ("Plaintiffs") purchased a property located at 498 Manor Lane, Pelham, New York 10803 (the "Property") from the defendants Michael Durand and Marlene Zarfes a/k/a Marlene Durand (the "Durands"). See Complaint at Exhibit "A", P. 12. It is alleged the Durands knowingly failed to disclose the existence of lead-based paint in the Property in violation of the Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA"), a federal statute requiring the sellers of residential housing to disclose known information on the presence of lead-based paint and lead-based hazards. The Durands have denied these allegations.

As part of the contract of sale, Plaintiffs retained Judicial Title Insurance Agency LLC ("Judicial Title") to perform a Title Search of the Property. Judicial Title performed the title search and issued a policy of title insurance ("Policy") to Plaintiffs. Plaintiffs allege Judicial Title was negligent in that it failed to disclose a history or presence of lead at the Property. See Exhibit "A" at P. 12, 13. In their Answer, the Durands assert common law cross-claims seeking contribution and indemnity as against Judicial Title. See Durand Answer as Exhibit "B". The Durands also assert common law and contractual cross-claims as against defendant Alan C. Pilla. See Exhibit "B".

Judicial Title avers Plaintiffs' Complaint and all cross-claims should be dismissed on the grounds that when title policy has issued, no liability can be found for the search. Judicial Title further alleged that lead-based claims are not a covered risk under the Policy. Judicial Title's motion should be denied in its entirety as (1) Plaintiffs sufficiently state a potential negligence claim against Judicial Title who owed Plaintiff a legal duty of care in performing the title search; and (2) Plaintiffs' negligence claim against Judicial Title for an alleged negligent title search is

not barred by applicable law. As a result, should Plaintiffs' claims ultimately be determined to have merit, the Durands' cross-claims for contribution and indemnity should also have merit. As such, the Durands request this Honorable Court deny defendant Judicial Title's motion in its entirety.

## STANDARD OF REVIEW

I. **Standard of Review Under a Rule 12(b)(6) Motion to Dismiss:**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see In re ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at *7 (S.D.N.Y. May 9, 2017). Courts have long followed the principle that, in considering a motion to dismiss, "a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor." *See e.g. Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *see also e.g. ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at *7.

Allegations in a complaint have "facial plausibility" when factual content is plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at *7; *see also Iqbal*, 556 U.S. at 678. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's interferences unreasonable." *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

## II. Standard of Review Under a F.C.R.P. Rule 12(d):

F.C.R.P. Rule 12(d) provides that, if on a Rule 12(b)(6) motion "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See Uwakwe v. Bridging Access to Care, Inc.*, 2017 WL 1048070, at *3 (E.D.N.Y. Mar. 16, 2017). However, there are several "exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint." *See Uwakwe*, 2017 WL 1048070, at *3; *see also Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011). These exceptions include (1) documents attached to the complaint as an exhibit or incorporated in it by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warners, Inc.*, 282 F.3d 147, 153 (2d. Cir. 2002); *see also Uwakwe*, 2017 WL 1048070, at *3 ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.").

In addition, "converting [a motion to dismiss] to one for summary judgment pursuant to [F.C.R.P. 56] is proper when all parties have received notice and an opportunity to present supporting materials." *See Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)); see *Hester-Bey v. Donaruma*, 2017 WL 1148613, at *2 (E.D.N.Y. Mar. 24, 2017).

## III. Standard of Review Under a F.C.R.P. Rule 56:

Under F.C.R.P. 56, summary judgment should be granted only "where there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See F.C.R.P. 56(c). At the summary judgment stage, the Court is charged with

"determining whether there is a genuine issue for trial." *See e.g. Castro v. Metro. Transp. Auth.*, 2006 WL 1418585, at *2 (S.D.N.Y. May 23, 2006). Thus, [t]he trial court's task at the summary judgment motion stage of the litigation "is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *See Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (emphasis added); *see also e.g. Cantrell v. Igie*, 2016 WL 7168220, at *2 (S.D.N.Y. Dec. 8, 2016) (In deciding a motion on summary judgment, construing the facts "in the light most favorable to the plaintiff").

## STATEMENT OF FACTS

Plaintiffs allege that, because of Defendant Judicial Title's negligence and breach of its duty of care in conducting its title search, Plaintiffs purchased the Property without being informed that the Property had been cited for and/or currently contained lead and lead-based paint hazards. As such, Plaintiffs allege that Defendant Judicial Title was negligent in performing its title search on the Property when it failed to either discover or disclose the presence of any known lead-based paint or lead-based paint hazards in the Property. In particular, Judicial Title performed title and departmental searches and failed to disclose documents readily available public records held by both the County of Westchester and the Village of Pelham Manor.

For the purposes of the instant motion and in the interests of brevity and judicial economy, the Durands hereby adopt and incorporate by reference the Statement of Facts as set forth by Plaintiffs' counsel, Messner Reeves, LLP's Memorandum of Law dated July 13, 2017.

## ARGUMENT

**A. Defendant Judicial Title's Motion Does Not Satisfy Their Summary Judgment Burden**

Plaintiffs Complaint sufficiently alleges facts supporting each element of a claim of negligence under New York Law against Judicial Title. To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty, (3) injury to the plaintiff as a result thereof, and (4) the injury was foreseeable." *See F.D.I.C. v. Hodge*, 50 F. Supp. 3d 327, 334 (E.D.N.Y. 2014); *see also In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014) (quoting *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013) and *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981)); *see also Jiminez v. Shahid*, 83 A.D.3d 900, 922 N.Y.S.2d 123, 124 (2011).

As described, on or about March 11, 2015, Judicial Title performed a title search that included "departmental searches" for the Property.[1] After conducting such searches, Judicial Title certified to Plaintiffs that a "good and marketable title to [the Property]" may be conveyed to them.[2] However, Judicial Title did not find or disclose any of the readily available documents within the Village of Pelham Manor – after performing such departmental searches of the Village of Pelham Manor's records – evidencing lead contamination or violations of the Home. It is claimed that in doing so, Judicial Title negligently failed to disclose lead contamination citations by the Westchester DOH.[3]

Under the Rule 12(b)(6) standard articulated above, Plaintiffs Complaint clearly contains "sufficient factual matter ... to state a claim for relief that is plausible on its face." See Iqbal, 556 U.S. at 678. In their Complaint, Plaintiffs allege that Judicial Title "performed a title search of the Property," of "which [Defendants] inspected [and] performed contracted title and background searches." See Exhibit "A" at pgs. 12, 63. As such, Plaintiffs allege that Judicial

---

[1] *See* The Affidavit Adam Ilkowitz dated July 10, 2017 ("Ilkowitz Aff") to Plaintiffs' Opposition, P. 9.
[2] *See* Ilkowitz Aff. P. 8.
[3] *See* Ilkowitz Aff. PP. 8-9.

Title "was charged with the duty of ensuring the Property ... was not in defective or hazardous condition, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards, ... which [Judicial Title] performed contracted title and background searches" and that "[Plaintiffs' damages were] caused ... by reason of the negligence of [Judicial Title] ... by and through their agents, servants, and/or employees . . . in failing to reasonably search and find above referenced conditions and documents concerning the Property and title." See Exhibit "A" at pgs. 63, 66. As such, under the Rule 12(b)(6) standard, Plaintiffs sufficiently states a negligence claim against Judicial Title. See Iqbal, 556 U.S. at 678. Therefore, should the Court find Plaintiff's Complaint sufficiently states a negligence claim, the cross-claims asserted by the Durands for contribution and indemnity must remain.

For the purposes of the instant motion and in the interests of brevity and judicial economy, the Durands hereby adopt and incorporate by reference the Arguments as set forth by Plaintiffs' counsel, Messner Reeves, LLP's Memorandum of Law in Opposition to Defendant Judicial Title Insurance Agency LLC's Motion to Dismiss dated July 13, 2017.

**B.   Plaintiffs Assert Claims of Negligence against Judicial Title as the Title Agent or Title Abstractor, not First American Insurance**

Plaintiffs' allegations of negligence against Judicial Title are against Judicial Title solely as the title agent or title abstractor, not against the title insurance company; here, First American Title Insurance Company. As explained in further detail above, New York Courts recognize claims of negligence against the title agent who performs the title search. *See e.g. Stewart Title Ins. Co. v. Equitable Land Servs., Inc.*, 207 A.D.2d 880, 616 N.Y.S.2d 650 (1994) (finding that agent who performed title searches for title insurer was negligent).

Critically, Plaintiffs' claim concern Judicial Title's negligent title search and certifications, all of which occurred *before* the insurance policy was in effect. The language of

the Certificate of Title supports the interpretation that *future* claims of liability would be restricted by the terms and conditions of the Insurance Policy, *but not* claims based off the conduct of the *search itself*. *See e.g. Yanuck v. Simon Paston & Sons Agency, Inc.*, 209 A.D.2d 207, 208, 618 N.Y.S.2d 295, 296 (1994) (stating that "where . . . [the] interpretation of contract terms or provisions are susceptible to at least two reasonable interpretations, and intent must be gleaned from disputed evidence or from inferences outside the written words, it becomes an issue of fact that must be resolved by trial"). As such, a fact finder must be afforded the opportunity to determine whether or not Judicial Title, as the title agent or abstractor, was negligent in failing to disclose readily available and glaring documents evidencing lead contamination.

For the purposes of the instant motion and in the interests of brevity and judicial economy, the Durands hereby adopt and incorporate by reference the Arguments as set forth by Plaintiffs' counsel, Messner Reeves, LLP's Memorandum of Law in Opposition to Defendant Judicial Title Insurance Agency LLC's Motion to Dismiss and for Summary Judgment dated July 13, 2017.

## CONCLUSION

For the foregoing reasons, the defendants Michael Durand and Marlene Zarfes a/k/a Marlene Durand respectfully request this Honorable Court deny Defendant Judicial Title's motion in its entirety and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 13, 2017

Richard E. Leff (RL-2123)
**MCGIVNEY, KLUGER & COOK, P.C.**
Attorneys for Defendants
**MICHAEL DURAND AND MARLENE ZARFES A/K/A MARLENE DURAND**
80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456