------------------------------------------------------------------X

JENIECE ILKOWITZ and ADAM ILKOWITZ,

    Plaintiffs,

-against-

MICHAEL DURAND, MARLENE ZARFES a/k/a MARLENE DURAND, ALAN C. PILLA, HOULIHAN LAWRENCE, INC., JANE H. CARMODY, THE JUDICIAL TITLE INSURANCE AGENCY LLC, and ENCO HOME INSPECTIONS LLC,

    Defendants.

------------------------------------------------------------------X

Civil Action No.: 1:17-cv-00773 (PGG)

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JUDICIAL TITLE'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

**MESSNER REEVES LLP**
Attorneys for Plaintiffs
Jeniece Ilkowitz and Adam Ilkowitz
805 Third Avenue, 18th Floor
New York, New York 10022
Tel: (646) 663-1860
Fax: (646) 663 1895

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF THE FACTS ............................................................................................ 2

STANDARD OF REVIEW .................................................................................................... 3

   I.    Standard of Review Under FRCP 12(b)(6) Motion to Dismiss ......................................... 3

   II.   Standard of Review Under FRCP 12(d) ........................................................................... 4

   III.  Standard of Review Under FRCP 56 Summary Judgment ................................................ 5

ARGUMENT .......................................................................................................................... 6

   I.    Plaintiffs Sufficiently State a Negligence Claim against Judicial Title under FRCP 12(b)(6) .......................................................................................................................... 6

   II.   Defendant Judicial Title's Motion Does Not Satisfy Their Summary Judgment Burden ... 8

   a.    Judicial Title Owed and Breached Its Duty of Care To Plaintiffs ..................................... 8

   b.   Plaintiffs Assert Claims of Negligence against Judicial Title as the Title Agent or Title Abstractor, not First American Insurance ................................................................. 9

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981) ................................................................................................................................ 6

*Allen v. Coughlin*, 54 F.3d 77, 79 (2d Cir. 1995) ........................................................................ 7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...................................................................... 3, 4, 7

*Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983) ........................................... 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................................... 3

*Byrnes v. Palmer*, 18 App.Div. 1, 45 N.Y.S. 479, *aff'd* 160 N.Y. 699, 55 N.E. 1093 .................. 8

*Cantrell v. Igie*, 2016 WL 7168220, at *2 (S.D.N.Y. Dec. 8, 2016) ............................................ 5

*Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013) ....................................... 6

*Castro v. Metro. Transp. Auth.*, 2006 WL 1418585, at *2 (S.D.N.Y. May 23, 2006) .................. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) .................................................................... 8

*Chambers v. Time Warners, Inc.*, 282 F.3d 147, 153 (2d. Cir. 2002); *see also Uwakwe*, 2017 WL 1048070, at *3 ...................................................................................................................... 5

*Citibank, N.A., v. Chicago Tide Ins. Co.*, 214 A.D.2d 212, 218, 632 N.Y.S.2d 779, 783 (1st Dep't 1995) ............................................................................................................................. 9

*F.D.I.C. v. Hodge*, 50 F. Supp. 3d 327, 334 (E.D.N.Y. 2014) ..................................................... 6

*Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1224 (2d Cir. 1994) ........................ 5

*Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006) ................... 7

*Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) ............................................................. 4

*Herbil Holding Co. v. Commonwealth Land Tide Ins. Co.*, 183 A.D.2d 219, 590 N.Y.S.2d 512 (2d Dep't 1992) ..................................................................................................................... 8

*Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) ........................................................ 5

*Hester-Bey v. Donaruma*, 2017 WL 1148613, at *2 (E.D.N.Y. Mar. 24, 2017) ......................... 5

*ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at *7 .............................................. 4

*In re ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at \*7 (S.D.N.Y. May 9, 2017) 4

*In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014) 6

*Jiminez v. Shahid*, 83 A.D.3d 900, 922 N.Y.S.2d 123, 124 (2011) ................................................. 6

*Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) ...................................... 4

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) ......................................... 4

*Paredes v. United States*, 2017 WL 2558797, at \*2 (S.D.N.Y. June 1, 2017) ......................... 9, 10

*Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ............................................................ 11

*Stewart Title Ins. Co. v. Equitable Land Servs., Inc.*, 207 A.D.2d 880, 616 N.Y.S.2d 650 (1994) 9, 10

*Uwakwe v. Bridging Access to Care, Inc.*, 2017 WL 1048070, at \*3 (E.D.N.Y. Mar. 16, 2017) .. 4

*Yanuck v. Simon Paston & Sons Agency, Inc.*, 209 A.D.2d 207, 208, 618 N.Y.S.2d 295, 296 (1994) ................................................................................................................................... 10

**Statutes**

42 U.S.C. §§ 4851 *et seq*................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................................... 3

Fed. R. Civ. P. 12(d) ....................................................................................................................... 5

Fed. R. Civ. P. 15(a) ..................................................................................................................... 13

Fed. R. Civ. P. 56(c) ....................................................................................................................... 6

## INTRODUCTION

Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz (collectively, "Plaintiffs") file this memorandum of law, and the accompanying Affidavit of Adam Ilkowitz ("Ilkowitz Aff."),[1] in opposition to Defendant Judicial Title Insurance Agency LLC's ("Judicial Title") Motion to Dismiss or for Summary Judgment (hereinafter, "Judicial Title's Motion").

## PRELIMINARY STATEMENT

Plaintiffs filed the instant complaint on February 2, 2017 against Defendants Michael Durand, Marlene Zarfes a/k/a/ Marlene Durand ("Durand Defendants"), Pilla, Houlihan Lawrence, Inc. ("Houlihan Lawrence"), Jane H. Carmody ("Carmody"), the Judicial Title Insurance Agency LLC ("Judicial Title"), and ENCO Home Inspections LLC ("ENCO")[2] alleging violations of the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq.* ("RLPHRA"), and negligence, among other causes of actions, associated with lead contamination of a residential home purchased by Plaintiffs from Durand Defendants.

Specifically as against Judicial Title, Plaintiffs bring a claim for negligence. Plaintiffs aver that genuine issues of material fact remain and, therefore, this motion is without merit and should be denied in its entirety for the following reasons: (1) Plaintiffs sufficiently state a negligence claim against Judicial Title, who owed Plaintiff a legal duty of care in performing a title search, and (2) Plaintiffs' negligence claim against Judicial Title for their negligent title and departmental searches as title agent or abstractor is not barred by applicable law or Plaintiff's First American Title Insurance Company Insurance Policy for the Home (the "Insurance Policy"). As such, Plaintiffs request this Honorable Court deny Judicial Title's Motion in its entirety.

---

[1] All references to "Ex. __" herein shall refer to exhibits annexed to the Ilkowitz Aff. unless otherwise indicated.
[2] Plaintiffs have since discontinued their claim against Defendant ENCO Home Inspections, LLC. *See* Dkt. 69.
{02371422 / 6}

## STATEMENT OF THE FACTS

On February 2, 2017, Plaintiffs filed this action against Judicial Title, alleging among other things, that Judicial Title breached its duty of care and acted negligently when it failed to find and disclose departmental records of lead violations and contamination within the public records of the Village of Pelham Manor and Westchester County as part of a title departmental. *See* Ilkowitz Aff., ¶ 2, 11. Plaintiffs allege that Judicial Title was negligent and breached its duty of care in conducting its title search, specifically including housing and building departmental searches for the Home, in that Judicial Title failed to disclosure public records showing lead contamination and violations of the Home.

On March 9, 2015, Plaintiffs entered a Residential Contract of Sale (the "Contract of Sale") for the purchase of a residential home (the "Home"), located at 498 Manor Lane, Pelham Manor, New York 10803, from the Durand Defendants. *See* Ilkowitz Aff., ¶ 3. As part of the Contract of Sale and closing of the Home, Plaintiffs retained Judicial Title to perform a title search for records pertaining to the Home as a title agent and title abstracter. *See* Ilkowitz Aff., ¶ 11. Plaintiffs separately paid Judicial Title $325.00 as ancillary fees to perform departmental searches for "Housing," "Building," Fire," and "C/O" or certificate of occupancy records pertaining to the Property, as stated on the Title Insurance Closing Estimate. *See* Ilkowitz Aff., ¶ 11, Ex. F. Upon conducting the housing and building search, which including a search within the housing and building records file of the Home, Judicial Title did not find or disclose any documents or records of lead contamination or violations of the Home and returned a report indicating "No Violations." Ilkowitz Aff., ¶ 11, Ex. G.

Shortly after moving into the Home following the closing on June 19, 2015, Plaintiffs personally found records of lead contamination and violations of the Home in the Village of

Pelham Manor's public housing and building records file for the Home. *See* Ilkowitz Aff., ¶ 11, Ex. D. The records consist of at least two separate letters from the Westchester County Department of Health (the "Westchester DOH"), dated March 30, 2001 and April 26, 2001, citing the Home for lead contamination and levels exceeding the Westchester DOH's guidelines, a violation of Westchester DOH's environmental regulations. *See* Ilkowitz Aff., ¶ 9, Ex. D. The letters show, in direct communications to the Durand Defendants, that the Westchester DOH found that the Home was not in compliance with residential lead contamination laws and regulations. *See* Ilkowitz Aff., ¶ 9, Ex. D. At least one of the letters, dated March 30, 2001, is stamped as received by the Village of Pelham Manor on April 9, 2001. Ilkowitz Aff., ¶ 9, Ex. D, at 14. Moreover, Plaintiffs also submitted a public records request to Westchester County in response to which Westchester County produced the very same letters, as well as additional records and reports, evidencing lead contamination and violations of the Home. Ilkowitz Aff., ¶ 9, Ex. E.

Despite the indisputable fact that records of lead contamination and violations existed within readily available public housing and building records for the Home, Judicial Title's title search made no mention of a specific history or presence of lead contamination and violations of the Home. *See* Ilkowitz Aff., ¶ 11. As such, Plaintiffs allege that Defendant Judicial Title was negligent in performing its title search on the Home when it failed to either discover or disclose lead contamination or violations of the Home, or documents evidencing such.

## STANDARD OF REVIEW

### I.  Standard of Review Under FRCP 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *see In re ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at \*7 (S.D.N.Y. May 9, 2017). Courts have long followed the principle that, in considering a motion to dismiss, "a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor." *See e.g. Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *see also e.g. ICP Strategic Credit Income Fund Ltd.*, 2017 WL 1929546, at \*7.

Allegations in a complaint have "facial plausibility" when factual content is plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.*; *see also Iqbal*, 556 U.S. at 678. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's interferences unreasonable." *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

## II. Standard of Review Under FRCP 12(d)

Rule 12(d) provides that, if on a Rule 12(b)(6) motion "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d); *Uwakwe v. Bridging Access to Care, Inc.*, 2017 WL 1048070, at \*3 (E.D.N.Y. Mar. 16, 2017). However, there are several "exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint." *See Uwakwe*, 2017 WL 1048070, at \*3; *see also Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011). These exceptions include (1) documents attached to the complaint as an exhibit or incorporated in it by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit."

*Chambers v. Time Warners, Inc.*, 282 F.3d 147, 153 (2d. Cir. 2002); *see also Uwakwe*, 2017 WL 1048070, at *3 ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.").

In addition, "converting [a motion to dismiss] to one for summary judgment pursuant to [Rule 56] is proper when all parties have received notice and an opportunity to present supporting materials." *See Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)); *see Hester-Bey v. Donaruma*, 2017 WL 1148613, at *2 (E.D.N.Y. Mar. 24, 2017).

### III. Standard of Review Under FRCP 56 Summary Judgment

Under Rule 56, summary judgment should be granted only "where there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). At the summary judgment stage, the Court is charged with "determining whether there is a genuine issue for trial." *See e.g. Castro v. Metro. Transp. Auth.*, 2006 WL 1418585, at *2 (S.D.N.Y. May 23, 2006). Thus, [t]he trial court's task at the summary judgment motion stage of the litigation "is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *See Gallo v. Prudential Residential Servs., Ltd*., 22 F.3d 1219, 1224 (2d Cir. 1994) (emphasis added); *see also e.g. Cantrell v. Igie*, 2016 WL 7168220, at *2 (S.D.N.Y. Dec. 8, 2016) (In deciding a motion on summary judgment, construing the facts "in the light most favorable to the plaintiff").

# ARGUMENT

## I. Plaintiffs Sufficiently State a Negligence Claim against Judicial Title under FRCP 12(b)(6)

The Complaint sufficiently alleges facts supporting each element of a claim of negligence under New York Law against Judicial Title. To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty, (3) injury to the plaintiff as a result thereof, and (4) the injury was foreseeable." *See F.D.I.C. v. Hodge*, 50 F. Supp. 3d 327, 334 (E.D.N.Y. 2014); *see also In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014) (quoting *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013) and *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981)); *see also Jiminez v. Shahid*, 83 A.D.3d 900, 922 N.Y.S.2d 123, 124 (2011).

As stated in the Complaint, Plaintiffs allege that "Defendant Judicial Title Insurance Agency LLC performed a title search of the Property," of "which [Defendants] inspected [and] preformed contracted title and background searches." Complaint, ¶¶ 12, 63. Boiling the allegations in the Complaint down to those specifically against Judicial Title, the Complaint continues –

> '[Judicial Title] [was] charged with the duty of ensuring the Property . . . was not in defective or hazardous condition, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards, . . . which [Judicial Title] performed contracted title and background searches' and that '[Plaintiffs' damages were] caused . . . by reason of the negligence of [Judicial Title] . . . by and through their agents, servants, and/or employees . . . in failing to reasonably search and find above referenced conditions and documents concerning the Property and title.'

Complaint, ¶¶ 63, 66.

As discussed in detail above, on or about March 11, 2015, Judicial Title performed a title search that included "departmental searches" for the Home. *See* Ilkowitz Aff., ¶ 11. After

conducting such searches, Judicial Title certified to Plaintiffs that a "good and marketable title to [the Home]" may be conveyed to them. *See* Ilkowitz Aff., ¶ 12. However, Judicial Title did not find or disclose any of the readily available documents within the Village of Pelham Manor – after performing such departmental searches of the Village of Pelham Manor's records – evidencing lead contamination or violations of the Home. In doing so, Judicial Title negligently failed to disclose lead contamination violations and citations by the Westchester DOH. *See* Ilkowitz Aff., ¶ 11. Importantly, these records of lead violations and citations are *easily* recoverable and should have been disclosed by any title abstractor. *See* Ilkowitz Aff., ¶ 11.

Under the Rule 12(b)(6) standard articulated above, the Complaint clearly contains "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. In the Complaint, Plaintiffs allege that Judicial Title "performed a title search of the Home," of "which [Defendants] inspected [and] performed contracted title and background searches." Complaint, at ¶¶ 12, 63. As such, Plaintiffs allege that Judicial Title "was charged with the duty of ensuring the Home . . . was not in defective or hazardous condition, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards . . . which [Judicial Title] performed contracted title and background searches" and that "[Plaintiffs' damages were] caused . . . by reason of the negligence of [Judicial Title] . . . by and through their agents, servants, and/or employees . . . in failing to reasonably search and find above referenced conditions and documents concerning the Home and title." Complaint, at ¶¶ 63, 66. As such, under the Rule 12(b)(6) standard, Plaintiffs sufficiently states a negligence claim against Judicial Title. *See Iqbal*, 556 U.S. at 678.

## II. Defendant Judicial Title's Motion Does Not Satisfy Their Summary Judgment Burden

The Court should deny Defendant Judicial Title's motion for summary judgment because Defendant Judicial Title did not meet its burden to establish the absence of a factual issue as to their liability. Summary judgment is appropriate only where "there is no genuine issue of material fact." *See e.g. Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006); *see also Allen v. Coughlin*, 54 F.3d 77, 79 (2d Cir. 1995) (stating that the Court must draw all reasonable inferences in favor of the nonmoving party); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (finding that the moving party bears the burden of demonstrating the absence of a genuine issue of material fact).

Critically, genuine issues of material facts exist and must be offered opportunity to be present before a reasonable jury who could return a verdict for Plaintiffs. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (stating that "summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). First, Judicial Title, as the title agent and abstractor, owed (and breached) a duty of reasonable care in performing their title search. As explained above and in further detail below, genuine issues of material fact exist as to whether Judicial Title breached that duty. Second, Plaintiffs' negligence claim against Judicial Title is not barred by New York law. This is because the Insurance Policy is inapplicable to Plaintiffs' claim against Judicial Title.

### a. Judicial Title Owed and Breached Its Duty of Care To Plaintiffs

New York Courts recognize that a duty of care is owed by a title agent or abstractor in performing a title search. *See e.g. Herbil Holding Co. v. Commonwealth Land Tide Ins. Co.*, 183 A.D.2d 219, 590 N.Y.S.2d 512 (2d Dep't 1992) (noting that "the title examiner serves the abstract company engaged by the insured, which owes a duty of care to that insured; liability can rise in

{02371422 / 6}
8

the event that the search is performed in a negligent manner"); *see also e.g. Byrnes v. Palmer*, 18 App.Div. 1, 45 N.Y.S. 479, *aff'd* 160 N.Y. 699, 55 N.E. 1093 (holding that "an attorney was guilty of actionable negligence in advising a purchaser that the title to the land was good"); *see also Stewart Title Ins. Co. v. Equitable Land Servs., Inc.*, 207 A.D.2d 880, 616 N.Y.S.2d 650 (1994) (finding that agent who performed title searches for title insurer was negligent).[3]

Importantly, Judicial Title performed "departmental searches" as part of its title search and yet utterly failed to recover or disclose *easily recoverable* records of lead contamination held by both the Westchester DOH and the Village of Pelham Manor. These records not only evidence specific violations and non-compliance with the lead contamination laws of Westchester County, but also *explicitly contradict* certifications made by the Durand Defendants at the closing. Whether or not Judicial Title breached its duty of care in its title search, by negligently failing to disclose the above-described records, represents material issues of fact that may only be resolved by a finder of fact. *See e.g. Paredes v. United States*, 2017 WL 2558797, at *2 (S.D.N.Y. June 1, 2017) ("In deciding a summary judgment motion, "[t]here is no requirement that the trial judge make findings of fact. The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be *resolved* only by a finder of fact because they may reasonably be resolved in favor of either party.").

    **b.**    **Plaintiffs Assert Claims of Negligence against Judicial Title as the Title Agent or Title Abstractor, not First American Insurance**

Plaintiffs' allegations of negligence against Judicial Title are against Judicial Title solely as the title agent or title abstractor, not against the title insurance company; here, First American

---

[3] Even in cases cited in Judicial Title's Motion, New York courts acknowledged that a title abstractor engaged by an insured may be liable for a negligently performed search. *See e.g. Citibank, N.A., v. Chicago Tide Ins. Co.*, 214 A.D.2d 212, 218, 632 N.Y.S.2d 779, 783 (1st Dep't 1995).

{02371422 / 6}

Title Insurance Company. As explained in further detail above, New York Courts recognize claims of negligence against the title agent who performs the title search. *See e.g. Stewart Title Ins. Co. v. Equitable Land Servs., Inc.*, 207 A.D.2d 880, 616 N.Y.S.2d 650 (1994) (finding that agent who performed title searches for title insurer was negligent).

Critically, Plaintiffs' claim concerns Judicial Title's negligent title search and certifications, all of which occurred *before* the Insurance Policy was in effect. The language of the Certificate of Title supports the interpretation that *future* claims of liability would be restricted by the terms and conditions of the Insurance Policy, *but not* claims based off the conduct of the *search itself*. *See e.g. Yanuck v. Simon Paston & Sons Agency, Inc.*, 209 A.D.2d 207, 208, 618 N.Y.S.2d 295, 296 (1994) (stating that "where . . . [the] interpretation of contract terms or provisions are susceptible to at least two reasonable interpretations, and intent must be gleaned from disputed evidence or from inferences outside the written words, it becomes an issue of fact that must be resolved by trial"). As such, a fact finder must be afforded the opportunity to determine whether or not Judicial Title, as the title agent or abstractor, was negligent in failing to disclose readily available and glaring documents evidencing lead contamination.

Moreover, even if the Insurance Policy was applicable to Plaintiffs' claims – which it does not – Judicial Title's negligence in failing to find and/or provide readily available lead contamination and violations in the Home's housing and building departmental records does not fall under any limitation of liability cited in the Insurance Policy. This is because Judicial Title *never provided* any such information in its report. *See* Ilkowitz Aff., ¶ 11. Absent Judicial Title's negligence, the widely available public records – easily found by Plaintiffs upon a review of the Village of Pelham Manor's housing & building records file – should have been found and reported to Plaintiffs. Therefore, summary judgment is improper and Judicial Title's Motion must be

denied in its entirety. *See Parades*, 2017 WL 2258797, at *2 (stating that "summary judgment is improper "[i]f reasonable minds could differ as to the import of the evidence"").

## CONCLUSION

For all the foregoing reasons, the Court should deny Defendant Judicial Title Insurance Agency LLC's Motion in its entirety. While Plaintiffs are confident the Complaint adequately pleads a negligence claim against Judicial Title, if the Court finds differently, Plaintiffs respectfully request leave to amend the Complaint to address any deficiencies.[4]

**MESSNER REEVES LLP**
*Attorneys for Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz*

By: _____
Jean-Claude Mazzola
Benjamin S. Lowenthal
805 Third Avenue, 18th Floor
New York, New York 10022
Tel: (646) 663-1860
Fax: (646) 663 1895

---

[4] Leave to amend should be granted freely "when justice so requires." Fed. R. Civ. P. 15(a). *See also Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (finding that when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint).

{02371422 / 6}