# ADAM LEITMAN BAILEY, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

ADAM LEITMAN BAILEY[1]
JOHN M. DESIDERIO
COLIN E. KAUFMAN
DOV TREIMAN
JEFFREY R. METZ
ROSEMARY LIUZZO MOHAMED[1]
JACKIE HALPERN WEINSTEIN[1]
JACQUES ERDOS[1]
MASSIMO F. D'ANGELO[1]
CHRISTOPHER E. HALLIGAN
SCOTT J. PASHMAN[1]
DAVID R. SMITH
ADAM M. SWANSON[3]

[1]ALSO ADMITTED TO NJ

COURTNEY J. LERIAS[1]
JAMIE SCHARE FRIEDLAND[1]
VLADIMIR MIRONENKO
JOANNA C. PECK[1]
ANDREW JORGES[1]
CAROLYN Z. RUALO[1]
RACHEL SIGMUND[1]
JESSIE D. BONAROS
DANNY RAMRATTAN
PETER J. REID[2]

OF COUNSEL
WILLIAM J. GELLER
LEONARD H. RITZ

[2]ALSO ADMITTED TO TX
[3]ALSO ADMITTED TO CT

March 13, 2017

**By E-Mail, Overnight Courier, Certified Mail and First Class Mail**
Jean-Claude Mazzola
Messner Reeves, LLP
805 Third Avenue, 18th Floor
New York, New York 10022

    Re:   *Jeniece Ilkowitz, et al. v. Michael Durand, et al.*
           Case No. 1:17-CV-00773-PGG
           U.S. District Court, Southern District of New York

Dear Mr. Mazzola:

We represent Defendant, The Judicial Title Insurance Agency LLC ("Judicial Title"), in the above-referenced action.

Your complaint alleges that Judicial Title should be held liable for negligence as a result of its title search not revealing the presence of lead paint at the property.

In the history of New York law, there has never been a case where a title insurer was held liable for negligence as a result of a title search failing to reveal lead-based paint. In addition, there is no statute or regulation that requires a title insurer to search and insure for a lead-based claim. Neither has any New York court allowed such a claim to prevail.

As such, the claim you filed is frivolous and warrants sanctions. We are putting you on clear notice in case somehow this frivolous claim is unintended. Your claim must be immediately dismissed against Judicial Title. Your failure to immediately withdraw your frivolous claim will result in a motion seeking dismissal of the Complaint against Judicial Title together with motion costs and punitive sanctions against you pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 11.

In the Complaint, you failed to disclose that the title search performed by Judicial Title resulted in a Certificate of Title effective as of January 1, 2015, redated and recertified on June 19, 2015 ("Certificate of Title"). The Certificate of Title states in relevant part:

> **THIS COMPANY CERTIFIES** that a good and marketable title to premises described in Schedule A, subject to the liens, encumbrances and other matters, if any, set forth in this certificate may be conveyed and/or mortgaged by:
>
> **MICHAEL DURAND AND MARLENE ZARFES, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY.**

In addition, the Certificate of Title provides in relevant part that:

> Any claim arising by reason of the issuance hereof shall be restricted to the terms and conditions of the standard for[m] of title insurance policy.

The Certificate of Title also contains twelve (12) Conditions and Stipulations, of which No. 2 provides:

> This certificate is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall be issued by this company.

The Complaint also fails to disclose that Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz ("Plaintiffs") became the insureds under First American Title Insurance Company TIRSA Owner's Extended Protection Policy No. 50068360005402, Title No. 119778FA-W, Policy Amount $922,500.00, Policy Date June 19, 2015, issued to Plaintiffs by Judicial Title (the "Policy").

The Policy contains twelve (12) Conditions (not including subparts), of which No. 9 provides:

> This Policy, with any endorsements, is the entire contract between You and Us. To determine the meaning of any part of this Policy, You must read the entire Policy. Any changes to this Policy must be agreed to in writing by Us. Any claim You make against Us must be made under this Policy and is subject to its terms.

Your failure to disclose the existence and aforementioned terms of the Certificate of Title and the Policy constitutes a material misrepresentation of fact to the Court.

In addition, the negligence claim that you have purported to bring against Judicial Title is barred by applicable law. When a title policy has issued, there can be no liability for the search, whether asserted in tort or contract. *TIMAC Realty v. G & E Tremont LLC*, 121 A.D.3d 457, 458 (1st Dep't 2014); *In re Thakur*, 498 B.R. 410, 424 (S.D.N.Y. 2013); *Citibank, N.A. v. Chicago Title Insurance Company*, 214 A.D.2d 212, 216-219 (1st Dep't 1995).

"Where, as here, the certificate of title has merged in the subsequently issued title insurance policy, any action for damages arising out of the search whether sounding in tort or contract is foreclosed." *L. Smirlock Realty Corp. v. Title Guarantee Co.*, 70 A.D.2d 455, 465 (2d Dep't 1979), *affirmed on other grounds*, 52 N.Y.2d 179 (1981).

In short, your purported negligence claim against Judicial Title is foreclosed.

In addition, you have failed to allege what purported duty of care was allegedly breached by Judicial Title. There is no such duty. Pursuant to New York Insurance Law § 6401:

> "Title insurance policy" means any policy or contract insuring or guaranteeing the owners of real property and chattels real and other persons interested therein, or having liens thereon, against loss by reason of encumbrances thereon and defective titles.

As the Appellate Division has explained:

> It is well settled that a title insurer's obligation to indemnify is defined by the policy itself and limited to the loss in value of the title as a result of title defects against which the policy insures. A policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title. Such a policy entitles the insured to indemnity only to the extent that its security is impaired and to the extent of the resulting loss which it sustains.

*Brucha Mortgage Bankers Corp. v. Nations Title Insurance of New York, Inc.*, 275 A.D.2d 337, 338 (2d Dep't 2000) (internal quotations and citations omitted) (holding that title insurer was entitled to summary judgment dismissing plaintiff's claim "inasmuch as a valid title was transferred, and [plaintiff] received a valid and enforceable first mortgage lien on the property . . . the defendant satisfied its obligations under the policy").

Nor does any duty of care arise from the title search. "[T]itle reports function to apprise title insurers of defects in title; they do not serve to warn prospective purchasers of every risk facing the property." *TIMAC Realty*, 121 A.D.3d at 458 (citing *Citibank, N.A.*, 214 A.D.2d at 219)).

For these reasons, you must promptly serve and file a notice of dismissal of Plaintiffs' Complaint as against Judicial Title in accordance with Fed. R. Civ. P. 41(a)(1)(A)(i). This demand is made without prejudice to a motion to dismiss pursuant to Fed. R. Civ. P. 12, for sanctions pursuant to Fed. R. Civ. P. 11, or for such other relief as may be appropriate.

Please be guided accordingly.

Very truly yours,

Adam Leitman Bailey

cc: The Judicial Title Insurance Agency LLC
(by e-mail)