JEAN CLAUDE MAZZOLA
jcmazzola@messner.com

BENJAMIN S. LOWENTHAL
blowenthal@messner.com



**MESSNER REEVES LLP**

DENVER | LAS VEGAS | LOS ANGELES | NEW YORK

Main: (646) 663-1860
Direct: (646) 663-1873
Fax: (646) 663-1985

April 4, 2017

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      RE:    *Ilkowitz et al. v. Durand et al.;* **Case No. 1:17-cv-773 (PGG)**

Dear Judge Gardephe:

      We represent the Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz ("Plaintiffs") in the above-referenced matter. We write, pursuant to Rule 4(A) of your Individual Rules of Practice, in response and in opposition to Defendant the Judicial Title Insurance Agency LLC's ("Judicial Title") letters requesting a pre-motion conference concerning Judicial Title's proposed motions, pursuant to Fed. R. Civ. P. 12(b)(6), 12(d), 56, and 11, for dismissal (or summary judgment) and sanctions against Plaintiffs and their attorneys.[1]

      As previously noted in Plaintiffs' letter, dated March 29, 2017, Plaintiffs have tentatively scheduled a settlement conference on April 6, 2017 with Defendants Michael Durand, Marlene Zarfes a/k/a/ Marlene Durand (the "Durand Defendants"), Houlihan Lawrence, Inc. ("Houlihan Lawrence"), and Jane H. Carmody ("Carmody"). In an attempt to fully resolve all claims in this matter, as well as preliminarily reconcile factual disputes with Defendants such as Judicial Title, we have asked all the parties to participate in the April 6, 2017 settlement conference. However, to date, counsel for Judicial Title has not indicated that they will attend or participate or make any effort to work towards a resolution.

      As an initial matter, Plaintiffs' theory of liability against Judicial Title arises out of the *title search* as performed by Judicial Title as the title agent for First American Title Insurance Company.[2] It does not arise out of the title insurance policy (the "Policy"). Judicial Title's counsel – having been fully informed of our theory of liability – attempts to distort the claim as

---

[1] Judicial Title filed an initial pre-motion conference letter on March 30, 2017, requesting a pre-motion conference concerning a proposed motion, pursuant to Fed. R. Civ. P. 12(b)(6), 12(d), and 56, for dismissal (or alternatively summary judgment), seeking to dismiss the Complaint in its entirety as against Judicial Title. The following day, on March 31, 2017, Judicial Title filed a second pre-motion conference letter, requesting an additional pre-motion conference concerning another proposed motion, pursuant to Fed. R. Civ. P. 11, seeking sanctions against Plaintiffs and their attorneys. For convenience of the Court, we address both letters in turn below.

[2] Judicial Title specifically states that "[i]n connection with Plaintiffs' purchase of the subject property in June 2015, Plaintiffs received a policy of title insurance (the "Policy") issued by Judicial Title as agent for First American Title Insurance Company." Letter (Dkt. No. 51), at 2.

{02284133 / 5}

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2017
Page 2

being one arising out of the Policy. It is not. It is a claim arising out of the title search against Judicial Title as the title agent and title abstractor.

### I. The Complaint Sufficiently States a Negligence Claim Against Judicial Title

Plaintiffs' theory is simple – as the company that performed title and departmental searches as a title agent and title abstracter, Judicial Title failed to disclose glaring documents evidencing lead contamination within readily available public records held by both the County of Westchester and the Village of Pelham Manor. These records – easily found by Plaintiff Jeniece Ilkowitz only after their family doctor found elevated levels of lead in Plaintiffs' infant daughter after the family moved into the residential home – should have been disclosed by any reasonably prudent title agent and title abstractor. Not only do the records evidence specific violations and non-compliance with the lead contamination laws of Westchester County, but they explicitly contradict certifications made by the Durand Defendants at the closing.

As stated in the Complaint, Plaintiffs allege that "Defendant Judicial Title Insurance Agency LLC performed a title search of the Property," of "which [Defendants] inspected [and] preformed contracted title and background searches." Complaint, ¶¶ 12, 63. Boiling the allegations in the Complaint down to those specifically against Judicial Title, the Complaint continues –

> '[Judicial Title] [was] charged with the duty of ensuring the Property . . . was not in defective or hazardous condition, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards, . . . which [Judicial Title] performed contracted title and background searches' and that '[Plaintiffs' damages were] caused . . . by reason of the negligence of [Judicial Title] . . . by and through their agents, servants, and/or employees . . . in failing to reasonably search and find above referenced conditions and documents concerning the Property and title.'

Complaint, ¶¶ 63, 66.

Under the Rule 12(b)(6) standard, the Complaint sufficiently states a negligence claim against Judicial Title. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.") (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

#### a. Plaintiffs' Negligence Claim Against Judicial Title for the Title Search as Title Abstractor is Not Barred by Applicable Law

First, New York recognizes that a duty of care is owed by a title agent and title abstractor in performing a title search. In *Herbil Holding Co. v. Commonwealth Land Tide Ins. Co.*, 183 A.D.2d 219, 590 N.Y.S.2d 512 (2d Dep't 1992), the Court specifically noted that "the title examiner serves the abstract company engaged by the insured, which owes a duty of care to that insured; liability can arise in the event that the search is performed in a negligent manner." Even

in cases cited by Judicial Title in its March 30, 2017 letter, New York courts acknowledged that a title abstractor engaged by an insured may be may be liable for a negligently performed search. *See Citibank, N.A., v. Chicago Tide Ins. Co.*, 214 A.D.2d 212, 218, 632 N.Y.S.2d 779, 783 (1st Dep't 1995).

Second, the cases cited by Judicial Title are distinguishable. The cases concern situations where the insured or the insured representative brought suit against the title insurance company – here First American Title Insurance Company – under its title policy for negligence in conducting a title search, rather than against the title agent or title abstractor. *See Citibank, N.A. v. Chicago Title Ins. Co.*, 214, A.D.2d 212 (1st Dep't 1995) (mortgagee sued title insurer for negligence and breach of contract in issuing title policy without discovering certain title defects); *L. Smirlock Realty Corp. v. Tide Guarantee Co.*, 70 A.D.2d 455, 421 N.Y.S.2d 232 (2d Dep't 1979) (insured real estate company brought suit against title insurance company to recover damages under title policy and for negligence). Here, Plaintiffs' claims are against Judicial Title as title agent, not against First American Title Insurance Company.

## II. Judicial Title Proposed Motion for Sanctions is Meritless

Rule 11's "safe harbor" provision requires that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21-days after service." Fed. R. Civ. P. 11(c)(2). *See Star Mark Mgmt., Inc. v. Koon Chun Ring Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("The safe-harbor provision is a strict procedural requirement. An informal warning . . . without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period."). The requirement is designed to "'protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court.'" *Roth v. Green,* 466 F.3d 1179, 1192 (10th Cir. 2006) (quoting 5A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1337.2 (3d ed. 2004)). Here, it would seem that Judicial Title effectively violated the safe harbor provision by presenting its March 31, 2017 letter in anticipation of a motion for sanctions prior to serving an actual motion for sanctions on Plaintiffs' counsel as required by the 21-day safe harbor period. As such, there is an argument to deny any proposed motion. *See Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) ("a motion that fails to comply with the safe harbor provision of Rule 11 must be denied").

Judicial Title's proposed motion would also be substantively defective. To establish a Rule 11(b)(2) violation, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *E. Gluck Corporation v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (quoting *Park v. Seoul Broad. Sys. Co.*, No. 05 Civ. 8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008) (finding that Courts may issue Rule 11 Sanctions only in extraordinary circumstances)). As described above, at the very least, Plaintiffs have a reasonable argument for

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2017
Page 4

liability against Judicial Title as the title agent and title abstractor. As such, any proposed motion must be denied as being substantively defective.

Finally, it seems that Judicial Title's proposed motion for sanctions is nothing more than a bullying tactic intended to intimidate Plaintiffs into withdrawing a meritorious claim against Judicial Title. On two separate phone calls to our office, Judicial Title's counsel berated attorneys in our office, threatened sanctions, and made personal attacks in an uncivil and unprofessional manner.

For the foregoing reasons, it is our view that any motion to dismiss or motion for sanctions would fail. In the event the Court believes it is necessary to schedule a conference to preliminarily resolve Judicial Title's proposed motions, Plaintiffs welcome the opportunity to appear to further discuss the positions raised in this letter.

Sincerely,

MESSNER REEVES LLP

Jean-Claude Mazzola
Benjamin S. Lowenthal

cc:   All counsel of record (via ECF)
      Hon. Paul G. Gardephe, U.S.D.J. (courtesy copy by facsimile to 212-806-7986)

{02284133 / 5}