UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JENIECE ILKOWITZ and ADAM ILKOWITZ,  :
                                                                  :

        Plaintiffs,                                   :              Civil Action No.: 1:17-cv-
                                                           :              00773 (PGG)
    -against-                                :
                                                            :              **DECLARATION OF JEAN-**
MICHAEL DURAND, MARLENE ZARFES a/k/a    :             **CLAUDE MAZZOLA IN**
MARLENE DURAND, ALAN C. PILLA, HOULIHAN :             **OPPOSITION TO**
LAWRENCE, INC., JANE H. CARMODY, THE       :             **DEFENDANT JUDICIAL**
JUDICIAL TITLE INSURANCE AGENCY LLC, and  :            **TITLE'S MOTION FOR**
ENCO HOME INSPECTIONS LLC,                       :             **SANCTIONS**
                                                            :
        Defendants.                              :
                                                           :
----------------------------------------------------------------------X

       I, JEAN-CLAUDE MAZZOLA, declare pursuant to 28 U.S.C. § 1746 that the following is true and correct:

       1.     I am an attorney at law duly licensed to practice in the State of New York and in the United States District Court of the Southern District of New York, and a member of Messner Reeves LLP, attorneys for Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz (collectively, "Plaintiffs"). I am familiar with the facts of this matter and submit this declaration and annexed Exhibits in opposition to Defendant Judicial Title Insurance Agency LLC's ("Judicial Title") Rule 11 Motion for Sanctions (hereinafter, "Motion for Sanctions").

       2.     Judicial Title's Motion for Sanctions against me and Plaintiffs should be denied.

       3.     In this case, Judicial Title's counsel, specifically Adam Leitman Bailey, has been viciously attacking Plaintiffs and me from the outset, threatening sanctions and making malicious and sanctimonious personal attacks. Judicial Title's counsel is not using Rule 11 for its intended

purpose (*i.e.*, to deter patently frivolous litigation) but rather as a bullying tactic to intimidate Plaintiffs into dismissing a valid and colorable claim against Judicial Title.[1]

4. On February 1, 2017, my office, on behalf of Plaintiffs, brought a negligence claim against Judicial Title with the filing of the Complaint.[2] (Dkt. 1).

5. On February 6, 2017, the Summons and Complaint, along with a civil cover sheet, SDNY ECF Rules and Instructions, the Individual Rules of Practice of Judge Paul G. Gardephe, and the Individual Rules of Practice of Magistrate Judge Andrew J. Peck, was served on Judicial Title. (Dkt. 27).

6. On March 1, 2017 the Court So Ordered a stipulation between Plaintiffs' counsel and Judicial Title's counsel, where Plaintiffs' counsel agreed to extend Judicial Title's time to answer, move to dismiss or otherwise respond to the Complaint from February 28, 2017 to March 30, 2017. (Dkt. 38).

7. I received a letter, dated March 13, 2017, from Judicial Title's attorney, Adam Leitman Bailey. The letter demanded that Plaintiffs' claim against Judicial Title be immediately dismissed" or would "result in a motion seeking dismissal of the Complaint against Judicial Title together with motion costs and punitive sanctions against you pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 11. The March 13, 2017 letter is attached hereto as Exhibit A.

8. On March 16, 2017, I participated on a call with Judicial Title's attorneys, including Adam Leitman Bailey, among others. On the conference call, I informed Mr. Bailey of the basis

---

[1] This is not the first time Mr. Bailey has used abusive and bullying tactics against opposing counsels and clients. As documented in a New York Post article, Mr. Bailey has seemingly used analogous bullying tactics against an adversary. *See* Julia Marsh, *Lawyer accused of telling tenant to 'commit suicide' sued for $25M*, N.Y. POST (Mar. 6, 2017), *article and recording available at* http://nypost.com/2017/03/06/lawyer-accused-of-telling-tenant-to-commit-suicide-sued-for-25m/ (please be advised that the audio recording contains explicit language).

[2] To note, attorney Benjamin S. Lowenthal filed and signed the Complaint via electronic signature through Mr. Lowenthal's S.D.N.Y. ECF PACER account. I did not sign the Complaint and, as such, may not be the appropriate party for sanctions. However, I take full responsibility for all pleadings that emanate from my New York office.
{02524599 / 2}

of Plaintiffs' claim against Judicial Title as title agent and title abstracter. I informed Mr. Bailey that Plaintiffs' theory of liability against Judicial Title arises out of the title search as performed by Judicial Title or an agent of Judicial Title and does not arise out of the title insurance policy. I further informed Mr. Bailey that we would not be withdrawing the action against Judicial Title. On the call, Mr. Bailey berated me and threatened sanctions and made personal attacks against me. On the call, Mr. Bailey advised, to the best of my recollection to the effect that I "[was] the most unethical lawyer" he'd ever seen, that he would "get me sanctioned," that he "would then write an article and put it on the front page of the Law Journal" about my unethical behavior, and that my "career would thereafter be destroyed." There was also something to the effect that "I did not know him and that I should check him out."

9. Moreover, on the March 16, 2017 conference call, I informed Mr. Bailey that I have experience with and knowledge of title insurance matters and have represented Lloyds' London and other large insurers writing errors and omissions policies involving title agents. Once again, on the call, Mr. Bailey berated me and made personal attacks against me and the attorneys in my office and threatened to ruin my career.

10. Shortly after the conference call, I received a letter, dated March 16, 2017, from Judicial Title's attorney, Adam Leitman Baily. The March 16, 2017 letter is attached hereto as Exhibit B. The letter included a book by Mr. Bailey, and stated "[i]n the case that you need further instruction on title insurance, I am including a copy of the book I wrote entitled Finding the Uncommon Deal. Please see chapter 17 which discussed title insurance." Chapter 17 was marked in the book.

11. On March, 30, 2017, Judicial Title filed a pre-motion letter to the Court requesting a pre-motion conference for a proposed motion to dismiss and summary judgment motion. (Dkt. 51).

12. The next day, on March 31, 2017, Judicial Title filed a pre-motion letter to the Court requesting a pre-motion conference for a proposed motion by Judicial Title seeking sanctions against Plaintiffs and their attorneys pursuant to Rule 11. (Dkt. 52).

13. On April 4, 2017, my office filed a letter to the Court in opposition to both Judicial Title's March 30, 2017 (for motion to dismiss and summary judgment) and March 31, 2017 (motion for sanctions) pre-motion letters. (Dkt. 53).

14. On May 1, 2017, and seemingly in response to all pre-motion letters submitted by the Defendants in this action,[3] the Court filed an Order setting a briefing schedule for Defendants' motions to dismiss. (Dkt. 67).

15. Thereafter, Judicial Title moved to dismiss or for summary judgment against Plaintiffs. Per the Court's bundling rule, on July 25, 2017, Judicial Title filed its moving and reply papers, and Plaintiffs filed their opposition papers, to Judicial Title's Motion to Dismiss or for Summary Judgment. (Dkt. Nos. 75-80, 87, 90, 93, and 94).

16. Judicial Title's Motion to Dismiss or for Summary Judgment remains pending *sub judice*.

17. On September 13, 2017, Judicial Title's attorneys served the present Motion for Sanctions on Plaintiffs' counsel seeking sanctions against Plaintiffs and Plaintiffs' attorney Jean-Claude Mazzola.

---

[3] Defendants Alan C. Pilla and ENCO Home Inspections LLC also filed pre-motion letters for proposed motions to dismiss and/or for summary judgment. (Dkt. Nos. 41 and 57).

{02524599 / 2}

18. On September 27, 2017, the Court So Ordered a stipulation between Plaintiffs and Judicial Title to extend the opposition deadline to the Motion for Sanctions to October 17, 2017 and the reply deadline to October 31, 2017. (Dkt. 101).

19. I am currently a member of both the New York City Bar Association's Professional Ethics Committee and the New York State Bar Association's Committee on Attorney Professionalism, as well as its Subcommittee on Attorney Civility, and carry myself as an ethical professional and a civil attorney. Membership rosters for the New York City Bar Association's Professional Ethics Committee and the New York State Bar Association's Committee on Attorney Professionalism are attached as Exhibit C.

20. I have over 20 years' experience in matters involving insurance disputes and litigation, including 2-3 years of experience specifically supervising hundreds of errors and emissions claims against title and escrow agents as a Partner for the law firm Wilson Elser Moskowitz Edelman & Dicker LLP. Many of those claims included negligence actions against title and escrow agents and abstractors. From this experience, I became uniquely aware of, and gained expertise with, situations where title agents and abstractors were exposed to liability separate from the title policy for negligent title searches.

21. As part of the due diligence review of Plaintiffs' claim against Judicial Title, I consulted with several other attorneys who all agreed that Plaintiffs have a viable negligence claim arising out of the title search against Judicial Title as title agent and title abstractor. These conversations and consultations took place both informally, such as in the lawyers' lounge in the New York Court of Appeals while preparing for oral arguments, and formally with attorneys in Messner Reeves' Real Estate Practice Group and through a discussion with an outside title agent.

22. As part of the evidentiary review for Plaintiffs' claim against Judicial Title, attorneys in our office discussed the claim with Plaintiffs and reviewed the factual record, which included documents evidencing that Plaintiffs paid Judicial Title $325.00 as ancillary fees to perform departmental searches for "Housing," "Building," Fire," and "C/O" or certificate of occupancy records pertaining to the Home.

23. Moreover, attorneys in our office spoke to the Village of Pelham Manor and reviewed the Village of Pelham Manor's housing & building records file for the Home, which contained readily available public lead contamination and violation records for the Home. Upon our office's consultation with other attorneys and a title agent, these were the files and documents Judicial Title reviewed, or should have reviewed, pursuant to the departmental title search which Plaintiffs paid them to conduct.

24. Despite Judicial Title's allegations, Plaintiffs' claim against Judicial Title is based on 1) evidentiary support, 2) a due diligence investigation of the law and facts supporting the claim with real estate and title attorneys and a title agent, 3) supporting legal precedent, or, at the very least, unsettled or uncertain law, and 4) strong public policy considerations.

25. Further, zealous advocacy, a core tenet of the ethical guidelines for attorneys, mandates that as an attorney, I represent my clients enthusiastically and creatively in pursuing factual or legal theories in the areas of law that cannot be regarded as settled or even a position that may arguably be at odds with existing precedent. Indeed, Rule 11 is not to be applied in a fashion that will "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986).

26. To that end, upon my reasonable belief, consultation with other attorneys and a title agent, and based on my interpretation, experience, and expertise of the law associated with title

{02524599 / 2}

agents and abstractors errors and omissions, I made a conscious decision to go forward with the claim against Judicial Title as Plaintiffs have a viable negligence claim arising out of the title search against Judicial Title as title agent and title abstractor.

Dated: New York, New York
      October 17, 2017

                                                          _____
                                                          Jean-Claude Mazzola
                                                          **MESSNER REEVES LLP**
                                                          805 Third Avenue, 18th Floor
                                                          New York, New York 10022
                                                          Tel: (646) 663-1860
                                                          Fax: (646) 663 1895
                                                          *Attorneys for Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz*

{02524599 / 2}