UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JENIECE ILKOWITZ and ADAM ILKOWITZ,     :
     :
          Plaintiffs,     :
     :     Civil Action No.: 1:17-cv-
   -against-     :     00773 (PGG)
     :
MICHAEL DURAND, MARLENE ZARFES a/k/a     :     **ORAL ARGUMENT**
MARLENE DURAND, ALAN C. PILLA, HOULIHAN     :     **REQUESTED**
LAWRENCE, INC., JANE H. CARMODY, THE     :
JUDICIAL TITLE INSURANCE AGENCY LLC, and     :
ENCO HOME INSPECTIONS LLC,     :
     :
          Defendants.     :
     :

------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT JUDICIAL TITLE'S RULE 11 MOTION FOR SANCTIONS

**MESSNER REEVES LLP**
Attorneys for Plaintiffs
Jeniece Ilkowitz and Adam Ilkowitz
805 Third Avenue, 18th Floor
New York, New York 10022
Tel: (646) 663-1860
Fax: (646) 663 1895

{02516055 / 7}

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND..................................................... 2

ARGUMENT ............................................................................................................... 2

   I.   Standard for Rule 11 Motion for Sanctions ...................................................... 2

   II.   The Basis of Judicial Title's Motion for Sanctions is Entirely Unfounded ....... 3

       a.   Plaintiffs previously responded to Judicial Title's Arguments in their opposition to Judicial Title's Motion to Dismiss ................................................................. 4

       b.   Judicial Title's recycled arguments for dismissal in Rule 11 motion for sanctions continue to lack merit .......................................................................... 5

       c.   Rule 11 sanctions are not appropriate as counsel conducted a "reasonable inquiry" into the facts and the law before filing complaint ................................ 7

       d.   Sanctions against Plaintiffs are particularly unfounded ................................. 8

       e.   Judicial Title's Motion for Sanctions – not Plaintiffs' Complaint – was filed for an improper purpose........................................................................................... 9

   III.  The Court should award Plaintiffs fees in opposing Judicial Title's Rule 11 motion for sanctions ....................................................................................................... 10

CONCLUSION.......................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Ario v. Underwriting Members of Syndicate 53 at Lloyds*,
  618 F.3d 277, 297 (3d Cir. 2010)...................................................................................... 10

*Burns v. Bank of America*,
  No. 03 Civ. 1685 (RMB) (JCF), 2007 WL 1589437, *32 (S.D.N.Y. June 4, 2007) ......... 5

*Chambers v. United States Dept. of the Army*,
  499 U.S. 959 (1991)............................................................................................................ 4

*Chum Ltd. v. Lisowski*,
  No. 98 CIV 5060, 2001 WL 243541, at *14 (S.D.N.Y. Mar. 12, 2001) ........................... 2

*Citibank, N.A., v. Chicago Tide Ins. Co.*,
  214 A.D.2d 212, 218, 632 N.Y.S.2d 779, 783 (1st Dep't 1995) ...................................... 6

*Draper & Kramer, Inc. v. Baskin-Robbins, Inc.*,
  690 F. Supp. 728, 732 (N.D. Ill. 1988) ............................................................................. 2

*E. Gluck Corp. v. Rothenhaus*,
  252 F.R.D. 175, 178 (S.D.N.Y. 2008) ................................................................... 2, 4, 7, 10

*Eastway Constr. Corp. v. City of New York*,
  762 F.2d 243, 254 (2d Cir. 1985)..................................................................................... 2, 7

*ED Capital, LLC v. Bloomfield Inv. Res. Corp.*,
  316 F.R.D. 77, 81 (S.D.N.Y. 2016) .................................................................................... 7

*Goldberg v. Blue Ridge Farms, Inc.*,
  2005 WL 1796116, at *7 (E.D.N.Y. July 26, 2005) ........................................................ 10

*Herbil Holding Co. v. Commonwealth Land Tide Ins. Co.*,
  183 A.D.2d 219, 590 N.Y.S.2d 512 (2d Dep't 1992) ....................................................... 6

*Jain v. Ford Motor Credit Co.*,
  174 F.R.D. 259 (E.D.N.Y. 1997) ....................................................................................... 7

*Kiobel v. Millson*,
  592 F.3d 78, 83 (2d Cir. 2010)........................................................................................... 4

*Knipe v. Skinner*,
  19 F.3d 72, 78 (2d Cir. 1994).............................................................................................. 3

*Koar v. United States*,
  1997 WL 1038181, at *2 n.2 (S.D.N.Y. Sept. 2, 1997).................................................... 10

*L. Smirlock Realty Corp. v. Title Guarantee Co.*,
  421 N.Y.S.2d 232, 239, 70 A.D.2d 455, 465 (2d Dep't 1979)......................................... 6

*Levy v. Aaron Faber, Inc.*,
  148 F.R.D. 114, 122 (S.D.N.Y. 1993) ............................................................................... 2

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
  No. 04 CV 5316, 2006 WL 2807213, at *6 (S.D.N.Y. Sept. 28, 2006) ........................... 2

*Mir v. Bogan*,
  No. 13 CIV. 9172 PGG, 2015 WL 1408891 (S.D.N.Y. Mar. 27, 2015) (Gardephe, J.),
  *aff'd,* 668 F. App'x 368 (2d Cir. 2016).............................................................................. 8

*Nakash v. U.S. Dept. of Justice*,
  708 F. Supp. 1354 (S.D.N.Y. 1988)................................................................................ 3, 11

*O'Brien v. Alexander*,
    101 F.3d 1479, 1489 (2d. Cir. 1996)..................................................................... 7

*O'Malley v. New York City Transit Auth.*,
    896 F.2d 704, 706 (2d Cir. 1990).......................................................................... 3

*Oliveri v. Thompson*,
    803 F.2d 1265 (2d Cir. 1986)................................................................................ 4

*Park v. Seoul Broad. Sys. Co.*,
    No. 05 CV 8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008)............................ 2, 7

*Safe-Strap Co., Inc. v. Koala Corp.*,
    270 F.Supp.2d 407, 421–22 (S.D.N.Y. 2003)................................................. 2, 5

*Stewart Title Ins. Co. v. Equitable Land Servs., Inc.*,
    207 A.D.2d 880, 616 N.Y.S.2d 650 (1994) ......................................................... 6

*TIMAC Realty v. T & E Tremont LLC*,
    121 A.D.3d 457, 2014 N.Y. Slip Op. 06858  (1st Dep't 2014) ........................................ 6

## INTRODUCTION

Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz (collectively, "Plaintiffs") file this memorandum of law, and the accompanying Declaration of Jean Claude Mazzola[1] in opposition to Defendant Judicial Title Insurance Agency LLC's ("Judicial Title") Rule 11 Motion for Sanctions (hereinafter, "Motion for Sanctions").[2]

## PRELIMINARY STATEMENT

Judicial Title seeks sanctions against Plaintiffs and Plaintiffs' counsel, Judicial Title's Motion for Sanctions should be denied.  Judicial Title does not – and cannot – make any specific showing that Plaintiffs lack any reasonable basis for their negligence claim or are prosecuting their action in bad faith.  Judicial Title's Motion for Sanctions is nothing more than a disagreement over the merits.  Indeed, Judicial Title's Motion for Sanctions is simply a regurgitation of the same arguments Judicial Title made in its Motion to Dismiss.  Rather than waste the Court's time, Plaintiffs will not repeat word for word all the arguments Plaintiffs made and presented in their opposition to Judicial Title's Motion to Dismiss.  There is a time and place for Rule 11 sanctions – this is not one of them.[3]  Out of respect for the seriousness of this case, the Court's time, and others on the Court's docket, we hope the Court will swiftly deny Judicial Title's frivolous Motion for Sanction.  If the Court has any doubt as to whether Judicial Title's Motion for Sanctions should be denied, Plaintiffs respectively request oral argument on Judicial Title's Motion for Sanctions.

---

[1] All references to the Declaration of Jean Claude Mazzola shall herein be referred to as "Mazzola Dec." unless otherwise indicated.

[2] Plaintiffs hereby incorporate all arguments in Plaintiffs' Opposition to Judicial Title's Motion to Dismiss and for Summary Judgment ("Motion to Dismiss"), and all documents filed in support thereof.  *See* Dkt. Nos. 87, 90, and 93.

[3] For perspective, a frivolous claim justifying Rule 11 sanctions is a claim seeking damages for "seafood sauce" not containing seafood.  *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, No. 07-CV-3208 KAM SMG, 2009 WL 2922851, at *11–12 (E.D.N.Y. Sept. 8, 2009), *aff'd*, 682 F.3d 170 (2d Cir. 2012) (stating that "[i]t is difficult for the court to envision a stronger case for the imposition of Rule 11 sanction premised on the filing of a frivolous complaint" where the plaintiff continued to press baseless claims even against a court's admonition premised on the ridiculous claim that "seafood sauce" not containing seafood is deceptive and misleading).  A viable claim based in law and fact – as is the case here – does not warrant Rule 11 sanctions.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs incorporate the Ilkowitz Affidavit submitted with Plaintiffs' Opposition to Judicial Title's Motion to Dismiss (Dkt. 87) as well as the accompanying Mazzola Declaration annexed hereto, for a procedural and factual background of this matter.

## ARGUMENT

### I.   Standard for Rule 11 Motion for Sanctions

"Rule 11 is not a toy. A lawyer who transgresses the rule abuses the special role our legal system has entrusted to him." *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 421–22 (S.D.N.Y. 2003) (quoting *Draper & Kramer, Inc. v. Baskin-Robbins, Inc.*, 690 F. Supp. 728, 732 (N.D. Ill. 1988)).

Courts decide Rule 11 sanction requests by applying an objective standard of reasonableness. *See, e.g., Levy v. Aaron Faber, Inc.*, 148 F.R.D. 114, 122 (S.D.N.Y. 1993). Thus, the relevant inquiry is whether a competent attorney could have formed a reasonable belief that the pleadings were warranted by existing law or by a good faith argument for extension of that law. *Chum Ltd. v. Lisowski*, No. 98 CIV 5060, 2001 WL 243541, at *14 (S.D.N.Y. Mar. 12, 2001) (citing *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)).

Sanctioning a party or its attorneys for violating Rule 11 is a drastic measure reserved only for the most extraordinary circumstances. *See E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008); *Park v. Seoul Broad. Sys. Co.*, No. 05 CV 8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008); *see also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 CV 5316, 2006 WL 2807213, at *6 (S.D.N.Y. Sept. 28, 2006) ("[s]anctions should always be a (very) last resort"). Courts have repeatedly cautioned that the imposition of sanctions under Rule 11 must be made "with restraint and discretion." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652

(2d Cir. 2005) (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)).

Moreover, the Second Circuit has instructed that sanctions should be imposed with caution and any doubts should be resolved in favor of the non-movant. *See Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994); *see also O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990) ("doubts as to the viability of a signed pleading are to be resolved in favor of the signer"). Indeed, Rule 11 was intended to reduce, rather than contribute to, abuse of the legal system; allowing adversaries unrestricted ability to initiate a process in which competent attorneys must justify, under threat of sanctions, actions taken in good faith, does not serve the purposes of the Rule. *See Nakash v. U.S. Dept. of Justice*, 708 F. Supp. 1354 (S.D.N.Y. 1988).

II.     **The Basis of Judicial Title's Motion for Sanctions is Entirely Unfounded**

Despite Judicial Title's allegations in its Motion for Sanctions, Plaintiffs' claim against Judicial Title is based on 1) evidentiary support, 2) a due diligence investigation by Plaintiffs' counsel of the law and facts supporting the claim with real estate and title attorneys and a title aagent, 3) supporting legal precedent, or, at the very least, unsettled or uncertain law, and 4) strong public policy considerations. *See* Mazzola Dec., ¶ 24. Even if there was no case law supporting Plaintiffs' negligence claim against Judicial Title, this action still would not be sanctionable. At an absolute minimum, Plaintiffs' action against Judicial Title is a good faith argument and the interpretation of decisional law in the State of New York to extend the duty of a title agent or abstractor to a homebuyer. Even if no case law existed supporting their claim, Judicial Title's Motion for Sanctions must still fail. Because Rule 11 sanctions can be wielded as a coercive weapon, courts recognize that Rule 11 is a drastic measure reserved only for the most extraordinary circumstances. *See E. Gluck Corporation v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008).

Indeed, Rule 11 is not to be applied in a fashion that will "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986); *see also Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010) (finding that judgments enforcing Rule 11 must be careful not to rein in zealous advocacy).

### a. Plaintiffs previously responded to Judicial Title's Arguments in their opposition to Judicial Title's Motion to Dismiss

Rule 11 should not be used to raise issues of legal sufficiency that more properly can be addressed by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment. As a general matter, dismissal of a frivolous case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort. *See Chambers v. United States Dept. of the Army*, 499 U.S. 959 (1991).

Despite Judicial Title's efforts to masquerade its Motion for Sanctions as something other than a regurgitation of the arguments previously presented by Judicial Title in its Motion to Dismiss, it is apparent that the present Motion for Sanctions rests upon the exact same flawed legal arguments. In essence, Judicial Title repeats its entire argument presented in its Motion to Dismiss. In its Motion for Sanctions, Judicial Title contends – quoting its own Motion to Dismiss – "there has been no case where a title insurer, title agent, or title abstractor was held liability for negligence as a result of a title search failing to reveal lead-based paint." Motion for Sanctions, at 11. These arguments are duplicative of those made in Judicial Title's Motion to Dismiss and are not appropriate here, especially where there has been no discovery. *See Burns v. Bank of America*, No. 03 Civ. 1685 (RMB) (JCF), 2007 WL 1589437, *32 (S.D.N.Y. June 4, 2007) ("[I]t is premature to consider a motion for sanctions on such issues where, as here, the parties are still in the midst of discovery.").

Plaintiffs have already responded to all of those points in their opposition to the Motion to Dismiss and wish to avoid burdening the Court with a repetition of those arguments here.  *See* Dkt. Nos. 87, 90, and 93.  The parties' debate over those points properly belongs within the context of Judicial Title's Motion to Dismiss – a fact that itself demonstrates the needless redundancy and impropriety of Judicial Title's Motion for Sanctions.  *See Safe-Strap, Inc. v. Koala Corp.,* 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003) ("The Advisory Committee Notes for Rule 11 explain that 'Rule 11 motions . . . should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. In essence, 'Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss'") (citations omitted).

> **b.  Judicial Title's recycled arguments for dismissal in Rule 11 motion for sanctions continue to lack merit**

Throughout the Motion for Sanctions, Judicial Title argues that Plaintiffs' claims are frivolous because no such case could ever exist against Judicial Title.  Judicial Title continues to ignore New York precedent that directly rebuts their claim that "Plaintiff's negligence claim against Judicial Title . . . is not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Motion for Sanctions, at 10.  In doing so, Judicial Title demonstrates a fundamental misunderstanding of Plaintiffs' claims against Judicial Title.  Plaintiffs are not alleging negligence against Judicial Title under the Plaintiff's First American Title Insurance Company Insurance Policy for Plaintiffs' residential home located at 498 Manor Lane, Pelham Manor, New York 10803 (the "Home"), but rather against Judicial Title for their negligent title and departmental searches as title agent or abstractor.

Plaintiffs will not waste the Court's time reciting the very same arguments made in their opposition to Judicial Title's Motion to Dismiss.  However, the support exists and, for that very reason, Judicial Title's Motion for Sanctions must fail.  Indeed, New York Courts recognize claims of negligence against the title agent who performs a title search.  *See Herbil Holding Co. v. Commonwealth Land Tide Ins. Co.*, 183 A.D.2d 219, 590 N.Y.S.2d 512 (2d Dep't 1992)  (noting that "the title examiner serves the abstract company engaged by the insured, which owes a duty of care to that insured; liability can arise in the event that the search is performed in a negligent manner"); *Stewart Title Ins. Co. v. Equitable Land Servs., Inc.*, 207 A.D.2d 880, 616 N.Y.S.2d 650 (1994) (finding that agent who performed title searches for title insurer was negligent); *Citibank, N.A., v. Chicago Tide Ins. Co.*, 214 A.D.2d 212, 218, 632 N.Y.S.2d 779, 783 (1st Dep't 1995) (acknowledging the holding in *Herbil Holding* that an abstract company engaged by an insured may be may be liable for a negligently performed search, in order to distinguish it from the case before that involved a claim for negligence against the title insurance company, as opposed to the abstract company).

Plaintiffs concede that case law exists, as cited by Judicial Title, which challenges Plaintiff's negligence claim against Judicial Title.  *See TIMAC Realty v. T & E Tremont LLC*, 121 A.D.3d 457, 2014 N.Y. Slip Op. 06858  (1st Dep't 2014); *L. Smirlock Realty Corp. v. Title Guarantee Co.*, 421 N.Y.S.2d 232, 239, 70 A.D.2d 455, 465 (2d Dep't 1979).   However, what these cases show is that the case law is at best unsettled and unsettled case law does not warrant dismissal of an action and/or sanctions.  To establish a Rule 11(b)(2) violation, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *E. Gluck Corporation v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (quoting *Park v. Seoul Broad.*

*Sys. Co.,* No. 05 Civ. 8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008) (finding that Courts may issue Rule 11 sanctions only in extraordinary circumstances)).   At the very least, Plaintiffs have a reasonable argument for negligence – supported by case law – against Judicial Title as the title agent and title abstractor.  *See ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 81 (S.D.N.Y. 2016) ("The extent to which a litigant has researched the issue and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account when determining whether [Rule 11(b)(2)] has been violated.") (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments).

### c.   Rule 11 sanctions are not appropriate as counsel conducted a "reasonable inquiry" into the facts and the law before filing complaint

In order to obtain sanctions under Rule 11, the moving party must show that a pleading has been interposed for an improper purpose, or that after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law, or a good faith argument for the extension, modification or reversal of existing law.  *See Eastway Constr. Corp. v. City of New York*, 762, F.2d 243, 254 (2d. Cir. 1985).  Sanctions may not be imposed unless a particular allegation is utterly lacking in support.  *See O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d. Cir. 1996); *see also Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259 (E.D.N.Y. 1997) (sanctions are not appropriate unless challenged actions are entirely without color and motivated by improper purposes, such as harassment or delay).

Prior to bringing the action against Judicial Title, Plaintiffs' counsel performed a due diligence and reasonable inquiry of the legal and factual basis of the claim.  *See* Mazzola Dec., ¶¶ 21-25.  Plaintiffs' counsel consulted with several other attorneys who all agreed that Plaintiffs have a viable negligence claim arising out of the title search against Judicial Title as title agent and title

abstractor.  *See* Mazzola Dec., ¶ 21.  Moreover, Plaintiffs' counsel, as part of the evidentiary review of the claim, discussed the claim with Plaintiffs and reviewed the factual record, which included documents evidencing that Plaintiffs paid Judicial Title $325.00 as ancillary fees to perform departmental searches for "Housing," "Building," Fire," and "C/O" or certificate of occupancy records pertaining to the Home.  *See* Mazzola Dec., ¶22.  In addition, Plaintiffs' counsel spoke to the Village of Pelham Manor and reviewed the Village of Pelham Manor's housing & building records file for the Home, which contained readily available public lead contamination and violation records for the Home.  *See* Mazzola Dec., ¶ 23.  Upon Plaintiffs' counsel's consultation with internal and third-party title attorneys and a title agent, these were the files and documents Judicial Title reviewed, or should have reviewed, pursuant to the departmental title search which Plaintiffs paid them to conduct.  *See* Mazzola Dec., ¶ 21.

Moreover, Judicial Title's allegations that Plaintiffs or Plaintiffs' counsel attempted to "conceal" or "failed to disclose" documents to the Court are entirely baseless and should be ignored.  Motion for Sanctions, at 13 and 18.  The facts surrounding Plaintiffs' decision to discontinue its claim against Defendant ENCO are entirely irrelevant to Judicial Title's Motion for Sanctions and should be ignored.

### d.  Sanctions against Plaintiffs are particularly unfounded

Citing to *Mir v. Bogan*, No. 13 CIV. 9172 PGG, 2015 WL 1408891 (S.D.N.Y. Mar. 27, 2015) (Gardephe, J.), *aff'd,* 668 F. App'x 368 (2d Cir. 2016),[4] Judicial Title attempts to argue that

---

[4] In *Mir*, this Court dismissed the *pro se* plaintiff's motion for sanctions against defendants, finding the motion meritless and that the legal arguments presented in the defendant's motion to dismiss were not frivolous or harassing. Moreover, this Court found that the alleged misrepresentations, which were the subject of the motion for sanctions, were not "utterly lacking in support" and that each alleged falsehood had at least "some basis in fact." *See Mir v. Bogan*, No. 13 CIV. 9172 PGG, 2015 WL 1408891, at *22 (S.D.N.Y. Mar. 27, 2015), *aff'd,* 668 F. App'x 368 (2d Cir. 2016).

sanctions against Plaintiffs, not just against Plaintiffs' counsel, are warranted.  Nothing could be more baseless.

In its Motion for Sanctions, Judicial Title claims that Plaintiffs violated Rule 11(b)(3) because "there is no evidentiary support for Plaintiffs' fundamental claim that they took title without knowledge of the risk that there would be lead based paint in the home."  Motion for Sanctions, at 19.  Not only did Plaintiffs' rely on their counsel for the validity of their claim against Judicial Title, but Plaintiffs' knowledge of the risk of lead based paint in their home is a question of fact and is contrary to Plaintiff Adam Ilkowitz's own affidavit in support of Plaintiffs' opposition to Judicial Title's Motion to Dismiss.  *See* Ilkowitz Aff. (Dkt. 87); Mazzola Dec., ¶ 22.

### e. Judicial Title's Motion for Sanctions – not Plaintiffs' Complaint – was filed for an improper purpose

In this case, Judicial Title's counsel has been viciously attacking Plaintiffs and Plaintiffs' counsel from the outset, threatening sanctions and making malicious and sanctimonious personal attacks.  It appears that Judicial Title's Motion for Sanctions – against Mr. Mazzola and Plaintiffs – is nothing more than a personal attack and vendetta against Mr. Mazzola.  *See* Mazzola Dec., ¶ 8.

Judicial Title's counsel is not using Rule 11 for its intended purpose (*i.e.*, to deter patently frivolous litigation) but rather as a bullying tactic to intimidate Plaintiffs and Plaintiff's counsel into dismissing a valid claim against Judicial Title.  *See* Mazzola Dec., ¶ 3.  On a conference call to Plaintiffs' counsel, Judicial Title's counsel, Adam Leitman Bailey, berated Mr. Mazzola, threatened sanctions, and made personal attacks in an uncivil and unprofessional manner.[5]  *See*

---

[5] This is not the first time Mr. Bailey has used abusive and bullying tactics against opposing counsel and adversaries. As documented in a New York Post article, Mr. Bailey has seemingly used analogous bullying tactics against an adversary.  *See* Julia Marsh, *Lawyer accused of telling tenant to 'commit suicide' sued for $25M*, N.Y. POST (Mar. 6, 2017), *article and recording available at* http://nypost.com/2017/03/06/lawyer-accused-of-telling-tenant-to-commit-suicide-sued-for-25m/ (please be advised that the audio recording contains explicit language).

Mazzola Dec., ¶ 8.  Indeed, Judicial Title's Motion for Sanctions, is just another example of Mr. Bailey's use of bullying tactics against an opposing counsel and, as such, should – at the very least – be denied for being used for an improper purpose.

### III.    The Court should award Plaintiffs their fees in opposing Judicial Title's Rule 11 motion for sanctions

Rule 11 imposes a duty on the party seeking sanctions to be circumspect in pursuing such a drastic remedy and to not to use the device for an improper purpose lest it may discourage expansion of the law through creative legal theories.  *See Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.").  For this reason, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."  *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008); Advisory Committee Notes; *see also Koar v. United States*, 1997 WL 1038181, at *2 n.2 (S.D.N.Y. Sept. 2, 1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant.").  The prevailing party may be entitled to reverse sanctions and costs where the Rule 11 motion "was clearly frivolous, filed for an improper purpose, or not well-grounded in fact or law." *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008) (citing *Goldberg v. Blue Ridge Farms, Inc.*, 2005 WL 1796116, at *7 (E.D.N.Y. July 26, 2005)).  According to the Advisory Committee Notes, an improper purpose would include any effort "to emphasize the merits of a party's position, to exact an unjust settlement, [or] to intimidate an adversary into withdrawing contentions that are fairly debatable."

For Judicial Title to take the position that it has taken – and ask the Court to sanction Plaintiffs and their counsel with sanctions – is patently frivolous and puts Judicial Title and its counsel in the position of furthering a highly sanctionable argument themselves.  Judicial Title's

{02516055 / 7}

10

Motion for Sanctions is simply a litigation and bullying tactic intended to emphasize the merits of Judicial Title's contentions and to intimidate Plaintiffs' counsel to withdraw meritorious allegations. "A request for sanctions under Rule 11 is not a tactical device and should not be used as such." *Nakash v. U.S. Dept. of Justice*, 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988). "Asserting a request for strategic reasons when there is any colorable argument supporting an adversary's position constitutes an 'improper purpose' within the meaning of the Rule." *Id.* Courts are best able to rule on requests for sanctions after deciding any substantive motion that has been raised and "[a]ttorneys who choose to submit marginal requests for sanctions before [the underlying substantive motion has been decided], in the misguided hope that they will help persuade the court on the merits, run a risk of violating the Rule." *Id.*

Accordingly, because Judicial Title's Motion for Sanctions is itself frivolous and was seemingly filed for a malicious and improper purpose, Plaintiffs and Plaintiffs' counsel seek costs and attorneys' fees spent in preparation of this opposition and to defend the Motion for Sanctions.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Court should deny Judicial Title's Motion for Sanctions, in its entirety.

MESSNER REEVES LLP
*Attorneys for Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz*


By: ___/s/ Benjamin Lowenthal_____
    Jean-Claude Mazzola
    Benjamin S. Lowenthal
    805 Third Avenue, 18th Floor
    New York, New York 10022
    Tel: (646) 663-1860
    Fax: (646) 663 1895

{02516055 / 7}