UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENIECE ILKOWITZ and ADAM ILKOWITZ, <br><br> Plaintiffs, <br><br> -against- <br><br> MICHAEL DURAND, MARLENE ZARFES a/k/a MARLENE DURAND, ALAN C. PILLA, HOULIHAN LAWRENCE, INC. JANE H. CARMODY, THE JUDICIAL TITLE INSURANCE AGENCY LLC, and ENCO HOME INSPECTIONS LLC, <br><br> Defendants. | Case No. 17 Civ. 773 (PGG) <br><br> ECF Case <br><br> **DECLARATION OF SCOTT J. PASHMAN** |

SCOTT J. PASHMAN, an attorney admitted to practice before the U.S. District Court for the Southern District of New York, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am associated with Adam Leitman Bailey, P.C., attorneys for Defendant, The Judicial Title Insurance Agency LLC ("Judicial Title"), in the above captioned action.

2. I make this declaration on the basis of my personal knowledge.

3. I respectfully submit this declaration in support of Judicial Title's application to the Court for the appropriate amount of a sanctions award as directed in the Court's Memorandum Opinion and Order dated March 27, 2018 (ECF Doc. No. 113).[1]

---

[1] In this submission, Judicial Title will refer to prior filings on the ECF docket for this action by Docket Number, the contents of which are incorporated by reference, without attaching extra copies of those prior filings. However, should the Court require additional copies of prior-filed documents to be resubmitted as part of this sanctions application, Judicial Title respectfully requests leave to submit such documents on ECF and/or as additional working copies as the Court may direct.

4. As discussed below and in the accompanying memorandum of law, Judicial Title respectfully submits, pursuant to Fed. R. Civ. P. 11(c)(1) and (c)(4), that Plaintiffs' attorneys Jean-Claude Mazzola and Mr. Mazzola's firm Messner Reeves LLP (together, "Plaintiffs' Counsel") should be ordered to pay to Judicial Title the amount of $56,857.57 representing all of the reasonable attorney's fees and other expenses of Judicial Title resulting from the violation of Rule 11.

## BACKGROUND

5. Plaintiffs Adam Ilkowitz and Jeniece Ilkowitz ("Plaintiffs") commenced this action with the filing of their Complaint on February 1, 2017 (ECF Doc. No. 1) (hereinafter "Complaint" or "Cmplt.").

6. In their Complaint, Plaintiffs alleged that (i) Defendants Michael Durand and Marlene Zarfes a/k/a Marlene Durand (the "Durands"), as sellers; (ii) Alan C. Pilla, as sellers' closing attorney; and (iii) Houlihan Lawrence, Inc. and Jane Carmody, as sellers' real estate broker and agent, violated the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 *et seq.*, by allegedly failing to disclose a history of lead-based violations in connection with Plaintiffs' purchase of a residential home. See, e.g., Compl. ¶¶ 1, 12-18, 22-35.

7. As against Judicial Title, the Complaint asserted a single cause of action for negligence based on a title search that did not reveal a history or the presence of lead at the Property. Compl. ¶¶ 62-67. As alleged in the Complaint, "Judicial Title performed a title search of property" and "[n]o specific history or presence of lead in the Property was found." Compl. ¶ 12. The Complaint further alleges that Judicial Title and the other defendants were:

>    charged with the duty of ensuring the Property adhered to the contract of sale and was not in defective or hazardous condition, and/or disclosing the presence of any known lead-based paint, or any known lead-based paint hazards in the Property, which they inspected, performed contracted title and background searches, made warranties regarding the Property as part of the sale of the Property, or participated in the sale of the Property.

Compl. ¶ 63.

8. Plaintiffs have been represented in this action by the law firm of Messner Reeves LLP by Jean-Claude Mazzola, and Benjamin S. Lowenthal, Esq.

9. The Complaint was electronically signed and filed by Mr. Lowenthal with Mr. Lowenthal's name appearing underneath Mr. Mazzola's name in the signature block. (ECF Doc. No. 1 at p. 17.)

10. In a footnote to his Declaration In Opposition to Defendant Judicial Title's Motion for Sanctions dated October 17, 2017, Mr. Mazzola stated:

>    To note, attorney Benjamin S. Lowenthal filed and signed the Complaint via electronic signature through Mr. Lowenthal's S.D.N.Y. ECF PACER account. I did not sign the Complaint and, as such, may not be the appropriate party for sanctions. However, I take full responsibility for all pleadings that emanate from my New York office.

(ECF Doc. No. 1 at p. 2, n.2.)

11. Based upon my review of the website of Messner Reeves LLP (www.messner.com) on April 5, 2018, Mr. Mazzola is currently a partner in that firm and serves as head of the firm's New York office.

12. Based upon a Google search conducted on April 5, 2018, I am informed that Mr. Lowenthal is no longer associated with Messner Reeves LLP and is currently associated with the law firm of Smith, Gambrell & Russell, LLP, in Atlanta, Georgia.

## JUDICIAL TITLE RETAINS COUNSEL

13. Judicial Title was served with process in this action on February 6, 2017. (ECF Doc. No. 27.)

14. Judicial Title retained the law firm of Adam Leitman Bailey, P.C. ("ALB") to represent it in this action on or about February 23, 2017. A copy of the retainer agreement dated February 23, 2017, is annexed hereto as Exhibit 1.

15. The retainer agreement provided that ALB will bill Judicial Title for its services by the amount of time spent by attorneys and paralegals at their hourly rates. Exhibit 1 at p. 1.)

16. The retainer agreement stated that, as of February 23, 2017, ALB's current hourly rates were $125.00 for paralegals, legal assistants and law clerks, and $195.00-$650.00 for attorneys. (Exhibit 1 at pp. 1-2.)

17. At the inception of ALB's representation of Judicial Title, ALB received a retainer of $10,000.00. (Exhibit 1 at p. 2.)

18. The retainer letter also explained that charges will likely exceed the retainer amount. (Exhibit 1 at p. 2.)

## ALB TRIES UNSUCCESSFULLY TO PERSUADE PLAINTIFFS' COUNSEL TO WITHDRAW THE COMPLAINT

19. Following service of process, ALB, as attorneys for Judicial Title, sent a letter to Plaintiffs' Counsel dated March 13, 2017, demanding that the Complaint be dismissed as against Judicial Title and warning that Plaintiffs' failure to comply would be grounds for sanctions. (ECF Doc. No. 103-2.)

20. In a conference call between ALB and Plaintiffs' Counsel held on March 16, 2017, in which I personally participated, ALB demanded and Plaintiffs' Counsel refused to withdraw Plaintiffs' claim against Judicial Title.

21. On that call, Plaintiffs' Counsel Mr. Mazzola stated that he is an expert in title insurance and has represented Lloyd's of London and other major insurers throughout his career including title insurance matters.

22. ALB confirmed the conversation in writing. (ECF Doc. 103-3.)

### ALB SUCCESSFULLY DEFENDS THE ACTION ON BEHALF OF JUDICIAL TITLE AND PREVAILS ON A MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL

23. On March 30, 2017, Judicial Title filed its pre-motion letter regarding Judicial Title's proposed motion to dismiss or for summary judgment with respect to Plaintiffs' Fifth Cause of Action and the Durand Defendants' cross-claim (the "Judicial Title Summary Judgment Motion"). (ECF Doc. No. 51.)

24. On March 31, 2017, Judicial Title filed its pre-motion letter with respect to its proposed motion for sanctions pursuant to Rule 11. (ECF Doc. No. 52.)

25. Plaintiffs opposed on April 4, 2017. (ECF Doc. No. 53.)

26. On April 24, 2017, Judicial Title filed its pre-motion letter with regarding Judicial Title's proposed motion to dismiss or for summary judgment with respect to the cross-claim for contribution and/or indemnification asserted by Defendants Houlihan Lawrence Inc. and Jane Carmody. (ECF Doc. No. 61.)

27. On April 25, 2017, the Court entered the So-Ordered Stipulation discontinuing the Durand Defendants' cross-claim for contractual indemnification with prejudice. (ECF Doc. No. 62.)

28. On April 27, 2017, the parties filed their joint letter to the Court in advance of the scheduled Initial Pretrial Conference. (ECF Doc. No. 65.)

29. On May 1, 2017, the Court entered orders adjourning the Initial Conference sine die and setting a schedule for the briefing of Defendants' motions to dismiss. (ECF Doc. Nos. 66 and 67.)

30. On June 19, 2017, the Court entered the So-Ordered Stipulation discontinuing the cross-claim asserted by Defendants Houlihan Lawrence Inc. and Jane Carmody against Judicial Title with prejudice. (ECF Doc. No. 68.)

31. On June 1, 2017 (ECF Doc. No. 80), ALB served all parties with the Judicial Title Summary Judgment Motion consisting of a Notice of Motion (ECF Doc. No. 75), Rule 56.1 Statement with Appendix (ECF Doc. No. 76), Declaration of Vincent Morano with exhibits (ECF Doc. No. 77), Declaration of Scott J. Pashman with exhibits (ECF Doc. No. 78), and Memorandum of Law (ECF Doc. No. 79).

32. Plaintiffs and the Durand Defendants opposed. (ECF Doc. Nos. 81, 87, 90, 98, 99.)

33. On July 25, 2017, ALB served all parties with reply papers in further support of the Judicial Title Summary Judgment Motion consisting of a Reply Memorandum of Law (ECF Doc. No. 94), a Rule 56.1 Counterstatement (ECF Doc. No. 95), a Reply Declaration of Vincent Morano with exhibit (ECF Doc. No. 96), and a Reply Declaration of Scott J. Pashman with exhibit (ECF Doc. No. 97.)

34. On September 13, 2017 (ECF Doc Nos. 101, 105), ALB served all parties with Judicial Title's motion for sanctions pursuant to Rule 11 (the "Judicial Title Sanctions Motion"). The moving papers consisted of a Notice of Motion (ECF Doc. No.

102), the Declaration of Scott J. Pashman with exhibits (ECF Doc. No. 103), and a Memorandum of Law (ECF Doc. No. 104.)

35. In the Judicial Title Sanctions Motion, Judicial Title moved for an Order, pursuant to Fed. R. Civ. P. 11, imposing sanctions upon Plaintiffs and Plaintiffs' Counsel in the amount of Judicial Title's attorneys' fees and costs incurred following the filing of Plaintiffs' Complaint in this action on February 1, 2017, including fees and costs for the motion for sanctions. (ECF Doc. No. 102.)

36. Plaintiffs did not withdraw their Complaint during the 21-day safe harbor period provided for in Fed. R. Civ. P. 11(c)(2).

37. Plaintiffs opposed the Judicial Title Sanctions Motion. (ECF Doc. Nos. 106, 107, 108.)

38. On October 31, 2017, ALB served all parties with Judicial Title's Reply Memorandum of Law in further support of the Judicial Title Sanctions Motion (ECF Doc. No. 110.)

39. By Memorandum Opinion and Order entered on March 27, 2018 (ECF Doc. No. 113), the Court granted Judicial Title's motion for summary judgment dismissing Plaintiffs' Fifth Cause of Action for negligence and the Durands' cross-claim for contribution.

40. In addition, the Court granted Judicial Title's motion for sanctions as against Plaintiffs' attorney Jean-Claude Mazzola. (ECF Doc. No. 113.)

**ATTORNEY'S FEES AND EXPENSES INCURRED BY JUDICIAL TITLE**

41. A copy of ALB's client ledger for this matter is annexed hereto as Exhibit 2.

42. Copies of ALB's monthly invoices reflecting detailed time entries for our representation of Judicial Title in this matter are annexed hereto as Exhibit 3.

43. ALB's time records are made by computer entry by the reporting lawyer (or paraprofessional timekeeper) at or near the time of the transaction reported and account for their time in $1/10^{th}$ hour increments. The time report briefly but accurately reports what was done during the span billed. Time reports are then aggregated by our billing department which produces the invoices sent to clients. All invoices are reviewed by the primary billing attorney for the matter (me in this case) and then by Adam Leitman Bailey.

44. The time appearing on ALB's bills was necessarily expended in defending Judicial Title in this action and was necessary for effective representation.

45. ALB's rates, as they appear in our billing records, are our standard billing rates for litigation of this type. They are in line with those of other firms specializing in real estate and title insurance litigation such as this matter.

46. I can also say from past personal experience working as a litigation associate in a large law firm that the hourly rates charged by ALBPC are generally less expensive than the rates charged by attorneys who routinely conduct commercial litigation matters before the U.S. District Court for the Southern District of New York, where it is not uncommon for even junior associates to have hourly billing rates greater than $500, and for partners to have hourly rates that are substantially higher.

47. I was the primary attorney responsible for performing the work on this matter. I was chiefly responsible for the factual and legal analysis of the documents,

court papers, and for conducting legal research and preparation of all of Judicial Title's motion papers.

48. A junior associate, Danny Ramrattan, conducted preliminary legal research and drafting that was incorporated into ALB's work product on this matter.

49. ALBPC trial partner Colin E. Kaufman spent several hours of time preparing to attend the Initial Pretrial Conference in this action before the Court ordered that the Initial Pretrial Conference be adjourned sine die while dismissal motions proceeded. It had been our intention to send Mr. Kaufman to the Initial Pretrial Conference in anticipation that he would serve as our lead trial attorney in this matter had the action proceeded to that stage as against Judicial Title.

50. Adam Leitman Bailey, the founding and managing partner of the firm, billed a bare minimum of time at the early stage of the case when our efforts were focused on persuading Plaintiffs' Counsel to withdraw the action as against Judicial Title before the parties engaged in motion practice.

51. Annexed hereto as Exhibit 4 is narrative information about Adam Leitman Bailey, P.C., as a firm; the firm's real estate litigation practice; the firm's title insurance claims practice; and biographies of Adam Leitman Bailey, Colin E. Kaufman, Scott J. Pashman, and Danny Ramrattan.

### REASONABLE AMOUNT OF SANCTION

52. I respectfully submit that, in accordance with Fed. R. Civ. P. 11(c)(4), the Court should enter an order directing Plaintiffs' Counsel to make payment to movant Judicial Title all of Judicial Title's reasonable attorney's fees and expenses directly resulting from the violation of Rule 11 – that is, $56,867.57 representing a total of 157.4 hours billed plus expenses of $439.54 as detailed on ALB's invoices.

53. As discussed above, ALB tried in good faith by letter and conference call to persuade Plaintiffs' Counsel to drop this case as against Judicial Title.

54. Plaintiffs' Counsel did not do so, which lead directly to the summary judgment motion practice.

55. Our motion for sanctions was served on September 13, 2017.

56. As discussed above, Plaintiffs' Counsel did not withdraw the Complaint as against Judicial Title within the 21-day safe harbor period.

57. Rather, Plaintiffs' Counsel opposed the Judicial Title Sanctions Motion, which then obligated ALB to prepare a reply.

58. In drafting all of Judicial Title's motion papers, I made no assumptions that this Court had prior experience in title insurance matters and took care to ensure that our motion papers thoroughly explained the documents and legal authorities.

59. ALB's hard work on the papers is reflected in the Court's 42-page Memorandum Opinion and Order, which closely tracks the facts and legal arguments set forth in Judicial Title's papers, including the portions of Judicial Title's papers that distinguished the legal authorities relied upon by Plaintiffs' Counsel.

60. In addition, the motion papers so completely resolved the issues in this matter affecting Judicial Title that the Court was able to rule on the papers without oral argument.

61. For these reasons, I respectfully submit that ALB's entire fee of $56,867.57 is reasonable, and that the appropriate sanction in this case – that which would deter repetition of the conduct or comparable conduct by others similarly situated (Fed. R. Civ. P. 11(c)(4)) – is to order that Plaintiffs' Counsel should pay to Judicial Title

that amount as reasonable attorney's fees and other expenses directly resulting from the violation.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on April 5, 2018.

*/s/ Scott J. Pashman*
SCOTT J. PASHMAN

Adam Leitman Bailey, P.C.
*Attorneys for Defendant*
*The Judicial Title Insurance Agency, LLC*
One Battery Plaza, 18th Floor
New York, New York 10004
(212) 825-0365
E-mail: spashman@alblawfirm.com