UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENIECE ILKOWITZ and ADAM ILKOWITZ,<br><br>    Plaintiffs,<br><br>-against-<br><br>MICHAEL DURAND, MARLENE ZARFES a/k/a MARLENE DURAND, ALAN C. PILLA, HOULIHAN LAWRENCE, INC. JANE H. CARMODY, THE JUDICIAL TITLE INSURANCE AGENCY LLC, and ENCO HOME INSPECTIONS LLC,<br><br>    Defendants. | Case No. 17 Civ. 773 (PGG)<br><br>ECF Case |

**DEFENDANT THE JUDICIAL TITLE INSURANCE AGENCY LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION
TO THE COURT FOR AN APPROPRIATE AMOUNT OF SANCTIONS**

Defendant, The Judicial Title Insurance Agency LLC ("Judicial Title"), submits this memorandum of law in support of its application to the Court for an appropriate amount of sanctions.

## BACKGROUND

Judicial Title "moved for Rule 11 sanctions against Plaintiffs and their counsel 'in the amount of Judicial Title's attorneys' fees and costs incurred following the filing of Plaintiffs' Complaint in this action on February 1, 2017, including fees and costs for the motion for sanctions.'" Memorandum Opinion and Order dated March 27, 2018 ("Order") (ECF Doc. No. 113) at p. 37 (quoting Notice of Motion, ECF Doc. No. 102).

This Court denied Judicial Title's motion for sanctions directly against Plaintiffs. Order at p. 40. However, this Court granted Judicial Title's motion for sanctions against Plaintiffs'

attorney Jean-Claude Mazzola and directed Judicial Title to make this submission. Order at pp. 40-42.

The Court is respectfully referred to the accompanying Declaration of Scott J. Pashman dated April 5, 2018 ("Pashman Decl."), and the exhibits thereto, for a more detailed recitation of the facts and evidentiary support for Judicial Title's application to the Court to fix the appropriate amount of the sanction.

## ARGUMENT

### THE COURT SHOULD AWARD JUDICIAL TITLE ITS ATTORNEY'S FEES AND COSTS AS THE APPROPRIATE SANCTION

First, sanctions should be directed jointly against Jean-Claude Mazzola and his law firm, Messner Reeves LLP (together, "Plaintiffs' Counsel"). Fed. R. Civ. P. 11(c)(1) states that: "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Mr. Mazzola is a partner of the Messner Reeves firm and his former associate, Benjamin Lowenthal, was an associate at the firm at the time of the conduct giving rise to the violation. Pashman Decl. at ¶¶ 8-12; ECF Doc. No. 106 (Declaration of Jean-Claude Mazzola in Opposition) at ¶¶ 1, 4 n.2.

Second, pursuant to Fed. R. Civ. P. 11(c)(2), "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Here, the Court has already granted the motion on the basis that it would include the attorney's fees for the motion. Plaintiffs' Counsel did not oppose that aspect of the relief sought in the Motion. Rather, Plaintiffs' Counsel asked the Court to award them their fees in opposing the sanctions motion. See ECF Doc. No. 107 (Memorandum of Law in Opposition to Motion) at pp. 9-10. Plaintiffs' Counsel should not be heard to complain simply because the Court has now determined that Judicial Title is the prevailing party in the action and on the sanctions motion.

2

Third, the sanction should include an award of all attorney's fees and costs incurred by Judicial Title following the filing of Plaintiffs' frivolous complaint against Judicial Title in February 2017. Fed. R. Civ. P. 11(c)(4) states that the sanction may include "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

In this case, Judicial Title moved for Rule 11 sanctions, and the motion was granted. After thoroughly reviewing the facts and the law, the Court determined that "[i]t should have been apparent from the outset of this litigation that Plaintiffs' negligence claim against Judicial Title was baseless." Memorandum Opinion and Order (ECF Doc. No. 113) at p. 40. It follows from that statement that what is warranted for effective deterrence is an award to Judicial Title of all the reasonable attorney's fees and other expenses it incurred directly resulting from the filing of Plaintiff's frivolous negligence claim against Judicial Title in February 2017.

Both the U.S. Supreme Court and the U.S. Court of Appeals for the Second Circuit have held that the lodestar method—"the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing cases). "While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." *Id.*

"[T]he rates for legal services should be based on the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.' . . . The relevant community used in this inquiry is the judicial district in which the trial court sits." *MGID, Inc. v. Outbrain Inc.*, No. 13-cv-367 (PGG) (RLE), 2016 WL 1337303, at *3 (S.D.N.Y. March 31, 2016) (Gardephe, J.) (citing cases). The court should consider other factors such as

3

the complexity or difficulty of the case, the recourses required to prosecute the case effectively, the timing demands of the case, reputational concerns, and the extent of the party's success in the litigation. *Norland Enterprise S. de R.L. v. C-Fuels America Inc.*, No. 10-cv-9215 (PGG), 2012 WL 13060077, at *1-2 (S.D.N.Y. June 22, 2012) (Gardephe, J.) (citations omitted).

"As to litigation expenses, 'attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients." *Schwartz v. Intimacy in New York, LLC*, No. 13-cv-5735 (PGG), 2015 WL 13630777, at *6 (S.D.N.Y. Sept. 16, 2015) (Gardephe, J.) (citation omitted).

In this case, Judicial Title agreed to compensate Adam Leitman Bailey, P.C., at the hourly rates set forth in its retainer agreement. See Pashman Decl. Exhibit 1. The rates are in line with those of other firms specializing in real estate and title insurance litigation such as this matter. Pashman Decl. ¶ 45. As is likely apparent to the Court, the rates of Adam Leitman Bailey, P.C., are generally lower than the rates charged by many esteemed firms that routinely practice in commercial litigation matters pending in the Southern District of New York. Pashman Decl. ¶ 46.

Notwithstanding the Court's ultimate conclusion that the negligence claim against Judicial Title was baseless, the stakes were high for Adam Leitman Bailey, P.C.'s client and for the title insurance industry more generally. Adam Leitman Bailey, P.C.'s work on this matter led to a complete victory for its client Judicial Title in the form of summary judgment and the granting of a motion for sanctions pursuant to Rule 11.

The invoices attached to the Pashman Declaration as Exhibit 3 set forth the activity of the Adam Leitman Bailey, P.C. attorneys in great detail. Each of the tasks performed led directly to the results set forth in the Court's Memorandum Opinion and Order granting summary judgment

4

and sanctions. Expenses for such matters as postage, PACER access, and Westlaw research are clearly delineated.

Finally, as demonstrated in the Pashman Declaration and as discussed in the Court's opinion, Adam Leitman Bailey, P.C., made good faith efforts early on to persuade Plaintiffs' Counsel to withdraw this case against Judicial Title before substantial fees were incurred. Plaintiffs' Counsel did not do so. Nor did Plaintiffs' Counsel withdraw the Complaint during the Rule 11 Safe Harbor period. In sum, Adam Leitman Bailey, P.C., handled this matter methodically and achieved success in the matter on behalf of its client, Judicial Title.

## CONCLUSION

For the reasons set forth above and in the accompanying Pashman Declaration and exhibits thereto, Judicial Title respectfully submits, pursuant to Fed. R. Civ. P. 11(c)(1) and (c)(4), that Plaintiffs' attorneys Jean-Claude Mazzola and Mr. Mazzola's firm Messner Reeves LLP should be ordered to pay to Judicial Title the amount of $56,857.57 representing all of the reasonable attorney's fees and other expenses of Judicial Title resulting from the violation of Rule 11.

Dated: New York, New York
April 5, 2018

Respectfully submitted,

ADAM LEITMAN BAILEY, P.C.

By: _____/s/ Scott J. Pashman_____
Scott J. Pashman

One Battery Park Plaza, 18th Floor
New York, New York 10004
(212) 825-0365
Email: spashman@alblawfirm.com

*Attorneys for Defendant*
*The Judicial Title Insurance Agency LLC*