UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JENIECE ILKOWITZ and ADAM ILKOWITZ,   :
  :
       Plaintiffs,   :   Civil Action No.: 1:17-cv-00773
  :   (PGG)
   -against-   :
  :   ECF Case
MICHAEL DURAND, MARLENE ZARFES a/k/a   :
MARLENE DURAND, ALAN C. PILLA, HOULIHAN   :
LAWRENCE, INC., JANE H. CARMODY, THE   :
JUDICIAL TITLE INSURANCE AGENCY LLC, and   :
ENCO HOME INSPECTIONS LLC,   :
  :
       Defendants.   :
  :

-----------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT THE JUDICIAL TITLE INSURANCE AGENCY LLC'S FEE APPLICATION

---

**MESSNER REEVES LLP**
*Attorneys for Plaintiffs*
805 Third Ave., 18th Floor
New York, New York 10022
Tel: (646) 663-1870

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................1

INTRODUCTION .........................................................................................................1

   LEGAL STANDARD ...............................................................................................2

ARGUMENT.................................................................................................................3

    A.  Adam Leitman Bailey, P.C.'s hourly rates are excessive and should be reduced ...........3

    B.  Adam Leitman Bailey, P.C.'s time is excessive and should be reduced ........................7

     i.  Adam Leitman Bailey, P.C.'s time was excessive ......................................................8

       a.  Adam Leitman Bailey, P.C. spent nearly five times the hours drafting the sanctions motion than it did drafting the motion to dismiss ..........................................................8

       b.  Mr. Pashman billed nearly 10 hours redrafting and revising pre-motion conference request letters ...............................................................................................................9

     ii.  Adam Leitman Bailey, P.C.'s time entries are block-billed and vague ....................10

     iii.  Adam Leitman Bailey, P.C. cannot recover for time its attorneys spent on administrative and clerical tasks ...................................................................................13

     iv.  Adam Leitman Bailey, P.C. cannot seek from Mr. Mazzola Fees billed for other parties' claims against Judicial Title ...........................................................................15

    C.  Judicial Title's Fee Application should be reduced .....................................................17

   CONCLUSION .......................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Alveranga v. Winston,*
  No. 4 Civ. 4356, 2007 WL 595069 (S.D.N.Y. Feb. 22, 2007) ...............................................18

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,*
  522 F.3d 182 (2d Cir. 2008) ...........................................................................................3, 4, 9

*ATC Distrib. Group, Inc. v. Ready-Built Transmissions, Inc.,*
  No. 03 Civ. 2150 (GWG), 2007 U.S. Dist. LEXIS 65963
  (S.D.N.Y. Sept. 7, 2007) ..............................................................................................12

*Beastie Boys v. Monster Energy Co,.*
  112 F.Supp.3d 31 (S.D.N.Y. 2015) ...............................................................................12

*Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.,*
  652 F.3d 277 (2d Cir. 2011) ...........................................................................................3

*Blum v. Stenson,*
  465 U.S. 886 (1984) ...............................................................................................4, 5, 6

*Cassie Nationale De Credit Agricole-CNCA v. Valcorp,*
  28 F.3d 259 (2d Cir. 1994) ...........................................................................................3

*Charles v. City of New York,*
  No. 13 Civ. 3547, 2014 U.S. Dist. LEXIS 124056
  (S.D.N.Y. Sept. 4, 2014) ...............................................................................................12

*Charles v. City of New York,*
  No. 13 Civ. 3547, 2014 WL 4384155
  (S.D.N.Y. Sept., 4, 2014) ...............................................................................................18

*Clarke v. Frank,*
  960 F.2d 1146 (2d Cir. 1992) ........................................................................................7

*Cooter & Gell v. Hartmarx Corp.,*
  496 U.S. 384 (1990) .......................................................................................................2

*E. Gluck Corp. v. Rothenhaus,*
  252 F.R.D. 175 (S.D.N.Y. 2008) ...................................................................................9

*E.S. v. Katonah-Lewisboro Sch. Dist.,*
  796 F. Supp. 2d 421 (S.D.N.Y. 2011) .........................................................................10

*Eastway Constr. Corp. v. City of New York*,
   762 F.2d 243 (2d Cir. 1985)...................................................................2, 3, 9

*Exch. Comm'n v. Goren*,
   272 F.Supp.2d 202 (E.D.N.Y. 2003) ..................................................18

*Farbotko v. Clinton Cty. of New York*,
   433 F.3d 204 (2d Cir. 2005)..................................................................4

*Gierlinger v. Gleason*,
   160 F.3d 858 (2d Cir. 1998)...............................................................4, 7

*Grant v. Martinez*,
   973 F.2d 96 (2d Cir. 1992)....................................................................7

*Guo v. Tommy's Sushi, Inc.*,
   2015 WL 452319 (S.D.N.Y. Feb. 5, 2016) .........................................12

*Healey v. Leavitt*,
   485 F.3d 63 (2d Cir. 2007)....................................................................3

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)...........................................................................3, 7

*In re Stock Exch. Options Trading Antitrust Litig.*,
   2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) .........................................7

*Kirschner v. Zoning Bd. of Appeals of Inc. Village of Valley Stream*,
   159 F.R.D. 391 (E.D.N.Y. 1995)........................................................2, 3, 9

*Kreisler v. Second Ave. Diner Corp.*,
   No. 10-CV-7592, 2013 WL 3965247 (S.D.N.Y. July 31, 2013) ...........12

*Lunday v. City of Albany*,
   42 F.3d 131 (2d Cir. 1994)..........................................................1, 7, 18

*M.L. ex rel. M.P. v. Bd. of Educ. of N.Y.C.*,
   02 Civ. 4288 (SHS), 2003 WL 1057476 (S.D.N.Y. Marc. 10, 2003) .....6

*Matteo v. Koh's Dep't Stores, Inc.*,
   No. 09-CV-7830, 2012 WL 5177491 (S.D.N.Y. Oct. 19, 2012, *aff'd*, 533 Fed.Appx. 1
   (2d Cir. 2013) ....................................................................................10

*McDonald ex rel Prendergast v. Pension Plan*,
   450 F.3d 91 (2d Cir. 2006)..................................................................18

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*,
450 F.3d 91 (2d Cir. 2006) ...................................................................................10

*Miroglio v. S.p.A. v. Conway Stores, Inc.*,
629 F.Supp.2d 307 (S.D.N.Y. 2009) ....................................................................10

*New York State Assoc. For Retarded Children v. Carey*,
711 F.2d 1136, 1142 (2d Cir. 1983). ..............................................................12, 18

*Nike, Inc. v. Top Brand Co.*,
2006 WL 2946472 (S.D.N.Y. Feb. 27, 2006),
*adopted by*, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). .....................................7

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986) .................................................................................5

*On Time Aviation, Inc. v. Bombardier Capital, Inc.*,
354 Fed. Appx. 448 (2d Cir. 2009) .....................................................................1, 9

*Quaratino v. Tiffany & Co.*,
166 F.3d 422 (2d Cir. 1999) ...................................................................................7

*Robinson v. City of New York*,
No. 05 Civ. 9545(GEL), 2009 WL 3109846 (S.D.N.Y. Sept. 29, 2009) ................3

*Rosado v. City of New York*,
No. 11 CIV. 4285(SAS), 2012 WL 955510
(S.D.N.Y. Mar. 5, 2012) .......................................................................................13

*Rosso v. Pi Mgmt. Assocs., L.L.C.*,
2006 WL 1227671 (S.D.N.Y. May 3, 2006).........................................................7

*Ryan v. Allied Interstate, Inc.*,
Nos. 12 CI. 0526, 2012 WL 3217853 (S.D.N.Y. Aug. 9, 2012)...........................13

*Saunders v. Salvation Army*,
2007 WL 927529 (S.D.N.Y. Mar. 27, 2007) ........................................................18

*Seitzman v. Sun Life Assurance Co. of Canada*,
311 F.3d 477 (2d Cir. 2002)...................................................................................8

*Sheehan v. Metro. Life Ins. Co.*,
450 F.Supp.2d 321 (S.D.N.Y. 2006) ......................................................................6

*Tiacoapa v. Carregal*,
386 F.Supp.2d 362 (S.D.N.Y. 2005) ......................................................................6

*United States ex rel ATC Distrib. Group Inc. v. Ready-Built Transmissions, Inc.*,
    2007 WL 2522638 (S.D.N.Y. Sept. 7, 2007).........................................................18

*United States ex rel.; Kirsch v. Fleet St.*,
    148 F.3d 149 (2d Cir. 1998)...........................................................................12

*Verizon Directories Corp. v. AMCAR Transp. Corp.*,
    05 CIV 08867 (GBD), 2008 WL 4891244 (S.D.N.Y. Nov. 12, 2008)......................6

*Watkins v. Smith*,
    No. 12 CIV. 4635 (DLC), 2015 WL 476867 (S.D.N.Y. Feb. 5, 2015) ....................6

*Wise v. Kelly*,
    620 F.Supp.2d 435 (S.D.N.Y. 2008) ................................................................11

*Yea Kim v. 167 Nail Plaza, Inc.*,
    No. 05-CIV-8560 (GBD)(GWG), 2009 WL 77876
    (S.D.N.Y. Jan. 12, 2009 ................................................................................12

## Federal Rules

Fed. R. Civ. P. 11(c)(2) ...................................................................................2

Fed. R. Civ. P. 11, *Notes on Advisory Committee to Rule 11*, 1993 Amendments ........................2

## PRELIMINARY STATEMENT

Plaintiffs' counsel Jean Claude Mazzola respectfully opposes Defendant The Judicial Title Insurance Agency LLC's ("Judicial Title's") Application to the Court for an Appropriate Amount of Sanctions ("Fee Application")[1]:

## INTRODUCTION

Judicial Title's Fee Application seeks $56,857.57 in attorney's fees and costs for what amounts to drafting two motions. Indeed, $30,060—or over 50%—of those fees were spent drafting Judicial Title's motion for sanctions. The purpose of Rule 11 sanctions is to deter baseless filings—not compensate the fee applicant for its indulgent billing practices. *See On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed. Appx. 448, 452 (2d Cir. 2009). The sole basis for this Court's sanction against Mr. Mazzola was Plaintiffs' negligence claim against Judicial Title. (Doc. 113 at 39-42.) Accordingly, any monetary sanctions awarded should be confined to the fees and costs incurred related to that claim—i.e., the motion to dismiss.

Limiting the scope as such is consistent with Rule 11's purpose. It is also consistent with this Court's obligation to make a "conscientious and detailed inquiry" into the bases for the requested fees. *Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994). Indeed, a close examination of the Fee Application reveals not only that the hourly rates are excessive, but that much of the time billed is excessive as well. Accordingly, as demonstrated below, Mr. Mazzola respectfully requests that this Court award only $14,182.50 of Judicial Title's requested attorney's fees and $154.11 of its requested costs.

---

[1] The entirety of Mr. Mazzola's opposition herein is made without prejudice or waiver to his ability to challenge the Court's March 27, 2018 order finding a basis under Rule 11 for sanctions in the first place.

## <u>LEGAL STANDARD</u>

Rule 11's central goal is "to deter baseless filings and the curbing of abuses." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). It should not be imposed "so as to chill creativity or stifle enthusiasm or advocacy." *Kirschner v. Zoning Bd. of Appeals of Inc. Village of Valley Stream*, 159 F.R.D. 391, 395 (E.D.N.Y. 1995); *see also Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) ("In framing [the Rule 11 standard], we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Vital changes have been wrought by those members of the bar who have dared to challenge the received wisdom, and a rule that penalized such innovation and industry would run counter to our notions of the common law itself."). The primary principle guiding this Court's award of sanctions is that "the sanctions should not be more than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *Kirschner*, 159 F.R.D. at 395. Accordingly, the Court may impose "some or all of the reasonable attorneys' fees and costs." *Id.* (citing Fed. R. Civ. P. 11(c)(2)).

The determination of sanctions amount is left to this Court's discretion. In exercising that discretion, this Court is guided by the following factors:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations

Fed. R. Civ. P. 11, *Notes on Advisory Committee to Rule 11*, 1993 Amendments.

Further, attorney's fees awarded under Rule 11 are "calculated under the 'lodestar' method." *Kirschner*, 159 F.R.D. at 395 (citing *Cassie Nationale De Credit Agricole-CNCA v. Valcorp*, 28 F.3d 259, 266 (2d Cir. 1994); *see also Eastway*, 821 F.2d at 122 (reviewing district court's award of attorney's fees as Rule 11 sanctions). The crux of the lodestar method is reasonableness—the "initial estimate" is calculated by multiplying "the number of hours <u>reasonably</u> expended on the litigation . . . by a <u>reasonable</u> hourly rate." *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (emphasis added). While the initial estimate is considered "presumptively reasonable," this Court must then consider "whether an upward or downward adjustment of the fee is warranted." *See Robinson v. City of New York*, No. 05 Civ. 9545(GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009); *see also Hensley*, 461 U.S. at 434 & n.4 (1983).

## ARGUMENT

### A. Adam Leitman Bailey, P.C.'s hourly rates are excessive and should be reduced

A "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The Second Circuit employs the forum rule, which "generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011). *Arbor Hill* made clear that a district court, "in exercising its considerable discretion," should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190.

In determining a reasonably hourly rate, the Court is to consider the "*Johnson* factors." *Arbor Hill*, 522 F.3d at 190. These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.6. "The burden rests on the prevailing party to justify the reasonableness of the requested rate" and the prevailing attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in the line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotations omitted) (holding that determination of hourly rate requires court to look to market rates currently "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

Thus the "equation in the case law of a reasonable hourly rate with the prevailing market rate contemplates a case-specific inquiry into prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (internal quotations omitted). This evidence may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id.*

Here, Judicial Title's counsel asserts that its $525 hourly rate for partners (Messrs. Bailey and Kaufman), $450 hourly rate for associates (Mr. Pashman), and $350 hourly rate for junior associates (Mr. Ramrattan) are reasonable. (Doc. 115 at 4.) Yet the only evidence offered to

support this assertion is Mr. Pashman's declaration. *Id.* Mr. Pashman's support for these bald assertions is only that these rates (a) are his firm's "standard billing rates for litigation of this type"; (b) "are in line with those of other firms specializing in real estate and title insurance litigation such as this matter"; and (c) are, based on his "past personal experience working as a litigation associate in a large law firm . . . generally less expensive than the rates charged by attorneys who routinely conduct commercial litigation matters before" this Court (whom he asserts have "hourly billing rates greater than $500" for junior associates and partner rates that are "substantially higher"). (Doc. 114, ¶¶ 45-46.) This evidence (or lack thereof) cannot support Judicial Title's requested hourly rates.

As a threshold matter, Judicial Title's sole reliance on Mr. Pashman's declaration is *per se* insufficient. *See Blum*, 465 U.S. at 895 n.11. Further, Mr. Pashman's non-descript and ambiguous statements do not establish the reasonableness of the requested fees. Mr. Pashman identifies neither the prior "large law firm" at which he worked nor the "other firms specializing in real estate and title litigation" to whom he is comparing his firm. While this Court may take judicial notice of its own familiarity with the rates prevailing in this district, it must be given specific direction as to what rates it should compare. The reason is plain: Mr. Mazzola has a due process right to challenge the sanctions awarded against him that is infringed if this Court makes a comparison in the dark. *See Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) (citing Fed. R. Civ. P. 11 advisory committee note) ("Courts should be sensitive to the impact of sanctions on attorneys. They can be economically punishing, as well as professionally harmful; due process must be afforded."). Mr. Pashman's declaration can be disregarded on that ground alone.

Further, comparison of Adam Leitman Bailey, P.C.'s ("ALB, P.C.'s") rates to an undisclosed "large law firm" improperly skews the inquiry. The inquiry is not whether ALB,

P.C.'s rates are cheaper than a "large firm." The inquiry is whether "the requested rates are in the line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. The mere fact that ALB, P.C.'s rates are cheaper than an undisclosed large firm says nothing about whether ALB, P.C.'s rates are commensurate to others in the Southern District. Indeed, examination of those factors here reveals that Judicial Title's requested rates are in fact excessive.

Courts in the Southern District have recognized that the "size of the firm representing a party seeking attorney's fees is a factor in determining a reasonable attorney's fee." *See Tiacoapa v. Carregal*, 386 F.Supp.2d 362, 370 (S.D.N.Y. 2005). With 26 attorneys, ALB, P.C. is considered a small firm in the instant market. (*See* Doc. 114-4 at 1 (noting that ALB has "under 30 attorneys").) "In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases." *Watkins v. Smith*, No. 12 CIV. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015); *see also Verizon Directories Corp. v. AMCAR Transp. Corp.*, 05 CIV 08867 (GBD), 2008 WL 4891244, at *5 (S.D.N.Y. Nov. 12, 2008) (hourly rate of $300 reasonable for associate with "several years" of experience in "commercial litigation" and rates of $425 and $525 reasonable for partners with "extensive experience"); *Sheehan v. Metro. Life Ins. Co.*, 450 F.Supp.2d 321, 328 (S.D.N.Y. 2006) (rates of $425 per hour for senior partner and $300 for associates were reasonable); *M.L. ex rel. M.P. v. Bd. of Educ. of N.Y.C.*, 02 Civ. 4288 (SHS), 2003 WL 1057476 at *3 (S.D.N.Y. Marc. 10, 2003) (awarding hourly rate of $350-375 to lawyer with 18 years of litigation experience).

Accordingly, because this Court can take judicial notice of this evidence, Mr. Mazzola respectfully submits that the appropriate hourly rates for ALB, P.C. are as follows: $425 for partners (Messrs. Kaufman and Bailey), $350 for senior associates (Mr. Pashman), and $250 for

junior associates (Mr Ramrattan). On that basis alone, even assuming that the entirety of the time ALB, P.C. billed to this matter was reasonable (it was not), application of these reasonable rates results in an initial reduction of $12,707.57.

**B. Adam Leitman Bailey, P.C.'s time is excessive and should be reduced**

The other part of the lodestar analysis asks whether the amount of time spent by the moving party's counsel was reasonable. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). The court reviews the hours expended by counsel, with an eye toward the value of the work product to the client's case, and excludes any expenditure of time that it unreasonable. *See Lunday*, 42 F.3d at 133. In determining whether the time spent was reasonable, the Court's task is to make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Id*. at 134. The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *accord Nike, Inc. v. Top Brand Co.,* 2006 WL 2946472, at *5 (S.D.N.Y. Feb. 27, 2006), *adopted by*, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). A court must exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *accord Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 n. 6 (2d Cir. 1999); *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998) *In re Stock Exch. Options Trading Antitrust Litig.*, 2006 WL 3498590, at *11 (S.D.N.Y. Dec. 4, 2006). In addition, in cases where the documentation is "vague or incomplete," the court may also reduce the award. *E.g., Rosso v. Pi Mgmt. Assocs., L.L.C.*, 2006 WL 1227671, at *2 (S.D.N.Y. May 3, 2006) (citing *In re Painewebber Ltd. P'Ships Litig.*, 2003 WL 21787410, at *4 (S.D.N.Y. Aug. 4, 2003)).

Here, Judicial Title requests compensation for 157.4 hours. As demonstrated below, these hours are excessive and must be reduced as follows:

### i.   Adam Leitman Bailey, P.C.'s time was excessive

A fee applicant's claimed hours should be reduced to the extent that counsel expended excessive and unreasonable amounts of time on certain tasks. *See Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002) (holding that where the requested amount of fees is excessive because the number of hours stated is greater than should have been required for the work performed, the Court should reduce the stated hours accordingly). Such a reduction is necessary here.

### a.   Adam Leitman Bailey, P.C. spent nearly five times the hours drafting the sanctions motion than it did drafting the motion to dismiss

ALB, P.C. spent a total of 15 hours preparing Judicial Title's motion to dismiss. (Doc. 114-3, 10.) In contrast, ALB, P.C. billed **73.7 hours**[2] preparing Judicial Title's motion for sanctions. Notably, Judicial Title's motion to dismiss totaled 45 pages, inclusive of all briefs and declarations. (Docs. 75-80, 94-97.) The total length of Judicial Title's motion for sanctions and subsequent reply is 34 pages. (Docs. 102-105, 110.) ALB, P.C. offers no explanation as to why drafting eleven fewer pages (for a motion that arguably took less research and legal analysis) resulted in nearly five times the hours billed. This is particularly so given that Judicial Title's motion for sanctions extensively relies on and quotes from Judicial Title's motion to dismiss. Indeed, the crux of Judicial Title's sanctions motion essentially repeats, word-for-word, its motion to dismiss. It cannot be reasonably disputed that, under these circumstances, the additional time spent beyond what was necessary for the motion to dismiss is simply excessive.

Moreover, Judicial Title's assertion that "this Court has already granted the motion on the basis that it would include the attorney's fees for the motion" is inaccurate. (Doc. 115 at 2.) Judicial Title's failure to offer a supporting citation is telling, as the March 27, 2018 sanctions

---

[2] This figure includes all time billed to this task, including attorney, paralegal, and assistant time.

order includes no such award. (Doc. 113 at 39-42.) And it offers no legal authority to support its bald assertion that Mr. Mazzola has acquiesced to such an award here. (*Id.*)

Under these circumstances, awarding fees for the sanctions motion is unwarranted and does not serve Rule 11's purpose of merely deterring future conduct, not punishing the attorney. *See Kirschner*, 159 F.R.D. at 395. The "purpose of a Rule 11 award is not to compensate the victimized party, but rather the deterrence of baseless filings and curbing abuses." *See On Time Aviation*, 354 Fed. Appx. at 452; *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175 (S.D.N.Y. 2008). Rule 11 is not a fee-shifting mechanism and does not create an entitlement to attorney's fees. *Arbor Hill*, 522 F.3d at 98. To award anything more than the fees incurred on the motion to dismiss here would "stifle the enthusiasm and chill the creativity that is the very lifeblood of the law." *Eastway Constr.*, 762 F.2d at 254.

Awarding ALB, P.C.'s requested fees for the sanctions motion would encourage attorneys to spend excessive time drafting sanctions motions merely to recover additional fees. Rule 11's purpose is not served by permitting a windfall to attorneys. Mr. Mazzola was sanctioned for bringing a negligence claim against Judicial Title that this Court believed violated Rule 11(b)(2). The appropriate deterrent sanction is to limit the sanction to the corresponding work performed dismissing that claim, and Judicial Title's request for fees associated with the sanctions motion should be rejected altogether.

### b. Mr. Pashman billed nearly 10 hours redrafting and revising pre-motion conference request letters

Another instance in which the time records do not reconcile with the actual work performed is Mr. Pashman's time record reflecting 9.6 hours billed on March 30, 2017 for "extensive redrafting and revision of pre-motion conference request letters." (*See* Doc. 114-3 at 4-5, 3/3/17 SJP entry.) Mr. Pashman billed 9.6 hours redrafting a four-and-a-half page letter and a one-and-

a-half page letter that junior associate Mr. Ramrattan had already devoted four hours to drafting. (*See id.*, 3/21/17 DR Entry; 3/28/17 DR Entry.) Mr. Mazzola respectfully submits that billing 13.6 hours on these letters—which is 1.4 hours shy of the time billed for Judicial Title's motion to dismiss—is inordinately high and duplicative, especially given Mr. Pashman's extensive redrafting of Mr. Ramrattan's letters.

ii. **Adam Leitman Bailey, P.C.'s time entries are block-billed and vague**

ALB, P.C.'s time should be significantly discounted because of Mr. Pashman's pervasive block-billing. Where billing is "excessive, redundant or otherwise unnecessary," a district court may reduce the award accordingly. *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011) (internal quotations omitted). Block-billed time entries have been held particularly improper because they "have a tendency to obfuscate the amount of time expended on distinct tasks and introduce an element of vagueness . . . [,] making it difficult to determine if the reported hours are duplicative or unnecessary." *Miroglio v. S.p.A. v. Conway Stores, Inc.*, 629 F.Supp.2d 307, 313 (S.D.N.Y. 2009) (internal quotations omitted); *See also Matteo v. Kohl's Dep't Stores, Inc.,* No. 09-CV-7830, 2012 WL 5177491, at *4 (S.D.N.Y. Oct. 19, 2012, *aff'd*, 533 Fed.Appx. 1 (2d Cir. 2013) ("[c]ourts look unfavorably on block billing and vagueness in billing because imprecise entries limit [their] ability to decipher whether the time expended has been reasonable."). When these kind of excessive entries appear, a district court may reduce a fee application by a set percentage to "trim[] fat from a fee application." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotations omitted).

The vague and duplicative block-billed entries submitted here should be significantly reduced. Mr. Pashman provides no details regarding how his time was spent in each of these hours-long entries:

| 3/30/2017 | SJP | 9.9 | Extensive redrafting and revision of pre-motion conference request letters to Judge Gardephe with respect to proposed dismissal and sanctions motion (9.6) and related electronic filing and service (0.3) |
|---|---|---|---|
| 8/1/2017 | SJP | 2.5 | Preparation of motion for sanctions against plaintiffs and their counsel pursuant to Federal Rule 11. |
| 8/29/2017 | SJP | 0.5 | Preparation of motion seeking Rule 11 sanctions against plaintiffs or counsel. |
| 8/30/2017 | SJP | 4.2 | Preparation of motion seeking sanctions pursuant to Rule 11 against plaintiff and/or plaintiffs' counsel. |
| 8/31/2017 | SJP | 6.4 | Preparation of motion seeking sanctions against Plaintiffs and their counsel pursuant to Rule 11. |
| 9/5/2017 | SJP | 4.4 | Preparation of motion seeking sanctions against plaintiffs and counsel under Rule 11. |
| 9/6/2017 | SJP | 4.0 | Preparation of motion seeking sanctions against Plaintiff and their counsel based on violation of Federal Rule 11. |
| 9/7/2017 | SJP | 3.8 | Continue preparation of memorandum of law and attorney declaration in support of motion seeking to recover sanctions against Plaintiffs and counsel. |
| 9/8/2017 | SJP | 3.4 | Continue preparation of memorandum of law and attorney declaration in support of motion seeking Rule11 sanctions against plaintiffs and counsel. |
| 9/11/2017 | SJP | 5.9 | Continue preparation of memorandum of law and attorney declaration in support of motion to sanction plaintiff and plaintiffs' counsel pursuant to Federal Rule 11. |
| 9/12/2017 | SJP | 5.4 | Continue and complete preparation of notice of motion and attorney declaration in support of motion for Rule 11 sanctions against plaintiffs and plaintiffs' counsel and continue preparation of memorandum of law in support of the motion. |
| 9/13/2017 | SJP | 5.8 | Complete preparation and service of notice of motion, declaration in support of motion with exhibits, and memorandum of law in support of motion seeking sanctions pursuant to Federal Rule 11 against Plaintiffs and Plaintiffs' counsel for frivolous complaint. |
| 10/30/2017 | SJP | 3.6 | Preparation of reply memorandum of law in further support of Judicial Title's Rule 11 motion for sanctions. |
| 10/31/2017 | SJP | 6.7 | Complete preparation and electronic filing and service of Reply Memorandum of Law in further support of Judicial Title's Rule 11 motion for sanctions. |

(*See generally,* Doc. 114-3, SJP entries.)

These entries are impermissibly vague and leave this Court unable to review these hours for reasonableness. *See Wise v. Kelly*, 620 F.Supp.2d 435, 452 (S.D.N.Y. 2008) (reducing fee award by 25% because certain entries were too vague to enable the court to assess their

reasonableness); *Beastie Boys v. Monster Energy Co.,* 112 F.Supp.3d 31, 53 (S.D.N.Y. 2015) (finding it "is most problematic where large amounts of time (e.g., five hours or more) are block billed," thereby "meaningfully cloud[ing] a reviewer's ability to determine the projects on which significant legal hours were spent."). While six of the fourteen entries above are greater than five hours, the remaining eight entries are for significant amounts of time, and lack specificity.

Any ambiguities arising out of poor time records should be resolved against the fee applicant. *New York State Assoc. For Retarded Children v. Carey*, 711 F.2d 1136, 1142 (2d Cir. 1983) (upholding District Court decision to disallow fees for time due to inadequate documentation). As a result, this Court has typically performed a percentage reduction either in the number of hours or in the lodestar figure, ranging from 10% to 40%. *See Kreisler v. Second Ave. Diner Corp.,* No. 10-CV-7592, 2013 WL 3965247, at *3 (S.D.N.Y. July 31, 2013) ("[A] court has discretion to impose an across-the-board reduction for vague billing entries that prevent the court from determining if the hours billed were excessive."); *Guo v. Tommy's Sushi, Inc.*, 2015 WL 452319, *6 (S.D.N.Y. Feb. 5, 2016) (reducing the hours billed by 40% to account for attorneys' inefficiencies); *Yea Kim v. 167 Nail Plaza, Inc.,* No. 05-CIV-8560 (GBD)(GWG), 2009 WL 77876, at *1-2, *5 (S.D.N.Y. Jan. 12, 2009) (adopting report and recommendation) (reducing fee award by 40%); *Charles v. City of New York,* No. 13 Civ. 3547, 2014 U.S. Dist. LEXIS 124056, at *15-16 (S.D.N.Y. Sept. 4, 2014) (30%); *ATC Distrib. Group, Inc. v. Ready-Built Transmissions, Inc., No. 03 Civ. 2150 (GWG),* 2007 U.S. Dist. LEXIS 65963, at *20 (S.D.N.Y. Sept. 7, 2007) (33%); *United States ex rel.; Kirsch v. Fleet St.,* 148 F.3d 149, 173 (2d Cir. 1998) (20%). Thus,

for this separate but equally persuasive reason, the above referenced time should be reduced accordingly. [3]

Furthermore, ALB, P.C.'s "Research on WestLaw" costs are thereby infected with the same irreconcilable ambiguity as to the time spent on research:

| Invoice Date | Research on WestLaw | Hours Billed Researching | Date Entries Reflecting Research |
|---|---|---|---|
| 5/1/2017 | $194.19 | 7.2 | 3/9/17; 3/13/17; 4/28/17 |
| 7/1/2017 | $11.19 | 0 | Not Applicable |
| 9/1/2017 | $41.34 | 0 | Not Applicable |
| 1/1/2018 | $38.71 | 0 | Not Applicable |

(*See generally,* Doc. 114-3, Research on WestLaw Expenses.)

ALB, P.C. accrued $285.43 in WestLaw expenses over several enumerated dates while the time entries only reflect 7.2 hours spent researching on March 9, 2017, March 13, 2017, and April 28, 2017. In light of the manner in which these costs are presented, Mr. Mazzola is unable to reconcile the time spent researching with the actual costs. Accordingly, these $285.43 in costs should be denied.

### iii.  Adam Leitman Bailey, P.C. cannot recover for time its attorneys spent on administrative and clerical tasks

A further reduction of hours is necessary to account for time expended by attorneys on administrative and clerical tasks. When an attorney has billed time for performing "administrative tasks," such as copying or organizing documents or filing documents with the court, *see Ryan v. Allied Interstate, Inc.*, Nos. 12 CI. 0526, 2012 WL 3217853, at *6 (S.D.N.Y. Aug. 9, 2012), or drafting boilerplate procedural forms such as certificates of service, such time should not be

---

[3] As clarification, this request includes some of the amount Mr. Pashman billed for the sanctions motion and the pre-motion conference letters. In other words, those fees may be stricken for two separate but equally compelling reasons. *See* Part B.i.a, *supra*.

compensated at attorney-level billing rate. *See Rosado v. City of New York*, No. 11 CIV. 4285(SAS), 2012 WL 955510, at *5 (S.D.N.Y. Mar. 5, 2012) (compensating, at paralegal rates, "administrative/paralegal" work performed by attorney).

Here, Mr. Pashman billed at his full attorney rate for numerous administrative tasks, including the following:

| 2/24/2017 | SJP | 1.50 | Complete preparation, electronic filing and service of Notice of Appearance, Rule 7.1 Corporate Disclosure Statement, and stipulations to extend time to answer complaint and cross-claims. |
|---|---|---|---|
| 3/30/2017 | SJP | 9.9 | Extensive redrafting and revision of pre-motion conference request letters to Judge Gardephe with respect to proposed dismissal and sanctions motion (9.6) and <u>related electronic filing and service</u> (0.3) |
| 3/31/2017 | SJP | .20 | Conduct electronic filing and service of second pre-motion letter to Judge Gardephe seeking sanctions and coordinate with paralegal DI regarding delivery of courtesy copies to Chambers (0.1) |
| 4/18/2017 | SJP | .20 | Email to the Orders and Judgments Clerk of the Southern District of new York submitting stipulation with Durand defendants for signature by Judge Gardephe |
| 4/27/2017 | SJP | 1.50 | Compile and organize pleadings, pre-motion letters and responses, and other critical documents for CEK to prepare for Initial Pre-Trial Conference scheduled on 5-4-2017. |
| 9/13/2017 | SJP | 5.8 | Complete preparation and <u>service of notice of motion, declaration in support of motion with exhibits, and memorandum of law in support of motion</u> seeking sanctions pursuant to Federal Rule 11 against Plaintiffs and Plaintiffs' counsel for frivolous complaint. |
| 10/30/2017 | SJP | 1.80 | Conduct electronic filing and service of Notice of Motion, Declaration in Support of Motion, Exhibits in Support of Motion, Memorandum of Law in Support of Motion, and Affidavit of Service of Judicial Title's Rule 11 motion for sanctions. |
| 10/31/2017 | SJP | 6.70 | Complete preparation and <u>electronic filing and service of</u> reply Memorandum of Law in further support of Judicial Title's Rule 11 motion for sanctions. (emphasis added). |
| 11/1/2017 | SJP | 1.20 | Review court docket to confirm completeness of all electronically filed motion papers and prepare and <u>electronically file and serve two letters to Judge Gardephe enclosing courtesy copies of sanctions motion</u>, requesting oral argument on sanctions motion, and advising that summary judgment motion has been pending for 90 days without decision or behind heard for argument. (emphasis added). |

(*See generally*, Doc. 114-3, (emphasis added).)

These hours should be removed from the attorney's compensable time and billed instead at the prevailing paralegal rate of $100 per hour, as indicated in Table 1 in Point C, *infra*. A portion of the administrative tasks are billed within hours performed on compensable tasks, such as the 9/13/2017, 10/31/2017 and 11/1/2017 entries above. Accordingly, Mr. Mazzola submits that 10 hours of Mr. Pashman's time billed on these administrative tasks should be reduced to the paralegal rate of $100 per hour.

### iv.   Adam Leitman Bailey, P.C. cannot seek from Mr. Mazzola Fees billed for other parties' claims against Judicial Title

This was a multiparty litigation, and Judicial Title expended considerable time on claims unrelated to Plaintiffs' single negligence claim. The scope of this Court's sanctions order against Mr. Mazzola was limited to that claim. (Doc.113 at 39-42.) Mr. Mazzola should not be responsible for ALB, P.C.'s time expended managing other claims. A full accounting of ALB, P.C.'s hours spent with respect to other parties follows:

| 4/7/2017 | SJP | .10 | Email to DR regarding status of Durands' cross-claims against ENCO home inspector and against Judicial Title. |
|---|---|---|---|
| 4/10/2017 | SJP | .20 | Email to DR reporting on judge's order dismissing Durand cross-claim against ENCO home inspector and suggesting that a call to Durands' attorney may result in obtaining a stipulated dismissal for cross-claim against Judicial Title. |
| 4/18/2017 | SJP | .10 | Email to DR returning countersigned copy of stipulation with counsel for the Durand defendants. |
| | SJP | .20 | Email to the Orders and Judgments Clerk of the Southern District of New York submitting stipulation with Durand defendants for signature by Judge Gardephe |
| | SJP | .60 | Review pre-motion conference correspondence from defendants Pilla, Judicial Title, and ENCO Home Inspection, and responsive letters from Plaintiffs' counsel. |
| | SJP | .30 | Meet with DR regarding status of pre-motion letters and defensive planning in case Durand defendants achieve settlement and seek a bar order. |
| 4/21/2017 | SJP | .50 | Review answer by defendant Houlihan Lawrence and real estate agent asserting cross-claim against Judicial Title (0.2), evaluate |

| | | | defenses to cross-claim (0.2), and compute answering deadline to cross-claim (0.1) |
|---|---|---|---|
| 4/22/2017 | SJP | .10 | Email to DR regarding cross-claim against Judicial Title asserted by real estate broker/agent defendants Houlihan Lawrence and Jane Carmody. |
| 4/24/2017 | SJP | 1.5 | Prepare revised draft, finalize and electronically serve and file pre-motion conference letter addressing cross-claim asserted by real estate agent Houlihan Lawrence. |
| 4/25/2017 | SJP | .20 | Email updated to DR regarding (1) filing of pre-motion letter on Houlihan Lawrence cross-claim; and (2) order of Judge Gardephe signing off on stipulation to dismiss Durand contractual cross-claim against Judicial Title. |
| | SJP | .10 | Phone call with counsel for Durand defendants R. Leff regarding responsibility for drafting proposed joint party submissions to court and litigation exposure of the various defendants |
| | SJP | .10 | Review pre-motion conference request letter from counsel to defendant Pilla concerning proposed motion to dismiss cross-claims asserted by Houlihan Lawrence and Carmody. |
| 4/26/2017 | SJP | .10 | Reply email to counsel for co-defendants Houlihan Lawrence and Carmody regarding potential dismissal of cross-claim. |
| | SJP | .10 | Review submission from attorney for defendant Pilla for inclusion in joint letter to Court. |
| | SJP | .10 | Review letter from counsel for ENCO Home Inspector regarding pre-motion conference request in relation to Houlihan cross-claim. |
| 5/1/2017 | CEK | 3.6 | Document review in preparation for SDNY Conference before Judge Gardephe (3.5); email from SJP that conference has been adjourned sine die (.1). |
| 6/8/2017 | SJP | .90 | Prepare draft of proposed stipulation with counsel for defendants Houlihan Lawrence and Carmody to discontinue their cross-claim against Judicial Title and forward to counsel J. Briem for review. |
| | SJP | .10 | Phone call with counsel for co-defendants Houlihan Lawrence and Carboy regarding agreement to withdraw cross-claim against Judicial Title. |
| 6/12/2017 | SJP | .10 | E-mail to counsel for defendants Houlihan and Carmody following up on proposed stipulation to discontinue cross-claim. |
| | SJP | .20 | Email to Orders and Judgments Clerk of the Southern District of New York attaching stipulation with defendants Houlihan Lawrence and Carmody to discontinue cross-claim and requesting signature by Judge Gardephe and entry as a court order. |
| | SJP | .20 | Review, counter-sign, and return fully executed copy of stipulation with counsel for defendants Houlihan and Carmody discontinuing cross-claim. |
| 6/27/2017 | SJP | .10 | Phone call with counsel for Durands R. Leff regarding counsel's request for two-week adjournment of motion briefing schedule. |
| | SJP | .10 | Review So Ordered Stipulation of Discontinuance as between Plaintiffs and ENCO Home Inspector. |

| 6/28/2017 | SJP | .10 | Review letter from Durands' counsel R. Leff requesting two week adjournment of schedule for briefing dismissal motions. |

Accordingly, Judicial Title's fee application should be reduced by Mr. Pashman's six hours spent handling other claims. Further, Mr. Kaufman spent 3.6 hours on May 1, 2017 preparing for the Preliminary Conference that was originally scheduled for May 4, 2017, which undoubtedly included preparing for all claims at issue in the litigation. Accordingly, the 3.6 hours Mr. Kaufman spent preparing for the conference should be divided by four, reflecting the number of parties that brought claims against Judicial Title, thus reducing the time for Mr. Kaufman to 0.9 in Judicial Title's fee application.

## C. Judicial Title's Fee Application should be reduced

ALB, P.C. billed 157.4 hours in total. Based on the arguments above, those hours should be reduced as follows:

**Table 1**

| Attorney | SDNY Prevailing Rate | Reasonable Hours | Reasonable Fee |
|---|---|---|---|
| Scott J. Pashman | $350 | 30.65 | $10,727.50 |
| Danny Ramrattan | $250 | 7.1 | $1,775 |
| Adam L. Bailey | $425 | 0.4* (actual 0.8) | $170 |
| Colin E. Kaufman | $425 | 0.9 | $382.50 |
| Admin. | | | |
| DI | $125 -- | .3* (5.2) | $37.50 -- |
| MZ | $100 | 0.9 | $90 |
| SJP | $100 | 10.0 | $1,000 |
| | **TOTAL** | | **$14,182.50** |

*Mr. Mazzola takes into account that ALB, P.C. discounted its 5/1/2017 invoice by 50% when calculating these hours. (*See* Doc. 114-3, 5/1/17 Invoice, Page 5.)

Further, ALB, P.C.'s $439.54 in costs and expenses should, for the reasons set forth above, be reduced to $154.11. Accordingly, Mr. Mazzola respectfully submit that ALB, P.C.'s fee award should be limited to a reasonable amount of $14,336.61.

Alternatively, should this Court decline to engage in the line-item analysis set forth above, Judicial Title's Fee Application should be reduced across the board by 40%. The Second Circuit does not require this Court to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday*, 42 F.3d at 134. Rather, because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," a court may apply an across-the board percentage cut "as a practical means of trimming fat from a fee application." *Carey*, 711 F.2d at 1146; *accord McDonald ex rel Prendergast v. Pension Plan*, 450 F.3d 91, 96 (2d Cir. 2006). This preserves this Court's power to "exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours," *Saunders v. Salvation Army*, 2007 WL 927529, at *3 (S.D.N.Y. Mar. 27, 2007), and many courts have engaged in such percentage reductions. *See, e.g., Charles v. City of New York,* No. 13 Civ. 3547, 2014 WL 4384155 (S.D.N.Y. Sept., 4, 2014) (40%); *United States ex rel ATC Distrib. Group Inc. v. Ready-Built Transmissions, Inc.,* 2007 WL 2522638 (S.D.N.Y. Sept. 7, 2007) (33%); *Alveranga v. Winston,*, No. 4 Civ. 4356, 2007 WL 595069, at *6 (S.D.N.Y. Feb. 22, 2007) (40%); *Sec. Exch. Comm'n v. Goren*, 272 F.Supp.2d 202, 213 (E.D.N.Y. 2003) (30%).

Accordingly, solely in the alternative, Mr. Mazzola requests a 40% across-the-board reduction of Judicial Title's requested fees. The higher, 40% reduction is appropriate here for all the reasons set forth in sections I and II, *supra*, and works out as follows:

**Table 2**

| Attorney | SDNY Prevailing Rate | Hours | 40% Reduction |
|---|---|---|---|
| Scott J. Pashman | $350 | 110.45* (132) | $23,194.50 |
| Danny Ramrattan | $250 | 12.4* (actual 16.5) | $1,860 |
| Adam L. Bailey | $425 | 0.4* (actual 0.8) | $102 |
| Colin E. Kaufman | $425 | 3.6 | $918 |
| Admin. | | | |
| DI | $125 | 4.9* (5.2) | $367.50 |
| MZ | $100 | 0.9 | $54 |
| Costs | $439.54 | --- | $263.72 |
| | | **TOTAL** | **$26,759.72** |

*Mr. Mazzola takes into account that ALB, P.C. discounted its 5/1/2017 invoice by 50% when calculating these hours. (*See* Doc. 114-3, 5/1/17 Invoice, Page 5.)

Thus, if the Court finds an across-the-board reduction more reasonable than a line-by-line reduction, Judicial Title's fee award should not exceed $26,759.72.

## CONCLUSION

For the above-stated reasons, this Court should exercise its discretion and reduce Judicial Title's to $14,182.50 in attorney's fees and $154.11 in costs, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 20, 2018

Respectfully submitted,

MESSNER REEVES LLP

By:    _/s/ Jean Claude Mazzola_
Jean Claude Mazzola
805 3rd Ave., 18th Floor
New York, NY 10022
Tel: (646) 663-1860
Fax: (646) 663-1895
jcmazzola@messner.com