UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENIECE ILKOWITZ and ADAM ILKOWITZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>MICHAEL DURAND, MARLENE ZARFES a/k/a MARLENE DURAND, ALAN C. PILLA, HOULIHAN LAWRENCE, INC. JANE H. CARMODY, THE JUDICIAL TITLE INSURANCE AGENCY LLC, and ENCO HOME INSPECTIONS LLC,<br><br>　　　　　　　　　　Defendants. | Case No. 17 Civ. 773 (PGG)<br><br>ECF Case<br><br>**REPLY DECLARATION<br>OF SCOTT J. PASHMAN** |

SCOTT J. PASHMAN, an attorney admitted to practice before the U.S. District Court for the Southern District of New York, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.　I am associated with Adam Leitman Bailey, P.C., attorneys for Defendant, The Judicial Title Insurance Agency LLC ("Judicial Title"), in the above captioned action.

2.　I make this declaration on the basis of my personal knowledge.

3.　I respectfully submit this declaration in reply to Plaintiffs' Memorandum of Law In Opposition to Defendant The Judicial Title Insurance Agency LLC's Fee Application dated April 20, 2018 (ECF Doc. No. 119) (hereinafter "Opposition Memorandum").[1]

---

[1] In this submission, Judicial Title will refer to prior filings on the ECF docket for this action by Docket Number, the contents of which are incorporated by reference, without attaching extra copies of those prior filings. However, should the Court require additional copies of prior-filed documents to be resubmitted as part of this sanctions

## I. The Appropriate Sanction In This Case Will Reimburse Judicial Title For All of Its Attorneys' Fees and Costs Incurred in Defending This Action

4. Judicial Title's motion for sanctions has been litigated on the basis that the appropriate nature of the sanction would be reimbursement for all of Judicial Title's fees and costs incurred in defending this action.

5. Plaintiffs argue that Judicial Title has failed to provide appropriate citation for that proposition. Opposition Memorandum at pp. 8-9. That is incorrect.

6. Judicial Title moved "for an Order, pursuant to Fed. R. Civ. P. 11, imposing sanctions upon Plaintiffs Jeniece Ilkowitz and Adam Ilkowitz and/or their attorney Jean-Claude Mazzola, Esq., of Messner Reeves LLP, in the amount of Judicial Title's attorneys' fees and costs incurred following the filing of Plaintiffs' Complaint in this action on February 1, 2017, including fees and costs for the motion for sanctions." See Notice of Motion dated September 13, 2017, ECF Doc. No. 102.

7. Judicial Title argued in its memorandum of law in support of the motion for sanctions that "sanctions in the amount of Judicial Title's attorneys' fees and costs incurred following the filing of Plaintiffs' Complaint in this action on February 1, 2017, including fees and costs for the motion for sanctions, will suffice to deter repetition of the conduct or comparable conduct by others similarly situated in accordance with Fed. R. Civ. P. 11(c)(4)." See Defendant The Judicial Title Insurance Agency LLC's Memorandum of Law In Support of Its Motion for Sanctions dated September 13, 2017, ECF Doc. No. 104.

8. Plaintiffs' counsel did not oppose Judicial Title's submission that the appropriate nature of the sanction would be the amount of Judicial Title's attorneys' fees

---

application, Judicial Title respectfully requests leave to submit such documents on ECF and/or as additional working copies as the Court may direct.

and costs incurred following the filing of Plaintiffs' Complaint in this action on February 1, 2017, including fees and costs for the motion for sanctions. See Declaration of Jean-Claude Mazzola In Opposition to Defendant Judicial Title's Motion for Sanctions dated October 17, 2017, ECF Doc. No. 106; Memorandum of Law In Opposition to Defendant Judicial Title's Rule 11 Motion for Sanctions filed October 31, 2017, ECF Doc. No. 107.

9. The Court recited that "Judicial Title has also moved for Rule 11 sanctions against Plaintiffs and their counsel 'in the amount of Judicial Title's attorneys' fees and costs incurred following the filing of Plaintiffs' Complaint in this action on February 1, 2017, including fees and costs for the motion for sanctions.'" Memorandum Opinion and Order entered March 27, 2018, ECF Doc. No. 113, at p. 37 (quoting Judicial Title's Notice of Motion, ECF Doc. No. 102).

10. The Court denied Judicial Title's motion for Rule 11 sanctions as against Plaintiffs directly. Memorandum Opinion and Order entered March 27, 2018, ECF Doc. No. 113, at pp. 39-40.

11. The Court granted Judicial Title's motion for Rule 11 sanctions as against Plaintiffs' counsel. Memorandum Opinion and Order entered March 27, 2018, ECF Doc. No. 113, at pp. 40, 41-42.

12. The foregoing procedural history was recited at Paragraphs 35-40 of the Declaration of Scott J. Pashman dated April 5, 2018, ECF Doc. No. 114.

**II.  The Overall Amount of Judicial Title's
     <u>Attorneys' Fees and Costs Is Objectively Reasonable</u>**

13. Plaintiffs' counsel asserts that it was unreasonable for Judicial Title to incur attorneys' fees and costs of $56,857.57 "for what amounts to drafting two motions." Opposition Memorandum at p. 1. Plaintiffs are incorrect.

14. First, Judicial Title was a defendant in this action from February 1, 2017, through March 27, 2018, approximately 13 months. That breaks down to attorneys' fees and costs of $4,373.62 per month of time that Judicial Title was a defendant in this case. That is not unreasonable.

15. By way of reference, when Plaintiffs opposed Judicial Title's motion for sanctions, they cited to *Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 174 (2d Cir. 2012), as a prime example of a case where Rule 11 sanctions were justified. See Memorandum of Law In Opposition to Defendant Judicial Title's Rule 11 Motion for Sanctions filed October 31, 2017, ECF Doc. No. 107, at p. 1, n.3.

16. In *Star Mark Management*, the Court awarded Rule 11 sanctions for what amounted to drafting two motions, a motion for judgment on the pleadings and the motion for sanctions. The magistrate judge recommended an award of $105,037.02. 682 F.3d at 174. The district court adopted the magistrate's recommendation but lowered the sanctions award to $10,000 based upon a showing of financial hardship by plaintiffs and their attorney. *Id.*

17. To be clear, the district court and the Second Circuit in *Star Mark Management*, the case cited by Plaintiffs as a prime example of a Rule 11 sanctions case, found that a fee of more than $100,000 was reasonable fees and costs for the drafting of two motions to defend against a frivolous claim. The only reason the final award was cut down to $10,000 was because plaintiffs and their counsel made submissions demonstrating financial hardship/inability to pay. 682 F.3d at 179.

18. Plaintiffs' counsel has not made any alleged financial hardship or inability to pay an issue in this case.

19. I have first hand knowledge from litigating breach of contract, breach of fiduciary duty, and fraud cases in New York State Supreme Court and in the U.S. District Court for the Southern District of New York over the last 17 years before that it is not uncommon for the briefing of even a single motion (moving papers and reply papers) to exceed $100,000 billed at an hourly rate.

20. I have personally been involved in summary judgment motion practice in the Southern District of New York before Judge Griesa where the preparation of extensively detailed Rule 56.1 statements and counterstatements resulted in fees well in excess of $100,000 for the full briefing of a single summary judgment motion.

21. In this case, Judicial Title's total legal fees and costs were substantially lower than $100,000.

22. It should also be noted that this case was more complicated than a simple negligence claim. This case involved documentary (certificate of title, title insurance policy, title search disclosures) and contractual legal issues that went entirely overlooked in the Plaintiffs' negligence claim against Judicial Title and in Plaintiffs' opposition papers to the motions. Because of the manner in which Plaintiffs' counsel conducted this matter, it was entirely incumbent on Adam Leitman Bailey, P.C., as attorneys for Judicial Title, to provide this Court with all of the facts and applicable legal precedents.

23. Plaintiffs' counsel asserts that any monetary sanctions should be confined to fees and costs directly relating to "the motion to dismiss." Opposition Memorandum at p. 1. That is incorrect. First, as counsel is well aware, the parties charted their course

for summary judgment determination and the Court ultimately converted the motion to one for summary judgment, with Judicial Title being the prevailing party.

24. Second, it would not deter attorneys from bringing frivolous claims if the sanctions award did not include the fees for the sanctions motion itself, as was the case in *Star Mark Management, Inc.*

25. Third, the Court should not discount the attorneys' fees and costs associated with the motion for sanctions because that would reward Plaintiffs' counsel for its own course of conduct after Adam Leitman Bailey, P.C., engaged in a carefully calibrated process to ensure that counsel had adequate "safe harbor" notice and an opportunity to avoid sanctions.

26. As recounted in Judicial Title's prior filings, Plaintiffs' counsel received a letter from Adam Leitman Bailey, P.C., dated March 13, 2017, stating in detail why Plaintiffs' negligence claim against Judicial Title was frivolous and specifically advising Plaintiffs' counsel that Judicial Title would be moving for Rule 11 sanctions.

27. I, along with Adam Leitman Bailey, Esq., and Danny Ramrattan, Esq., from my firm, conducted a follow-up phone call with Plaintiffs' counsel Jean-Claude Mazzola on March 16, 2017, where we re-conveyed the message that we intended to move for Rule 11 sanctions.

28. In that call, Mr. Mazzola stated that it was his right to continue maintaining Plaintiffs' negligence claim against Judicial Title for up to 21 days after being served with a Rule 11 motion without risk of sanctions.

29. Between June and July 2017, Plaintiffs and Judicial Title engaged in the briefing of Judicial Title's motion to dismiss or for summary judgment.

30. It was my decision to hold off on serving a Rule 11 motion for sanctions until after fully briefing the motion to dismiss or for summary judgment so that I would first have an opportunity to review the factual and legal arguments on which Plaintiffs were relying in support of their negligence claim against Judicial Title.

31. Judicial Title did not serve its Rule 11 sanctions motion until September 13, 2017.

32. Plaintiffs' counsel did not withdraw Plaintiffs' negligence claim against Judicial Title within the 21-day safe harbor period or at any other time, but rather made a considered judgment that the negligence claim could be pursued.

33. Accordingly, Adam Leitman Bailey, P.C., was required to prepare the reply memorandum of law in further support of Judicial Title's motion for sanctions.

34. In sum, Judicial Title's attorneys' fees and costs totaling $56,857.57 are objectively reasonable based on the duration of the case, the nature of the motion practice, and the fact that Plaintiffs' counsel forced Judicial Title to litigate the matter to completion, including specifically the motion for sanctions.

### III. Adam Leitman Bailey, P.C.'s Rates Are Reasonable

35. Plaintiffs' counsel concedes that a reasonable hourly rate is the rate a paying client would be willing to pay. Opposition Memorandum at p. 3.

36. In this case, Judicial Title agreed to Adam Leitman Bailey, P.C.'s hourly rates in a written retainer agreement. See ECF Doc. No. 114-1.

37. Adam Leitman Bailey, P.C., is routinely engaged as counsel to defend insured title claims by leading title insurers such as First American, Fidelity, and Stewart, as well as Judicial Title.

38. When our firm is engaged by the title insurers to defend a covered title insurance claim, our rates are sometimes subject to lower hourly rates imposed by claims counsel. However, in this case, where Plaintiffs sued the title company on a claim for negligence that was not a covered title insurance claim, my firm was directly engaged at our full market rates pursuant to our retainer agreement.

39. Citing older cases, Plaintiffs' counsel alleges that Adam Leitman Bailey, P.C., is a small firm given that it has less than 30 lawyers, and that therefore the hourly rates set forth in our retainer agreement with Judicial Title – $195 to $650 – are unreasonable. Opposition Memorandum at p. 6.

40. However, in *Taylor Precision Products, Inc. v. Larimer Group, Inc.*, 2017 WL 1745502 (S.D.N.Y. April 13, 2017), Magistrate Judge Fox in this District stated that based on the Court's own familiarity with the hourly rates prevailing in the Southern District of New York for similar services by attorneys of reasonably comparable skills, experience, and reputation, that hourly rates of $600, $500, and $350 based on seniority are reasonable rates in a litigation firm with 14 attorneys.

41. In cases involving larger law firms practicing in the Southern District of New York, it is not uncommon for hourly rates for paralegals to run $200-400 per hour, for associates to run from $500-750 per hour, and for partner rates to run from $750 to more than $1,000 per hour. *MSC Mediterranean Shipping Company Holding S.A. v. Forsyth Kownacki LLC*, 2017 WL 1194372 (S.D.N.Y. March 30, 2017) (Schofield, J.).

42. To the extent that Plaintiffs' counsel objects to the hourly rate of $525 charged by Adam Leitman Bailey, P.C. partners Adam Leitman Bailey and Colin E. Kaufman (Opposition Memorandum at p. 4), it should be noted that a grand total of 4.4

8

partner hours were billed on the firm's representation of Judicial Title in this matter. The substantial majority of work was performed by associates.

43. My rate of $450 per hour and my colleague Mr. Ramrattan's rate of $350 per hour accords with the case law cited above and on page 6 of the Opposition Memorandum.

44. With our opening submission, we submitted biographical information about Adam Leitman Bailey, P.C., and the attorneys who staffed the case. We submit that this information establishes that the Adam Leitman Bailey, P.C., billing rates are reasonable. We are a boutique law firm specializing in real estate matters. We like to think that clients come to us to achieve results similar to the result that we achieved on behalf of Judicial Title in this matter.

**IV.  My Professional Background**

45. Plaintiffs' counsel objects that I did not adequately address my prior experience. Opposition Memorandum at p. 5.

46. I graduated 8th in my class from New York Law School.

47. I was a member of the New York Law School Law Review where my note on discharge of student loan debt was published in my third year of law school.

48. I also graduated as the "Best Advocate" on the New York Law School Moot Court Association.

49. As a summer associate in 1999 and then as an associate from 2000 to 2010, I worked in the litigation department of Kronish Lieb Weiner & Hellman LLP, which in 2006 was merged into the firm now known as Cooley LLP.

50. My billable hourly rate at that firm was $550 when I moved to Adam Leitman Bailey, P.C., where my top billing rate is $100 lower than when I left Cooley LLP more than 7 years ago.

## V. Adam Leitman Bailey, P.C.'s Time Was Not Excessive

51. When I was an associate at Kronish Lieb/Cooley, I worked under the supervision of several senior litigation partners – Alan Levine, William J. Schwartz, Celia Goldwag Barenholtz, and Jonathan Bach – all of whom had previously served as Assistant United States Attorneys in the Southern District of New York (or in Mr. Bach's case as a federal defender).

52. Working under the supervision of those partners for ten years, I learned that the key to successful litigation is preparation, thorough research, and extensive time spent drafting and redrafting papers to be submitted to court.

53. Those partners also instilled in me a special appreciation for the U.S. District Court for the Southern District of New York and a special sense of duty to ensure that only the best work product is submitted to the judges of the Southern District.

54. I certainly applied those principles in this matter working on behalf of Judicial Title.

55. Accordingly, I confirm that I did spend all of the hours reflected on the Adam Leitman Bailey, P.C. time entries (ECF Doc. 114-3) conducting extensive research, drafting, and re-drafting our pre-motion letters and motion papers.

56. I also spent considerable time conducting legal research that is not directly reflected in the motion papers.

57. For example, I conducted a thorough search to see if I could locate any case where a title company had been sued based on a title search that failed to uncover a history of lead contamination. I could not.

58. I also conducted extensive research on Rule 11, based on which I can say that there are many cases where a defendant obtained dismissal of a complaint but failed to obtain Rule 11 sanctions. Therefore, I was concerned with making sure that our Rule 11 sanctions motion was as comprehensive as possible.

59. The results of Adam Leitman Bailey, P.C.'s work speak for themselves in the Court's Memorandum Opinion and Order.

60. Plaintiffs' counsel accuses me personally of "block billing." Opposition Memorandum at pp. 10-11. Most of the time entries concerned relate to the "preparation" of motion papers. That means I was at my desk drafting, re-drafting, pulling cases, reading cases, revising, editing, and proofreading. I keep track of my actual time spent on a yellow pad with precise start and end times which I then report as a time entry in our billing software.

61. I trust the Court to determine whether the hours I or my colleagues billed was justified by our work product and results.

62. Plaintiffs' counsel argues that the sanctions award should not include attorneys' fees incurred by Judicial Title in obtaining dismissal of cross-claims asserted by other defendants. Opposition Memorandum at pp. 15-16. I note that those cross-claims result directly from Plaintiffs' decision to name Judicial Title on the frivolous negligence claim. Accordingly, that work was at least indirectly traceable to Plaintiffs' frivolous negligence claim.

63. For these reasons, I respectfully submit that ALB's entire fee of $56,867.57 is reasonable, and that the appropriate sanction in this case – that which would deter repetition of the conduct or comparable conduct by others similarly situated (Fed. R. Civ. P. 11(c)(4)) – is to order that Plaintiffs' Counsel should pay to Judicial Title that amount as reasonable attorney's fees and other expenses directly resulting from the violation.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on May 2, 2018.

    /S/   Scott J. Pashman
SCOTT J. PASHMAN

Adam Leitman Bailey, P.C.
*Attorneys for Defendant*
*The Judicial Title Insurance Agency, LLC*
One Battery Plaza, 18th Floor
New York, New York 10004
(212) 825-0365
E-mail: spashman@alblawfirm.com